UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

ROCHESTER DRUG CO-OPERATIVE, INC.,[1]   Case No. 20-20230
                                        Chapter 11 Case
                     Debtor.

---

### NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR THE FILING OF ADMINISTRATIVE EXPENSE CLAIMS; (II) APPROVING THE FORM OF ADMINISTRATIVE PROOF OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

**PLEASE TAKE NOTICE** that Rochester Drug Co-Operative, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), by and through its undersigned counsel, and based upon the attached motion papers, will move before the Honorable Paul R. Warren, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of New York, United States Courthouse, 100 State Street, Rochester, New York 14614 on **August 7, 2020 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, for an order, pursuant to 11 U.S.C. §§ 105(a), 501, 503(b) and 507(a)(2) and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, (i) fixing and establishing September 15, 2020 as the deadline to file administrative expense claims arising, accruing or otherwise becoming due and payable after the March 12, 2020 petition date; (ii) approving the proposed proof of claim form for filing administrative expense claims; (iii) approving the form and manner of notice thereof; and (iv) granting such other and further relief as this Court deems just and proper.

---

[1] The last four digits of the Debtor's federal tax identification number are 9574.

3580683.1

**PLEASE TAKE FURTHER NOTICE** that all affidavits and memoranda in opposition to the relief requested, if any, shall be in writing and shall be filed with the Clerk's Office, United States Bankruptcy Court for the Western District of New York (Rochester Division) and served upon the undersigned counsel for the Debtor so as to be received no later than August 4, 2020, three business days before the motion hearing date.

Dated: July 23, 2020
       Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:     /s/ Camille W. Hill
Stephen A. Donato, Esq., of counsel
Camille W. Hill, Esq., of counsel
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email: sdonato@bsk.com
       chill@bsk.com

*Counsel to the Debtor and Debtor in Possession*

TO:

Richard L. Stern, Esq.
Michael Luskin, Esq.
Luskin, Stern & Eisler LLP
*Attorneys for Secured Parties*
Eleven Times Square
New York, NY 10036

Ilan D. Scharf, Esq.
Pachulski Stang Ziehl & Jones LLP
*Attorneys for Committee*
780 Third Avenue, 34th Floor
New York, NY 10017

Timothy P. Lyster, Esq.
Woods Oviatt Gilman LLP
*Co-Counsel for Secured Parties*
1900 Bausch & Lomb Place
Rochester, NY 14614

Rochester Drug Co-Operative, Inc.
c/o Daniel W. Collins, Esq.
Harter, Secrest & Emery, LLP
1600 Bausch & Lomb Place
Rochester, NY 14604-2711

2

3580683.1

| | |
|---|---|
| James B. Hallock<br>Special Assets<br>Manufacturers & Traders Trust Company<br>501 Merritt 7, Fifth Floor<br>Norwalk, CT 06854 | Jan Naifeh<br>Senior Managing Director<br>FTI Consulting<br>155 Franklin Road, Suite 210<br>Brentwood, TN 37027 |
| Kathleen Dunivin Schmitt, Esq.<br>Office of the U.S. Trustee, W.D.N.Y.<br>Federal Office Building<br>100 State Street, Room 4180<br>Rochester, NY 14614 | Mary A. Schmergel, Esq.<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>1100 L Street, N.W., Room 7110<br>Washington, D.C. 20005 |
| Jeff Eller<br>The Jeff Eller Group, LLC<br>3112 Windsor Road, #138<br>Austin, TX 78703 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| NYS Department of Taxation & Finance<br>Attn: Bankruptcy Unit<br>P.O. Box 5300<br>Albany, NY 12205 | All Government Agencies and Taxing Authorities<br><br>All parties filing Notices of Appearance |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

ROCHESTER DRUG CO-OPERATIVE, INC.,[1]　　　Case No. 20-20230
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11 Case
　　　　　　　　　　　Debtor.

# DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING A BAR DATE FOR THE FILING OF ADMINISTRATIVE EXPENSE CLAIMS; (II) APPROVING THE FORM OF ADMINISTRATIVE PROOF OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Rochester Drug Co-Operative, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), by and through its undersigned counsel, hereby moves the Court (this "**Motion**") for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 501, 503(b) and 507(a)(2) and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Administrative Bar Date Order**"), substantially in the form attached hereto as **Exhibit A**: (i) establishing a deadline for the filing of claims for administrative costs or expenses which arose, accrued or otherwise became due and payable on or after the March 12, 2020 petition date; (ii) approving the proposed proof of claim form for the filing of administrative expense claims; (iii) approving the form and manner of notice in connection therewith; and (iv) granting such other and further relief as the Court deems just and proper. In support of the Motion, the Debtor respectfully submits as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 9574.

3578658.2

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and rule-based predicates for the relief requested herein are sections 105(a), 501, 503(b) and 507(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the applicable rules of the Local Rules of Practice for the United States Bankruptcy Court for the Western District of New York (the "**Local Rules**").

## Background

5. On March 12, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of New York (the "**Court**"), commencing the Debtor's chapter 11 case (this "**Chapter 11 Case**"). The Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case.

6. On March 27, 2020, the Debtor filed its Schedules and Statement of Financial Affairs (the "**Schedules**") in this case [Docket No. 105].

7. On April 7, 2020, the Office of the United States Trustee for the Western District of New York filed an Appointment of Committee of Unsecured Creditors in the Chapter 11 Case [Docket Nos. 138, 141] (the "**Committee**").

8.      On May 27, 2020, the Debtor filed *the Motion of the Debtor for Entry of an Order (A) Establishing a Bar Date for Filing Proof of Claim Forms; (B) Establishing Bar Date For Filing Claims Under 11 U.S.C. § 503(B)(9); and (C) Approving the Form and Manner of Notice Thereof* (the "**General Bar Date Motion**") [Docket No. 341].  The Court granted the General Bar Date Motion by Order dated June 15, 2020 (the "**General Bar Date Order**") [Docket No. 401], thereby fixing and establishing July 31, 2020, as the deadline by which claims must be filed by non-governmental units in the Chapter 11 Case, including any claims arising under section 503(b)(9) of the Bankruptcy Code, and September 8, 2020, as the deadline by which any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) must file a claim against the Debtor in this Chapter 11 Case (collectively, the "**General Bar Dates**").  Claimants holding claims allowable under sections 503(b)(1)-(8) of the Bankruptcy Code are not required to file claims under the General Bar Date Order.  The Debtor served the General Bar Date Order, Notice of the General Bar Date (the "**General Bar Date Notice**") and a proof of claim form (collectively, the "**General Bar Date Notice Package**"), upon all parties contemplated by the General Bar Date Order.  *See* Aff. of Service [Docket No. 431].

9.      On July 21, 2020, the Debtor filed its Chapter 11 Plan of Liquidation [Docket No. 536] (the "**Plan**") and accompanying Disclosure Statement [Docket No. 537] (the "Disclosure Statement").  The hearing to consider the adequacy of the Disclosure Statement is scheduled for August 28, 2020.  The Debtor anticipates that the hearing to confirm the Plan will occur during the first week of October 2020.

10.     The Debtor is currently in the process of winding down its operations and implementing a chapter 11 plan of liquidation for its estate.  As a part of this process, the Debtor

3578658.2

must determine the extent of its administrative expense liabilities. In order to ascertain the full scope of its administrative obligations, the Debtor must review and analyze all administrative claims which may be asserted against its estate before the hearing to confirm the Plan. Accordingly, at this time, it is necessary to establish a deadline for claimants to file claims for administrative costs and expenses.

## Relief Requested

11. By this Motion, the Debtor seeks the entry of the Administrative Bar Date Order pursuant to sections 105(a), 501, 503(b) and 507(a)(2) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c)(3): (i) fixing and establishing **September 15, 2020** (the "**Administrative Bar Date**") as the deadline to file claims for administrative costs and expenses arising, accruing or otherwise becoming due and payable after the Petition Date ("**Administrative Claims**"); (ii) approving the proposed Administrative Proof of Claim Form (as defined herein); and (iii) approving the form and manner of the Administrative Bar Date Notice (as defined herein). The relief requested herein does not seek to affect, alter, or modify the General Bar Date.

## Administrative Bar Date

12. As the Debtor continues to administer its estate, conduct sales of its assets and wind down its operations as set forth in the Plan and Disclosure Statement, it incurs and pays Administrative Claims in the ordinary course of business. In order to ensure that all potential Administrative Claims are accounted for and paid, and to assess all claims that must be addressed as part of the Plan confirmation process, the Debtor requires that all Administrative

4

3578658.2

Case 2-20-20230-PRW, Doc 546, Filed 07/23/20, Entered 07/23/20 14:35:06, Description: Main Document , Page 7 of 13

Claims arising after the Petition Date be timely asserted. Establishing the Administrative Bar Date will facilitate the confirmation of the Plan and the distributions to be made to creditors.

13. If this Motion is granted on the August 7, 2020 hearing date and notice of the Administrative Bar Date is served shortly thereafter, the holders of Administrative Claims will have approximately thirty-nine days after service of the notice to assert their respective Administrative Claims in this Chapter 11 Case. The Debtor respectfully submits that this will afford holders of Administrative Claims adequate notice and ample opportunity to file their Administrative Claims.

14. While the Debtor is seeking to establish the scope of Administrative Claims that may be asserted against its estate, the Debtor believes that certain claimants should not be required to file their Administrative Claims prior to the Administrative Bar Date. The Debtor therefore requests that the holders of Administrative Claims of the following types or nature be excluded from the requirement of filing their Administrative Claims by the Administrative Bar Date:

(a) any person or entity that holds an Administrative Claim that has been allowed by an Order of this Court entered on or before the Administrative Bar Date;

(b) the Secured Parties;

(c) the United States Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

(d) Professionals asserting Fee Claims, as defined in the Plan;

(e) any entity that already has properly filed a request for payment of an Administrative Claim against the Debtor in accordance with the procedures described herein;

(f) any person or entity whose claim has been paid in full by the Debtor; or

5

3578658.2

(g) any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court, including holders of claims under section 503(b)(9) of the Bankruptcy Code.

15. Unless specifically excepted above, every holder of an Administrative Claim should be required to file their Administrative Claim on or before the Administrative Bar Date. The Debtor proposes that any holder of an Administrative Claim who is required, but fails, to timely file their Administrative Claim on or before the Administrative Bar Date shall forever be barred, restrained and enjoined from asserting its Administrative Claim(s) against the Debtor, and will not be treated as a holder of an Administrative Claim for purposes of receiving any distribution in this Chapter 11 Case.

## Administrative Proof of Claim Form

16. The Debtor has prepared the proof of claim form for filing Administrative Claims, attached as Exhibit 1 to the proposed Administrative Bar Date Order, which is based on Official Form No. 410 and is tailored to this Chapter 11 Case (the "**Administrative Proof of Claim Form**").

17. Each Administrative Proof of Claim Form submitted in this Chapter 11 Case must conform substantially with the Administrative Proof of Claim Form and must: (i) be written in English; (ii) be denominated in lawful currency of the United States; (iii) include supporting documentation or copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected); and (iv) be signed by the claim holder or, if the claimant is not an individual, by an authorized agent of the claimant. The Debtor respectfully requests that the Court approve the proposed Administrative Proof of Claim Form.

18. The Administrative Proof of Claim Form must be actually received by Epiq Corporate Restructuring, LLC ("**Epiq**"), the Debtor's Claims and Noticing Agent, on or prior to the Administrative Bar Date either (i) electronically using the interface available on Epiq's website at https://dm.epiq11.com/rochesterdrugcoop; (ii) by first class mail to Rochester Drug Co-Operative, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420; or (iii) by hand delivery or overnight mail to Rochester Drug Co-Operative, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005. Administrative Proof of Claim Forms sent by facsimile, telecopy, or e-mail will not be accepted. For all inquiries, Epiq may be contacted toll free at (866) 977-0922 (from within the United States) and at +1 (503) 597-5600 (from outside the United States).

19. The Debtor submits that the Administrative Proof of Claim Form provides a sufficient and appropriate means for holders of Administrative Claims to file their Administrative Claims. The Debtor requests that the Court approve the Administrative Proof of Claim Form.

**Proposed Form and Manner of Notice of Bar Date**

20. The form of the proposed notice of the Administrative Bar Date (the "**Administrative Bar Date Notice**") is attached as Exhibit 2 to the proposed Administrative Bar Date Order. The Debtor will serve the Administrative Bar Date Notice upon all creditors and parties in interest in this Chapter 11 Case no later than three business days after entry of the Administrative Bar Date Order granting this Motion. Such service will provide creditors with approximately thirty-nine days' notice of the Bar Date.

21. The Debtor proposes to provide creditors with notice of the Bar Date by serving (i) a copy of the Administrative Bar Date Order granting this Motion; (ii) the Administrative Bar Date Notice; and (iii) an Administrative Proof of Claim Form (collectively, the "**Administrative Bar Date Notice Package**") by first class mail, postage prepaid, within three days of the entry of the Bar Date Order, upon:

(a) the Office of the United States Trustee for the Western District of New York;

(b) counsel to the Secured Parties;

(c) counsel to the Committee;

(d) all persons or entities that have requested notice of the proceedings in this Chapter 11 Case;

(e) all persons or entities with whom the Debtor has conducted business after the Petition Date that are not already included in the Schedules filed in this Chapter 11 Case;

(f) all known holders of prepetition claims listed on the Schedules at the addresses stated therein;

(g) all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(h) all parties to litigation with the Debtor;

(i) all required governmental units and taxing authorities; and

(j) such additional persons and entities as deemed appropriate by the Debtor.

22. The Administrative Bar Date Notice notifies the parties of the Administrative Bar Date and contains information regarding the procedure for filing an Administrative Proof of Claim Form and the consequences of failure to timely file an Administrative Proof of Claim Form. The Debtor submits that the Administrative Bar Date Notice will provide creditors with

sufficient information to file properly prepared and executed Administrative Claims in a timely manner. The Debtor requests that the Court approve the form of the Administrative Bar Date Notice.

### Objections to Claims

23. All parties reserve their rights to object to any claim asserted in an Administrative Proof of Claim Form on any grounds. The Debtor shall retain the right to dispute, or assert offsets or defenses against, any filed Administrative Claim as to nature, amount, liability, classification or otherwise.

### No Prior Request

24. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Administrative Bar Date Order, substantially in the form attached hereto as **Exhibit A**: (i) fixing and establishing September 15, 2020 as the deadline to file Administrative Claims arising, accruing or otherwise becoming due and payable after the March 12, 2020 Petition Date; (ii) approving the proposed Administrative Proof of Claim Form attached to the proposed Administrative Bar Date Order as Exhibit 1; (iii) approving the form and manner of the Administrative Bar Date Notice attached to the proposed Administrative Bar Date Order as Exhibit 2; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: July 23, 2020
      Syracuse, New York         BOND, SCHOENECK & KING, PLLC

                                By:    /s/ Camille W. Hill

                                  Stephen A. Donato, Esq.
                                  Camille W. Hill, Esq.
                                  Office and Post Office Address:
                                  One Lincoln Center
                                  Syracuse, New York 13202
                                  Tel: (315) 218-8000
                                  Fax: (315) 218-8100
                                  Email: sdonato@bsk.com;
                                             chill@bsk.com

*Counsel to the Debtor and Debtor in Possession*

3578658.2