# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

ROCHESTER DRUG CO-OPERATIVE, INC.,[1]          Case No. 20-20230
                                               Chapter 11 Case

                               Debtor.

_____

## ORDER (I) ESTABLISHING BAR DATE FOR THE FILING OF ADMINISTRATIVE EXPENSE CLAIMS; (II) APPROVING THE FORM OF ADMINISTRATIVE PROOF OF CLAIM; AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "**Motion**")[2] of the Debtor for entry of an order (i) fixing and establishing **September 15, 2020** as the deadline to file claims for administrative costs and expenses ("**Administrative Claims**") arising, accruing or otherwise becoming due and payable after the Petition Date; (ii) approving the form and manner of the Administrative Bar Date Notice; and (iii) approving the proposed Administrative Proof of Claim Form; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and notice of the Motion being sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

        1.     Except as otherwise provided herein, any person or entity holding an Administrative Claim against the Debtor that arose on or after March 12, 2020, the Petition Date

---

[1] The last four digits of the Debtor's federal tax identification number are 9574.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Chapter 11 Case, and seeks administrative expense priority under sections 503 and 507(a)(2) of the Bankruptcy Code, shall file with respect to such Administrative Claim, a request for allowance of such claim through an Administrative Proof of Claim Form on or before **September 15, 2020** (the "**Administrative Bar Date**"). Except as provided below, the Administrative Bar Date applies to all entities holding or asserting an Administrative Claim against the Debtor.

2. The Administrative Proof of Claim Form, in substantially the form attached hereto as **Exhibit 1**, is hereby approved.

3. The form of Administrative Claim Bar Date Notice, in substantially the form attached hereto as **Exhibit 2,** is hereby approved.

4. An Administrative Proof of Claim Form must be actually received by Epiq Corporate Restructuring, LLC ("**Epiq**"), the Debtor's Claims and Noticing Agent, on or prior to the Administrative Bar Date either (i) electronically using the interface available on Epiq's website at https://dm.epiq11.com/rochesterdrugcoop; (ii) by first class mail to Rochester Drug Co-Operative, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420; or (iii) by hand delivery or overnight mail to Rochester Drug Co-Operative, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005. Administrative Proof of Claim Forms sent by facsimile, telecopy, or e-mail will not be accepted. For all inquiries, Epiq may be contacted toll free at (866) 977-0922 (from within the United States) and at +1 (503) 597-5600 (from outside the United States).

5. Each Administrative Proof of Claim Form submitted in this Chapter 11 Case must conform substantially with the Administrative Proof of Claim Form and must: (i) be written in

3578662.2

English; (ii) be denominated in lawful currency of the United States; (iii) include supporting documentation or copies of any writings upon which the claim is based in accordance with Bankruptcy Rules 3001(c) and 3001(d) (including for secured claims, evidence that the security interest has been perfected); and (iv) be signed by the claim holder or, if the claimant is not an individual, by an authorized agent of the claimant.

6.    The following persons or entities are *not* required to file an Administrative Proof of Claim Form on or before the Bar Date:

(a)    Any person or entity that holds an Administrative Claim that has been allowed by an Order of this Court entered on or before the Administrative Bar Date;

(b)    the Secured Parties;

(c)    the United States Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

(d)    Professionals asserting Fee Claims, as defined in the Plan;

(e)    any entity that already has properly filed a request for payment of an Administrative Claim against the Debtor in accordance with the procedures described herein;

(f)    any person or entity whose claim has been paid in full by the Debtor; or

(g)    any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court, including holders of claims under section 503(b)(9) of the Bankruptcy Code.

7.    Any Administrative Claim asserted against the Debtor in any form shall not be scheduled for any further proceeding before the Court, except pursuant to an objection to such claim by the Debtors or any other party in interest.

8.    The Debtor shall retain the right to dispute, or assert offsets or defenses against, any filed Administrative Claim as to nature, amount, liability, classification or

-3-

3578662.2

otherwise. Nothing contained herein shall preclude the Debtor or any other party in interest from objecting to any Administrative Claim on any grounds.

9. The Administrative Bar Date (i) does not apply to any prepetition claims against the Debtor, regardless of priority, which were subject to the General Bar Date for the assertion of prepetition claims against the Debtor previously established by the Court as July 31, 2020; (ii) does not apply to any claims against the Debtor asserted under section 503(b)(9) of the Bankruptcy Code, which were subject to the General Bar Date previously established by the Court as July 31, 2020; and (iii) does not in any manner extend or otherwise modify the General Claims Bar Date.

10. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file an Administrative Proof of Claim pursuant to the terms of this Order, but that fails to do so by the Administrative Bar Date, shall be: (i) forever barred from asserting such Administrative Claim against the Debtor or its assets; (ii) forever barred from participating in any distribution from the Debtor's estate with respect to such Administrative Claim; and (iii) bound by the terms of (a) the plan of liquidation that may be confirmed by the Court or (b) any other order that authorizes the winding up of the Debtor's estate.

11. No later than three days after entry of this Order, the Debtors shall serve a copy of the Administrative Bar Date Notice Package by first class mail, postage prepaid, upon:

    (a)    the Office of the United States Trustee for the Western District of New York;

    (b)    counsel to the Secured Parties;

    (c)    counsel to the Committee;

    (d)    all persons or entities that have requested notice of the proceedings in this Chapter 11 Case;

3578662.2

(e)     all persons or entities with whom the Debtor has conducted business after the Petition Date that are not already included in the Schedules filed in this Chapter 11 Case;

(f)     all known holders of prepetition claims listed on the Schedules at the addresses stated therein;

(g)     all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(h)     all parties to litigation with the Debtor;

(i)     all required governmental units and taxing authorities; and

(j)     such additional persons and entities as deemed appropriate by the Debtor.

12.     Upon the advance express written consent of the Debtor, a claimant's Administrative Proof of Claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); *provided, however,* that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

13.     The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

14.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: August ____, 2020
      Rochester, New York

                                                    _____
                                                    Hon. Paul R. Warren
                                                    United States Bankruptcy Judge

3578662.2