UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

Rochester Drug Cooperative, Inc.,   Bankruptcy Case No. 20-20230-PRW
                                    Chapter 11

Debtor.

---

# DECISION AND ORDER
# DENYING MOTIONS TO LIFT STAY
# BY MERCK & CO., INC. (*ET AL*) AND NOVARTIS
# TO ASSERT SETOFF CLAIMS IN DEFENSE
# OF UNRELATED ANTITRUST CLASS ACTIONS

PAUL R. WARREN, U.S.B.J.

Before the Court are two unrelated, but substantially similar, motions requesting relief from the automatic stay. In the first motion, Novartis Pharmaceuticals Corp. seeks relief from the automatic stay, so that it can seek permission to amend its answer in a consolidated antitrust action pending before the District Court for the Southern District of New York.[1] (ECF No. 432). In the second motion, Merck & Co., Inc. (on behalf of itself and several other corporate entities) also seeks relief from the automatic stay, so that it can seek permission to amend its answer in an antitrust action pending before the District Court for the Eastern District of Virginia.[2] (ECF No.

---

[1] Plaintiffs in the Southern District of New York case are Drogueria Betances, LLC, Walgreen CO, The Kroger Co., H-E-B LP, Rite Aid Corporation, Rite Aid Headquarters Corp. and CVS Pharmacy, Inc., as individual plaintiffs, as well as UFCW Local 1500 Welfare Fund, Law Enforcement Health Benefits, Inc., Rochester Drug Co-operative, Inc. and Trulock Irrigation District, as consolidated plaintiffs, each suing on behalf of itself and all others similarly situated. Defendants are Novartis Pharmaceuticals Corporation, Novartis AG and Par Pharmaceutical, Inc. Case No. 2:18-cv-04361-AKH (S.D.N.Y.).

[2] Individual plaintiffs in the Eastern District of Virginia case are FWK Holdings, LLC, Philadelphia Federation of Teachers Health and Welfare Fund, Law Enforcement Health Benefits, Inc., Walgreen Co., The Kroger, Co., Albertsons Companies, Inc., HEB Grocery Company L.P., The Uniformed Firefighters' Association of Greater New York Security Benefit Fund, Rite Aid

443). Both Novartis and Merck seek to assert a right to setoff of their unsecured claims (characterized by Merck as an affirmative defense) for trade debt, against the Debtor's claims for treble damages in the pending antitrust class actions.

For the reasons that follow, the motions of Novartis and Merck requesting relief from the automatic stay, so that the Movants can seek leave in the District Courts to assert a right to setoff are, in all respects, **DENIED**.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

# II.

# ISSUES

The threshold issue is whether the Movants have demonstrated cause to lift the automatic stay, under § 362(d)(1) of the Code, to permit Movants to attempt to assert a right to offset of their unsecured trade claims, in defense of antitrust class actions pending before the District Courts. Because the Movants have failed to prove the necessary element of mutuality, the answer is no.

---

Corporation, Rite Aid Headquarters Corp., CVS Pharmacy, Inc., and All End Payer Plaintiffs. Additional plaintiffs Cesar Castillo, Inc., Rochester Drug Cooperative, Inc., Sergeants Benevolent Association Health & Welfare Fund, UFCW Local 1500 Welfare Fund, City of Providence, Rhode Island, Painters District Council No. 30 Health and Welfare Fund, International Union of Operating Engineers Local 49 Health and Welfare Fund, Turlock Irrigation District, and The Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association, are each acting "on behalf of themselves and all others similarly situated." Defendants to the action are Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., MSP Singapore Co. LLC, Glenmark Pharmaceuticals, Ltd., and Glenmark Generics Inc., USA. Case No. 2:18-md-02836-RBS-DEM (E.D. Va.).

Assuming for the sake of argument that the Movants have demonstrated cause to lift the automatic stay, the corollary question is whether application of the factors established by the Second Circuit weigh in favor of lifting the automatic stay. The answer to this question is also no.

## III.

## FACTS

**A. <u>Novartis Antitrust Class Action and Lift Stay Motion</u>**

The Debtor (individually and as a class representative), together with other plaintiffs, filed a class action, against Novartis and other defendants alleging antitrust violations, in the District Court for the Southern District of New York, long before this Chapter 11 case was filed. (ECF No. 432 ¶ 2). Novartis is a pre-petition trade creditor of the Debtor, owed a debt of approximately $1.2 million, as of the date that Novartis filed its answer to the amended class action complaint. (ECF No. 482 ¶ 19). Novartis did not assert a right of setoff in its answer. (ECF No. 483 ¶ 12).

Novartis has moved for relief from the automatic stay, to clear the way for it to then move before the District Court for permission to amend its answer in the antitrust action. (ECF No. 432 ¶ 4). Novartis proposes to assert a right to setoff in the antitrust action. Simply put, Novartis seeks to position itself, in the District Court antitrust class action, to set off the amount of the Debtor's trade debt against a potential judgment for antitrust violations. Novartis does not mention the possible preference claim the Estate may have against it. And, it would seem that any judgment in the antitrust class action is a very long way off. At this point in time, the District Court has not certified the class under Rule 23 FRCP. Perhaps, if granted stay relief, Novartis' end game is to then point to its offset claim as a basis to seek to disqualify the Debtor from serving as a representative of the class.

## B. Merck Antitrust Class Action and Lift Stay Motion

The Debtor (individually and as a class representative) filed a class action, against Merck and other defendants alleging antitrust violations, in the District Court for the Eastern District of Virginia, long before this Chapter 11 case was filed. (ECF No. 443 ¶ 4). Merck is a prepetition trade creditor of the Debtor, owed a debt of approximately $4.9 million, as of the date that Merck filed its answer to the class action complaint. (*Id.* ¶ 7). No right to setoff was included by Merck in its answer.

Without first obtaining an order lifting the automatic stay, Merck requested leave of the District Court to amend its answer to assert a right to setoff. (*Id.* ¶ 9). The District Court declined to entertain Merck's motion to amend, unless and until the automatic stay was lifted by this Court. (*Id.* ¶ 10). Here too, any potential judgment in the antitrust class action is a very long way off. The District Court has not yet certified the class under Rule 23 FRCP. Like Novartis, Merck may be attempting to position itself to point to a setoff claim as a basis to then seek to disqualify the Debtor from serving as a class representative.

In the motion before this Court, Merck seeks to go farther with its stay relief request—without specifying the outer limits of its request. Merck requests that the automatic stay be lifted "to permit Merck to **prosecute all available defenses**, including setoff." (*Id.* ¶ 11 (emphasis added)). Merck offers no insight as to the universe of available defenses it wishes to prosecute. It's a good bet those defenses go beyond a simple setoff claim. Merck repeatedly asserts that the Debtor will suffer no prejudice or harm were this Court to permit Merck to assert a setoff defense in the antitrust litigation. (*See, e.g., id.* ¶ 23). And, without offering any analysis, Merck claims that permitting it to assert a setoff defense in the antitrust class action will not prejudice the

4

Debtor's other unsecured creditors. (*Id.* ¶ 27). Merck makes no mention of the potential preference claim the Estate may have against Merck, which may result in the disallowance of its setoff claim, in whole or in part, under § 502 of the Code.

C. **The Opposition by the Debtor and Committee**

Both the Debtor and the Committee object to stay relief. (ECF Nos. 481-484). While the objections differ in some respects,[3] the objections of both the Debtor and Committee agree in two critical respects. First, both the Debtor and Committee argue that Novartis and Merck have failed to carry their initial burden to show that cause exists to lift the stay under § 362(d)(1). (ECF No. 482 ¶ 26; ECF No. 483 ¶¶ 17-18; ECF No. 484 ¶¶ 18-19). Specifically, Novartis and Merck bear the burden to prove that each has the right to a setoff claim—a necessary element of which is mutuality. The Debtor and Committee both argue that element is not present, so cause has not been demonstrated under § 362(d)(1). Second, both the Debtor and Committee argue that the relevant *Sonnax* factors weigh against granting stay relief. (ECF No. 481 ¶¶ 27-34; ECF No. 482 ¶¶ 26-32; ECF No. 483 ¶¶ 24-27; ECF No. 484 ¶¶ 26-43). Boiled down to its bones, the Debtor and Committee point out that, while both Novartis and Merck hold sizeable trade payable claims against the Debtor, the Estate may hold actions for preferential transfers occurring within 90 days of the petition, in amounts approximately equal to the trade payables. (Novartis was paid nearly $1.6 million and Merck was paid $4.3 million during the 90-day preference period. (ECF No. 481

---

[3] The Debtor makes much of the argument that it has the right to sell its antitrust class action claims, free and clear of Novartis' and Merck's proposed setoff claims, under § 363(f) of the Code. (ECF No. 481 ¶¶ 13-21; ECF No. 482 ¶¶ 12-20). The Court need not decide that issue to dispose of the motions, as the absence of mutuality and a balancing of the *Sonnax* factors lead to the conclusion that stay relief should not be granted. But, the Court does wonder whether the Debtor can sell an antitrust claim against a non-debtor defendant, under § 363(f) of the Code, and then simply strip the non-debtor defendant of any setoff rights that are preserved for it under § 553(a) of the Code.

5

¶ 10; ECF No. 482 ¶ 9; ECF No. 483 ¶ 25; ECF No. 484 ¶ 30)). Were Novartis and Merck allowed to assert a right to setoff in the antitrust actions, they would benefit from dollar-for-dollar recoveries on their trade debt claims, while the other unsecured creditors would (at best) see only pennies for each dollar of their claims. Further, if a preference is found to exist under § 547 of the Code, the unsecured claims of Novartis and Merck (for which they seek setoff) may be subject to disallowance under § 502 of the Code.

By Case Management Order entered July 13, 2020, the Court deemed the matters fully briefed and took the motions under submission, without the need for oral argument. (ECF No. 490).

## IV.

## DISCUSSION

### A. Movants Have Failed to Show Cause Necessary to Lift the Automatic Stay Under § 362(d)(1)

As an initial matter, it is unnecessary to consider the *Sonnax* factors unless and until Movants[4] have carried their initial burden of proof of demonstrating cause to lift the stay. *In re Project Orange Assocs., LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010). It is well-settled that "[i]f the movant fails to make an initial showing of cause . . . the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). Here, the Movants charge head-long into an analysis of the *Sonnax* factors. In doing so, the Movants fail to acknowledge that, in order to show that cause exists to lift the stay, the Movants must prove that they each have mutual claims to setoff in the antitrust class actions. (ECF No. 411-1 at 8). But, other than presuming that cause exists

---

[4] For simplicity, the Courts refers to Novartis and Merck as Movants, where they are referred to collectively.

for purposes of § 362(d)(1), neither Novartis nor Merck make any effort to demonstrate that mutuality of claims exists. Absent proof of mutuality of claims, the Movants fail to demonstrate a critical element necessary to show that cause exists to justify stay relief.

It is not enough to simply state that the Debtor owes each Movant a trade debt that arose prepetition. "[T]he debt and claim must be mutual." *In re Cairns & Assocs.*, 372 B.R. 637, 660 (Bankr. S.D.N.Y. 2007). For mutuality to exist, the claims or debts must be owed "*between the same parties in the same right or capacity*." *In re Ionosphere Clubs, Inc.*, 164 B.R. 839, 843 (Bankr. S.D.N.Y. 1994) (emphasis added)). *See also In re Bennett Funding Grp.*, 146 F.3d 136, 139 (2d Cir. 1998); *In re Cairns*, 372 B.R. at 660 ("mutual debts are due to and from the same person in the same capacity") (quoting *In re Sentinel Prods. Corp., P.I., Inc.*, 192 B.R. 41, 45 (N.D.N.Y. 1996) (internal quotation marks omitted)).

"[The] allowance of a setoff is a decision that lies within the sound discretion of the bankruptcy court." *In re Bennett Funding*, 146 F.3d at 140 (citing *In re Ionosphere*, 164 B.R. at 841). And, setoff must be scrutinized in light of the goals and objectives of the Bankruptcy Code. *Id.* "In general, the Bankruptcy Code is oriented toward the prevention of preferential treatment of creditors." *In re Ionosphere*, 164 B.R. at 843 (citing *Sampsell v. Imperial Paper & Color Corp.*, 313 U.S. 215, 219 (1941)). To ensure equality of treatment of the holders of unsecured claims, the requirement of mutuality has been narrowly interpreted by the courts, to "ensure[] that setoff is allowed only in situations in which the equitable considerations are strongest: namely where the claims or debts are owed between the same parties in the same right or capacity." *In re Ionosphere*, 164 B.R. at 843.

Here, the Court holds that mutuality of claims is not present. The setoff each Movant seeks to advance is for a trade debt owed by the Debtor, in its individual capacity, against a potential

7

Case 2-20-20230-PRW, Doc 550, Filed 07/24/20, Entered 07/24/20 15:53:45, Description: Main Document , Page 7 of 13

recovery by the Debtor, as a class representative, in the antitrust litigation. That trade debt is owed to "Novartis Pharmaceuticals Corp." and "Merck & Co., Inc." respectively. It would appear that the Movants, individually, are not strictly the same parties as the "Novartis defendants" and the "Merck defendants" in the antitrust class actions. The Novartis defendants in the antitrust class action are Novartis Pharmaceuticals Corporation, Novartis AG and Par Pharmaceutical, Inc. The Merck defendants in the antitrust class action are Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., MSP Singapore Co. LLC, Glenmark Pharmaceuticals, Ltd., and Glenmark Generics Inc., USA. Mutuality of claims is lacking because the trade debt is not owed between the same parties, in the same right or capacity.

The Movants have failed to carry their burden of proving that mutuality exists, to support the proposed setoff. Consequently, the Movants have failed to carry their threshold burden of demonstrating that cause exists to lift the automatic stay under § 362(d)(1) of the Code. Having failed to make the required showing of cause, the motion of each Movant is **DENIED**.

B. **In the Alternative, Application of the *Sonnax* Factors Weigh in Favor of Denying Stay Relief**

The Second Circuit has identified twelve factors for the courts to consider in determining whether to lift the automatic stay. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The *Sonnax* factors are:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether the litigation in another forum would prejudice the interests of other creditors;

8

Case 2-20-20230-PRW, Doc 550, Filed 07/24/20, Entered 07/24/20 15:53:45, Description: Main Document , Page 8 of 13

(8) whether the judgment claims arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*Id.* at 1286.

The Second Circuit has recognized that the courts need not consider all twelve factors in every case—only those factors relevant to the case need be considered. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). And, the Court need not assign equal weight to those factors deemed to be applicable. *Burger Boys, Inc. v. South St. Seaport Ltd. P'ship*, 183 B.R. 682, 688 (S.D.N.Y. 1994) (quoting *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994)).

Of course, the Court need only concern itself with the *Sonnax* factors if the Movants have carried their threshold burden of demonstrating cause under § 362(d)(1) of the Code. Here, the Court has found that the Movants have failed to carry their burden to show cause to lift the automatic stay—by failing to prove that mutuality of claims is present. While the discussion could end at that point, the Court will consider the relevant *Sonnax* factors, as an alternative basis for holding that stay relief should be denied. Here, the relevant *Sonnax* factors are 2, 7, 10 and 12—all of which weigh heavily in favor of denying stay relief. The remaining *Sonnax* factors are either not relevant or of so little weight, they need not be considered.

**(a)** *Lack of Connection with or Interference with the Bankruptcy Case (Sonnax Factor #2)*

The Movants wish to place their proposed setoff claims before the District Courts in the antitrust actions, but in a vacuum. The suggestion by Movants, that they merely seek to reduce any potential antitrust liability by the amount of trade debt owed by the Debtor, is simplistically

9

misleading. This Court is vested with jurisdiction to allow or disallow claims and hear proceedings affecting the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(B) & (O). The Movants can and should file proofs of claim in the Debtor's bankruptcy proceeding for the trade debt they are owed.[5] And, the Debtor and Committee should be permitted to assert any claims for preferential transfers against Movants, should the facts support those claims, under § 547 of the Code. Should the Debtor or Committee be successful, § 502 of the Code would work to disallow the Movants' setoff claims.

It appears that Novartis holds a trade debt claim of approximately $1.8 million, but received payments of $1.5 million from the Debtor within 90 days of the petition. (ECF No. 482 ¶¶ 8, 9). And, it appears that Merck holds a trade debt claim of approximately $4.9 million, but received payments of $4.3 million from the Debtor within 90 days of the petition. Whether any of those payments are recoverable under § 547 of the Code remains to be seen. The Movants' proposed setoff defenses, if asserted in the antitrust class actions, would directly interfere with the bankruptcy case and with the claims review process established by the Code.

This *Sonnax* factor weighs heavily in favor of denial of stay relief.

### (b) *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors (Sonnax Factor #7)*

At best, the Movants each hold unsecured trade debt claims in the Debtor's Chapter 11 case. The Debtor owes unsecured creditors more than $83 million. (*See* ECF No. 105). It is likely that any distribution to the unsecured creditor class will be just pennies on the dollar and will not be quickly disbursed. However, if allowed to press a setoff claim against any recovery by the Debtor in the antitrust class action, the Movants would realize whole dollars on their trade debt

---

[5] The Bar Date for the filing of general unsecured claims in this case is July 31, 2020.

claims, while other unsecured creditors in the bankruptcy case would realize only pocket change. Additionally, the setoff claims would not be subject to scrutiny by the District Court, under § 547, § 553 and § 502 of the Code, to the extent that the Movants may have received preferential transfers from the Debtor.

Allowing the Movants to pursue setoff defenses in the antitrust class action litigation would be offensive to the fundamental principle in bankruptcy: equal treatment of credits holding similar claims. And, it would allow the Movants to avoid the traditional claims review process.

This *Sonnax* factor weighs heavily in favor of denying stay relief.

**(c)** *__The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation (Sonnax Factor #10)__*

Contrary to Movants' suggestion, allowing their proposed right to setoff to be asserted in the antitrust class actions will not result in all aspects of the setoff claims being resolved in a single forum. Those setoff claims are subject to scrutiny to the extent the Movants received preferential transfers—a process that is ongoing in the bankruptcy case—and, if found to exist, would result in disallowance of the setoff claims under § 502 of the Code. Those issues will not be considered by the District Courts, adding an unnecessary layer of complexity to both the antitrust class actions and the bankruptcy case. It seems likely that the claims review process, in this Court, will be completed far sooner than jury verdicts will be rendered in the antitrust class actions. So, denial of stay relief does not deprive Movants of their setoff claims. Quite the opposite—it accelerates the resolution of those claims. To take the bait, dangled by the Movants, would result in bagging a creature bearing no resemblance to judicial economy.

This *Sonnax* factor weighs heavily in favor of denying stay relief.

### (d) *The Impact of the Stay on the Parties and the Balance of Harms (Sonnax Factor 12)*

Despite Movants' loud protestations and assertions of the harm that will be worked upon them if their assertions of a right to setoff are not heard by the District Courts in the antitrust actions, the Court finds that no harm will be suffered by Movants by denial of stay relief. Movants setoff claims can be pursued in this Court by the filing of proofs of claim. If defenses to the Movants' claims exist under the Code—such as preferential transfer claims by the Estate—those issues can be promptly resolved through the claims process in the bankruptcy case.

By comparison, there will be harm to the Estate and to the other unsecured creditors were the stay to be lifted. The Debtor and Committee will be deprived of the statutory claims review procedures established by the Code, and the District Courts will be burdened by issues wholly unrelated to the antitrust class actions—which issues would relate to only a small subset of the parties to the antitrust class actions. Having the District Courts consider the setoff defenses, in the antitrust actions, will delay this Court's consideration of the setoff claims and the statutory defenses that may apply. Such a fractured approach to the consideration of *all* aspects of Movants' claims will add unnecessary expense, will delay the resolution of Movants' setoff claims, and will burden the District Courts with issues unrelated to the antitrust actions. Further, other unsecured creditors of the Estate will be prejudiced by Movants' ability to realize hundred cent dollars, in reduction of a potential and far-in-the-future judgment in favor of the Debtor in the antitrust class actions, while other trade creditors may realize only pennies on the dollar.

This *Sonnax* factor weighs heavily against stay relief.

Case 2-20-20230-PRW, Doc 550, Filed 07/24/20, Entered 07/24/20 15:53:45, Description: Main Document, Page 12 of 13

## V.

## CONCLUSION

Having given very careful scrutiny to the equities of the case, including the best interests of all unsecured creditors, the Court finds that the equities favor denial of stay relief. For the reasons stated in this Decision, the motions of Novartis and Merck are, in all respects, **DENIED**.

**IT IS SO ORDERED.**

DATED: July 24, 2020 _____/s/_____
       Rochester, New York        HON. PAUL R. WARREN
                                          United States Bankruptcy Judge