UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| ROCHESTER DRUG COOPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor.[1] | (Jointly Administered) |

**MOTION OF THE PRIVATE INSURANCE CLASS CLAIMANTS
FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS
BY AETNA HEALTH, INC.**

Eric Hestrup, *et al*. (collectively, "Private Insurance Plaintiffs" or "Movants"), in their individual and representative capacities (and with the class members, collectively, the "Private Insurance Class Claimants") in their respective actions (the "Private Insurance Class Actions"), hereby respectfully move this Court (the "Motion"), pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"), made applicable to this matter by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order compelling Aetna Health, Inc. ("Aetna") to produce documents pursuant to a subpoena served on July 6, 2020. In support of the Motion, the Private Insurance Plaintiffs respectfully state as follows:

**BACKGROUND**

1. On March 12, 2020, Rochester Drug Cooperative, Inc. ("Rochester," "Debtor," or "Company") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in this District.

2. The Debtor has continued to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed herein.

---

[1] The last four digits of the Debtor's federal tax identification number is 9574.

08/10/2020 SL1 1652107v1 113572.00004
Case 2-20-20230-PRW, Doc 598, Filed 08/11/20, Entered 08/11/20 09:21:57,
Description: Main Document , Page 1 of 6

3. On April 7, 2020, the United States Trustee appointed Eric Hestrup and four others to the official statutory committee of unsecured creditors in this Chapter 11 case ("UCC").

4. On July 1, 2020, the Private Insurance Plaintiffs filed their *Motion of the Private Insurance Class Claimants for Leave to File Class Proofs of Claim* (the "Class POC Motion") [Doc. No. 465]. On July 31, 2020, the Court signed and entered the *Stipulation and Order Regarding Motion of the Private Insurance Class for Leave to File Class Proofs of Claim* (the "Class POC Order") [Doc. No. 567], allowing the Private Insurance Plaintiffs to file class proofs of claim.

5. On July 6, 2020, Movants served Aetna with a Subpoena to Produce Documents (the "Subpoena") requesting information concerning Movants' class proofs of claim. A true and correct copy of the Subpoena and affidavit of service is annexed hereto as Exhibit A.

6. To date, Aetna has not responded to the Subpoena.

7. The Subpoena seeks documents directly related to damages cause by Debtor's actions. See Class POC Motion ¶¶ 38-44. The Private Insurance Plaintiffs aver that the opioid crisis directly caused insurance carriers, like Aetna, to increase premiums, which cost was passed onto and borne by the Private Insurance Plaintiffs.

## RELIEF REQUESTED

8. Movants seek the entry of an order, substantially in the form annexed hereto, compelling Aetna to produce the documents demanded in the Subpoena, specifically:

> a. All Documents used to perform any analysis or study of premiums charged by Aetna that reference Opioids or Opioid Products;
> b. All Documents demonstrating how Aetna set premiums that reference Opioids or Opioid Production; and
> c. All actuarial memoranda for the years 1996 to the present.

## BASIS FOR THE RELIEF

9. Contested matters are initiated by filing a motion. Fed. R. Bankr. P. 9014(a). "Even when an objection is not formally required, there may be a dispute." Advisory Committee Notes, Fed. R. Bankr. P. 9014. Bankruptcy Rule 9016 provides that Rule 45 applies to cases filed under the Bankruptcy Code. Rule 45 governs the form, content, issuance, service and enforcement of a subpoena.[2] The Subpoena served on Aetna was properly served in accordance with Rule 45. *See* Exhibit A, Subpoena and affidavit of service.

10. The recipient of a subpoena issued under Rule 45 has 14 days to object to the subpoena. Fed. R. Civ. P. 45(c)(2)(B); *see In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), *report and recommendation adopted in part*, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010).

11. "The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a **waiver of such objections**. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48–49 (S.D.N.Y. 1996) ("FRCP 45(c)(2)(B) requires the recipient of a subpoena to raise all objections at once and in a timely manner so that discovery does not become a 'game'."); *United States v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 94 L.Ed. 884 (1950)." *In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) (emphasis added).

---

[2] Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

12. In the event that the recipient objects to the subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i).

13. "The party seeking discovery bears the initial burden of proving the discovery is relevant. If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the [recipient] to demonstrate an undue burden." *See Mackey v. IDT Energy, Inc.*, No. 19 MISC. 29(PAE), 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019) (citing *Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); *See Griffith v. United States*, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007).

14. Whether a subpoena imposes an undue burden "depends on such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Koch v. Pechota*, No. 10 CIV. 9152, 2013 WL 3892827, at *1 (S.D.N.Y. July 25, 2013) (citing *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03–1382(RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)).

15. The Private Insurance Plaintiffs explained the relevance and necessity of the information requested from insurers. *See* Class POC Motion ¶¶ 38-44. In summary, Rochester's conduct has facilitated higher demand through addiction—and thus increased cost for opioids, as well as the need for expensive medical treatment for a number of covered health conditions, resulting in increased insurance costs for the Private Insurance Plaintiffs. The information sought from Aetna, and other similarly situated private insurers, is necessary for the Private Insurance Plaintiffs to establish that the private insurers passed the cost of the opioid crisis on to

the Private Insurance Plaintiffs through increased premiums. The information sought from Aetna will also be used to calculate the significant damages cause to the Private Insurance Plaintiffs since the start of the opioid crisis in 1996.

16. The Subpoena makes only three narrowly tailored requests directly pertaining to the Private Insurance Plaintiffs' claims in this bankruptcy case. The requested information is solely in the possession of Aetna and other insurers; it is therefore imperative to proving Private Insurance Plaintiffs' claims that discovery of Aetna and other insurers be conducted forthwith.

17. Aetna has not timely responded to the Subpoena and thus has waived any objection.

18. The Subpoena requests documents from 1996 to the present which is relevant in establishing the total damages caused to the Private Insurance Plaintiffs as a result of Debtor's malfeasance. Debtor's actions in distributing opioids and opioid products off-label and for otherwise unauthorized use began in 1996. As a result, Debtor was complicit in these products being overprescribed beginning in 1996. These increased prescriptions, and the cost thereof, were borne by insurers and passed onto the Private Insurance Plaintiffs beginning in 1996. Therefore, the requested time frame for documents is relevant and outweighs any burden on Aetna.

19. The documents requested are highly relevant and necessary for the Private Insurance Plaintiffs' claims and significantly outweighs any potential burden to Aetna, which issue has not been raised.

WHEREFORE, Movants respectfully request that this Court grant the relief requested herein, enter an Order in the form annexed hereto and grant the Movants such other and further relief as is just.

|  |  |
|---|---|
| Respectfully submitted, | |
| Dated: August 11, 2020 | By: /s/ *Nicholas F. Kajon* |
| | One of the Attorneys for Private Insurance Plaintiffs |

<div style="margin-left: 50%;">

Nicholas F. Kajon (*pro hac vice*)
nfk@stevenslee.com
Constantine D. Pourakis (*pro hac vice*)
cp@stevenslee.com
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 319-8500
Fax: (212) 319-8505

Ashley Keller
ack@kellerlenkner.com
Seth Meyer (*pro hac vice*)
sam@kellerlenkner.com
Keller Lenkner LLC
150 North Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5220

James Young
jyoung@ForThePeople.com
MORGAN & MORGAN, P.A.[3]
COMPLEX LITIGATION GROUP
76 S. Laura St., Suite 1100
Jacksonville, FL  32202
Tel: (904) 361-0012

Juan R. Martinez
juanmartinez@ForThePeople.com
MORGAN & MORGAN, P.A.
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Tel: (813) 223-5505

*Counsel for Private Insurance Plaintiffs and the Putative Classes*

</div>

---

[3] Morgan & Morgan, P.A. also represent clients in diverse other matters pending against the Debtor, as specified in the Verified Statement of Stevens & Lee, P.C. Pursuant to Bankruptcy Procedure 2019, dated June 30, 2020. [Doc. No.464].