# EXHIBIT A

Subpoena and Affidavit of Service

# UNITED STATES BANKRUPTCY COURT

WESTERN District of NEW YORK

In re ROCHESTER DRUG COOPERATIVE, INC.
Debtor

Case No. 2:2020-bk-20230

Chapter 11

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.
Defendant

Adv. Proc. No.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTIONS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Aetna Health Inc., c/o CT Corporation System, Registered Agent, 28 Liberty Street, New York, NY 10005
*(Name of person to whom the subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE EXHIBIT A**

| PLACE | Stevens & Lee, P.C., c/o Constantine D. Pourakis<br>485 Madison Avenue, 20th Floor<br>New York, NY 10022 | DATE AND TIME<br>30 days from the date of service. |
|---|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.
Date: July 6, 2020

CLERK OF COURT

OR

_____                      /s/ Constantine D. Pourakis
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Eric Hestrup, individually and on behalf of all others similarly situated*, who issues or requests this subpoena are: Constantine D. Pourakis, Stevens & Lee, PC, 485 Madison Avenue, 20th Floor, New York, NY 10022. CP@stevenslee.com (212) 319-8500.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.

2

Case 2-20-20230-PRW, Doc 598-1, Filed 08/11/20, Entered 08/11/20 09:21:57, Description: Exhibit A - Subpoena and Affidavit of Service, Page 3 of 10

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

# REQUEST FOR PRODUCTION OF DOCUMENTS

**Instructions and Definitions**

In addition to the rules of discovery set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence and the local rules of the United States Bankruptcy Court for the Western District of New York, the following instructions and definitions shall apply to these document requests:

**Instructions:**

1. Unless different time periods are expressly set forth in the requests set forth below (the "Requests"), the Requests cover the time period commencing from January 1, 1996 through the present.

2. All Requests are deemed to be continuing and the witness shall promptly provide supplemental responses to the Requests in the event that the witness obtains any documents responsive to the Requests at any time after the response.

3. If any documents that would have been responsive to any Requests have been destroyed, identify each such document destroyed and specify the date or the approximate date of destruction, the means of destruction, the person or persons causing such destruction, and the cause for the destruction.

4. If any documents that would have been responsive to any Request are no longer in the possession, custody or control of the witness, identify each document, the person who currently has possession, custody or control of the document, and the date possession, custody or control was transferred to that person.

5. If a document is withheld on the basis of a claim of privilege, state with respect thereto: the nature of the privilege (including work product), and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; the type of document; the general subject matter of the document; the date of the document; and, such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other.

**Definitions:**

The text of Rule 26(c) of the Local Civil Rules of the District Court for the Western District of New York, entitled "Uniform Definitions for all Discovery Requests" apply to the Requests below. The subpoena seeks all documents in the possession, custody or control of the witness. The following additional definitions apply:

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

2. "Identify" or "identity," with respect to persons, means to give, to the extent known, the person's full name, relationship to you, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

3. "Identify," with respect to Documents, means to give, to the extent known, the (i) type of Document; (ii) general subject (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

2

4. "Opioid" means any drug or chemical that binds with opioid reactors to have an analgesic effect.

5. "Opioid Product" means any drug or chemical derived from an Opioid.

6. "Person" or "Persons" means any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

7. "Relating to," "relate to," "referring to," "refer to," "reflecting," or "concerning" mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these requests, including Documents attached to or used in the preparation of or concerning the preparation of the Documents.

8. "You" and "Your" means the entity responding to these requests, including its subsidiaries, divisions, predecessors, successors, parents, including any organization or entity that You manage or control, together with all present and former officers, directors, and employees.

**Documents to be Produced**

1. All Documents used to perform any analysis or study of premiums charged by You that reference Opioids or Opioid Products.

2. All Documents demonstrating how You set premiums that reference Opioids or Opioid Products.

3. All actuarial memoranda for the years 1996 to the present.

3

Case 2-20-20230-PRW, Doc 598-1, Filed 08/11/20, Entered 08/11/20 09:21:57, Description: Exhibit A - Subpoena and Affidavit of Service, Page 7 of 10

# UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF NEW YORK

**IN RE: ROCHESTER DRUG COOPERATIVE, INC.**
**DEBTOR**

Case No.: 2:2020-bk-20230

## AFFIDAVIT OF SERVICE

I, William Cancroft, being duly sworn, state:

The undersigned being duly sworn, deposes and says: William Cancroft is not a party to the action, is over 18 years of age and resides at 90 Broad St., 3rd Floor, New York, NY 10004.

I served the following documents on Aetna Health Inc in New York County, NY on July 6, 2020 at 11:06 am at 28 Liberty St, New York, NY 10005 by leaving the following documents with Gina Martinez who as Manager Message Center at CT CORPORATION SYSTEM is authorized by appointment or by law to receive service of process for Aetna Health Inc.

Notice of Subpoena to Aetna Health (7-2-2020)

Additional Description:
Served Message Center

Hispanic or Latino Female, est. age 34, glasses: Y, Brown hair, 140 lbs to 160 lbs, 5' 3" to 5' 6".
Geolocation of Serve: http://maps.google.com/maps?q=40.7076047966,-74.0076030884
Photograph: See Exhibit 1

_____
Signature
William Cancroft
(917) 201-0024

Subscribed and sworn to before me this 7 day of July, 2020 by
William Cawcroft.

Witness my hand and official seal.

My commission expires: _____

_____
Notary Public

KEVIN MCCARTHY
NOTARY PUBLIC, State of New York
No. 01MC6163828
Qualified in Nassau County
Commission Expires 06/06/2023

# Exhibit 1

Exhibit 1a)

