UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

Rochester Drug Cooperative, Inc.,            Bankruptcy Case No. 20-20230-PRW
                                                                                                  Chapter 11

                               Debtor.

**DECISION AND ORDER
DENYING MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS,
GRANTING CROSS-MOTION TO QUASH SUBPOENAS AND
DEFERRING REQUEST OF HEALTH PLAN INSURERS FOR
SANCTIONS UNDER RULE 45(d)(1) FRCP**

PAUL R. WARREN, U.S.B.J.

"There are books of which the backs and covers are by far the best parts."[1] So, it can be said about the motions presently occupying the Court's attention. The motions have very little to do with this Chapter 11 case and very much to do with class action lawsuits, concerning the ravages caused by opioids, pending in dozens of district courts around the country.

A group of Private Insurance Class Action Claimants ("Class Claimants") have moved under Rule 9016 FRBP and Rule 45 FRCP for an order compelling Empire Healthcare HMO, Inc., Humana Health Company of New York, Inc. and Aetna Health Inc. ("Insurers" collectively) to compel the production of documents related to the influence of opioid abuse on health insurance premiums.[2] The Insurers oppose the motions, requesting that the subpoenas be quashed and that sanctions be imposed against the Class Claimants.

---

[1]      Charles Dickens, *Oliver Twist* Ch. 14 (Richard Bentley 1838).
[2]      The Court will deal with the three motions to compel production in a single decision. The motions are identical and the Insurers filed a single, joint response to the motions.

For the reasons that follow, the motions of the Class Claimants (ECF Nos. 596, 597, 598) are **DENIED**. The cross-motion of the Insurers to quash the subpoenas (ECF No. 667) is **GRANTED**. The request of the Insurers for the imposition of sanctions, under Rule 45(d)(1) FRCP, is **DENIED, without prejudice** to the Insurers seeking relief from the United States District Court for the Northern District of Ohio, the Multi-District Litigation ("MDL") court that issued a stay of discovery in connection with *In re National Prescription Opiate Litigation*, No. 1:17-md-02804 (N.D. Ohio filed Feb. 21, 2020).

## I.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), and possibly (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II.

## FACTS

The facts framing the dispute before the Court are straightforward in direction and few in number. On July 1, 2020, the Class Claimants filed a motion seeking leave to file a class Proof of Claim. (ECF No. 465). While that motion was awaiting a hearing, on July 6, 2020, the Class Claimants issued subpoenas to the Insurers (non-debtor third parties), demanding the production of documents. (ECF Nos. 596, Ex. A; 597, Ex. A; 598, Ex. A). The motion concerning the filing of a class Proof of Claim was resolved by a Stipulation and Order, filed on July 31, 2020. (ECF No. 567). On August 10, 2020, the Class Claimants filed a Proof of Claim with the Court-

appointed claims agent. (*See* Claim No. 22454 at https://dm.epiq11.com/case/rochesterdrugcoop/claims (last visited Sept. 11, 2020)). Attached to the Proof of Claim is a 27-page "Addendum" describing the basis for the claim, as well as a copy of a 122-page Class Action Complaint filed with the United States District Court for the Northern District of Illinois. In their Proof of Claim, the Class Claimants readily acknowledge that "[b]y order Dated December 14, 2017 (as supplemented by orders dated January 11, 2018 and February 16, 2018), U.S. District Judge Dan Aaron Polster imposed a stay in the MDL against prosecution of almost all opioid-related litigation (including the Private Insurance Class Actions), except for certain bellweather cases." (*Id.* at Addendum ¶ 54). As a result, "Private Insurance Plaintiffs have been precluded from conducting discovery because of the stay imposed in connection with the MDL." (*Id.* at Addendum ¶ 55). The day after filing the Proof of Claim, the Claims Claimants filed motions to compel the production of documents by each of the Insurers. (ECF Nos. 596, 597, 598, 606, 607, 608). The Class Claimants did not seek leave to conduct an examination under Rule 2004 FRBP prior to issuing the subpoenas. Neither was there any litigation pending (in this Court) involving the Class Claimants and the Insurers, either in the form of an adversary proceeding or contested matter.

The Insurers jointly filed lengthy opposition to the motions to compel production. (ECF No. 667). In a nutshell, the Insurers assert five grounds upon which the subpoenas should be quashed: (1) the subpoenas were issued without authority because they do not relate to a contested matter; (2) the Class Claimants did not seek permission to conduct an examination under Rule 2004 FRBP; (3) the legal theory of the Class Claimants is flawed; (4) the subpoenas are overbroad and unduly burdensome; and (5) the subpoenas seek confidential trade secrets. (*Id.* ¶¶ 4-8). The Insurers request that sanctions be imposed against the Class Claimants, under Rule 45(d)(1) FRCP.

## III.

## ISSUE

The question presented is whether a creditor has the right to issue a subpoena to a non-debtor third-party, under Rule 45 FRCP and Rule 9016 FRBP, where the creditor simply files a Proof of Claim, but neither requests leave to conduct an examination under Rule 2004 nor is party to an adversary proceeding or party to a contested matter being litigated. The answer is no.

## IV.

## DISCUSSION

**A. <u>The Subpoenas Must Be Quashed As Improperly Issued</u>**

The motions to compel production merit only brief discussion. The issue before the Court is not one that is encountered with much frequency in the federal courts, as evidenced by the paucity of decisions addressing the problem. And, given the unequivocal stay of discovery issued by District Court Judge Polster in the opioid MDL, the issue should not have been encountered in this case. Here, the Class Claimants issued subpoenas under Rule 45, despite the fact that no adversary proceeding or contested matter involving the parties was pending, and despite the absence of a request for authorization to conduct an examination (and receiving permission to do so) under Rule 2004.

Faced with similar facts, the Bankruptcy Court for the Northern District of Georgia held that under Rule 45(a)(2), to be proper, a "subpoena must issue from the court where [an] adversary proceeding, contested petition, or proceedings to vacate an order for relief or to determine any other contested matter is pending." *In re Patel*, No. 16-65074-LRC, 2017 Bankr. LEXIS 216, at

4

*5-6 (Bankr. N.D. Ga. Jan. 26, 2017). *See also In re Drake*, No. 4:17-MC-69-ALM-CAN, 2018 U.S. Dist. LEXIS 25800, at *5 (E.D. Tex. Jan. 10, 2018). The *Patel* court recognized that, in bankruptcy cases, Rule 2004 provides an exception to Rule 45(a)(2): "Even in the absence of an adversary proceeding or contested matter, a party in interest may move the Court for an examination and [if granted], pursuant to Rule 2004(c), such party in interest may compel the attendance and production of documents as provided in Rule 9016 (*i.e.* through Federal Rule 45)." *In re Patel*, 2017 Bankr. LEXIS 216, at *6. The *Patel* court held: "[U]nder a plain reading of Federal Rule 45 and Rules 9002(1), 9016, and 2004, to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order." *Id.*

This Court agrees with the holding of the *Patel* court. Here, because no adversary proceeding or litigated contested matter was pending, and no order authorizing an examination of the Insurers was granted by this Court under Rule 2004, the subpoenas issued by the Class Claimants were improper and invalid. Having resolved the cross-motion on these grounds, the Court need not address the other three grounds asserted by the Insurers in the cross-motion.

The motions of the Class Claimants, requesting that the Insurers be compelled to produce documents, are **DENIED**. The cross-motion of the Insurers, requesting that the subpoenas be quashed, is **GRANTED**.

**B. The Court Defers to the MDL Court the Insurers' Request for the Imposition of Sanctions**

In the cross-motion, as a parting shot, the Insurers request that the Court impose sanctions against the Class Claimants, under Rule 45(d)(1), arguing that the subpoenas subjected them to undue burden and expense. (ECF No. 667 ¶¶ 43-46). On the submission before the Court, the Insurers' assertions are framed in conclusory fashion, with little or no factual support. Oddly, the

Insurers do not also point to the discovery stay orders issued by the MDL court, as a possible basis for sanctions to be imposed on the Class Claimants. In any event, this Court, in the exercise of its discretion, declines to take up that part of the cross-motion claiming that the subpoenas were overbroad or unduly burdensome. Resolution of the overbreadth claim is not necessary to the disposition of the motion to quash. Consequently, the Court declines the invitation to consider the imposition of sanctions under Rule 45(d)(1).

However, the Class Claimants' conduct in this Court may well have been a carefully orchestrated attempt to end-run the MDL court's orders staying discovery in the opioid litigation. If there has been an affront worked by the Class Claimants' issuance of the subpoenas, it would seem that issue may best be directed to the MDL court under Rule 11, if at all. This Court, therefore, defers to the MDL court consideration of any request for sanctions arising out of the issuance of the subpoenas. The cross-motion requesting the imposition of sanctions is **DENIED, without prejudice**, to the Insurers seeking relief from the MDL court.

## V.

## CONCLUSION

The motions of the Class Claimants to compel production of documents (ECF Nos. 596, 597, 598) are **DENIED**. The cross-motion of the Insurers to quash the subpoenas (ECF No. 667) is **GRANTED**. The request of the Insurers for the imposition of sanctions, under Rule 45(d)(1) FRCP, is **DENIED, without prejudice**, to the Insurers seeking further relief from the MDL court.

**IT IS SO ORDERED.**

DATED: September 11, 2020 _____/s/_____
       Rochester, New York        HON. PAUL R. WARREN
                                         United States Bankruptcy Judge