UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

  Rochester Drug Cooperative, Inc.,            Bankruptcy Case No. 20-20230-PRW
                                                                Chapter 11

                          Debtor.

## DECISION AND ORDER
## DENYING MOTION SEEKING RECONSIDERATION
## OF ORDER DENYING STAY RELIEF

PAUL R. WARREN, U.S.B.J.

      On September 11, 2020, the Court entered an Order denying a motion for stay relief sought by Nelroy Drugs and several related entities ("Movants"). (ECF No. 744). No appeal was taken by the Movants. The time to appeal expired on September 25, 2020. Three days later, on September 28, 2020, those same entities filed a motion seeking reconsideration of the denial of their lift stay motion, under Rule 60(b)(1) FRCP. (ECF No. 797).[1] The sole basis for reconsideration asserted in the motion is an unidentified mistake of law by the Court.

      Because it is well-settled, under Second Circuit precedent, that motions seeking relief from an alleged judicial mistake of law under Rule 60(b)(1) must be brought within the time to appeal, the Movants' request for reconsideration is in all respects **DENIED**. Alternatively, even had the motion been filed timely, the Movants have failed to point to a single controlling decision or fact in the record that was overlooked by the Court, providing an independent basis upon which the motion for reconsideration is **DENIED**.

---

[1] The motion was scheduled to be heard on October 23, 2020 at 11:00 A.M. (ECF No. 807), along with other motions involving this case. Counsel to the Movants failed to appear in support of the motion.

# I.

# FACTS

On August 24, 2020, the Movants filed a motion requesting termination of the automatic stay. (ECF No. 664). The Movants scheduled their motion to be heard on September 11, 2020. On September 8, 2020, the Creditors' Committee and Debtor each filed timely opposition to the motion. (ECF Nos. 714, 719). On September 10, 2020, counsel to the Movants filed a letter requesting an adjournment of the motion to allow counsel to further prepare, and alleging that opposition papers by the Committee and Debtor had been filed "yesterday." (ECF No. 735). The Court denied the requested adjournment, pointing out that the opposing papers were timely filed three days before the scheduled hearing. (ECF No. 737). The Court held a hearing on Movants' motion on September 11, 2020, as scheduled, after which the Court entered an Order denying the motion. (ECF No. 744).

No appeal of that Order was taken by the Movants. The time to appeal expired on September 25, 2020, by operation of Rule 8002(a)(1) FRBP. On September 28, 2020, the Movants filed a motion for reconsideration of the Order denying stay relief. (ECF No. 797). The sole basis for reconsideration alleged by the Movants is a "mistake of law" claimed to have been committed by the Court. (*Id.* ¶¶ 17-20). The Movants point to Rule 60(b)(1) as the legal authority upon which their motion rests. The Movants correctly observe that the Second Circuit has held that Rule 60(b)(1) can serve as the basis to seek relief from a mistake of law committed by a court. But, that's as far as the motion goes. (*Id.*).

The motion does not point to any controlling decisions that this Court overlooked. The motion does not point to any facts in the record of the original hearing that the Court overlooked. (*See* ECF No. 797 ¶¶ 17-20). The motion offers nothing more than a general description of

2

Case 2-20-20230-PRW, Doc 883, Filed 10/23/20, Entered 10/23/20 13:43:25, Description: Main Document , Page 2 of 8

decisions finding that Rule 60(b)(1) can serve as a vehicle to address "'mistakes' includ[ing] the court's mistake of law."[2] (*Id.* ¶ 19).

In response, the Debtor observes that the Movants failed to identify the alleged mistake of law made by the Court in denying stay relief. (ECF No. 861 ¶¶ 1-12). Thus, no basis for reconsideration has been demonstrated under Rule 60(b)(1). (*Id.*). The Debtor goes farther—unnecessarily—and addresses the merits of the denial of the list stay motion. (*Id.* ¶¶ 13-19). The Creditors' Committee separately objects to the motion seeking reconsideration, arguing both that the motion is untimely and fails to point to controlling case law that the Court overlooked. (ECF No. 862 ¶¶ 34-36).

## II.

### ISSUE

The narrow issue presented is whether a movant, seeking reconsideration of an order under Rule 60(b)(1) FRCP based on an alleged "mistake of law" by the court, has carried its burden of proof where the motion (filed after the time to appeal has expired) fails to point to any controlling decisions that the court overlooked in rendering the order in question.

The answer is provided by well-settled Second Circuit precedent—and the answer is a resounding no.

---

[2] As could be said of Frankenstein, it is readily apparent that the motion is the product of a bad cut and paste job. One need look no further than footnote 1 in the motion for evidence. Specifically, after (correctly) recognizing that the Second Circuit only permits a court to correct a mistake under Rule 60(b)(1) if requested in a motion made within the time to appeal, the motion states: "However, because *Debtor* makes this Motion within 14 days of the subject Order (*which was dated March 21, 2016*), reconsideration of the Order is timely and therefore properly before the Court at this time." (ECF No. 797 ¶ 19 n.1 (emphasis added)). Of course, the Movants here are not the "Debtor" and the year is most assuredly not "2016."

# III.

# DISCUSSION

A. **<u>Movants' Request for Reconsideration, Seeking to Correct a Supposed Mistake of Law by the Court, Is Time-Barred Under Second Circuit Precedent</u>**

Over a half-century ago, the Second Circuit recognized that, included among the "mistakes" correctable under Rule 60(b)(1), are mistakes of law by the lower courts. *See Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964). However, Judge Friendly, writing for the Court of Appeals, cautioned that "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." *Id.* (quoting *Hartman v. Lauchli*, 304 F.2d 431, 932 (8th Cir. 1962)) (internal quotation marks omitted) (citing *Wagner v. United States*, 316 F.2d 871 (2d Cir. 1963)). And, the *Schildhaus* Court cited with favor the proposition, advanced by Professor Moore, "that a reasonable time for making a motion under Rule 60(b) on the basis of judicial error should not exceed that allowed for an appeal." *Id.* at 531 (quoting 7 Moore, Federal Practice P60.26(4), p. 239 (1955)).

The Second Circuit subsequently put a finer point on *Schildhaus*. While reaffirming that Rule 60(b)(1) can serve as a vehicle to address "mistakes" by the lower court, the Circuit held that "a motion for relief from such judicial mistakes under Rule 60(b)(1) may not be made after the time for an appeal has elapsed, at least if the mistake alleged is of a substantive legal nature." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (internal citation omitted). The *Vesco* Court went on to observe that "appellant's own characterization indicates that the Rule 60(b)(1) motion must be rejected, because it was made after the expiration of the time for appeal from the judgment." *Id.*

4

Most recently, the Second Circuit has again approved of the expansive use of Rule 60(b)(1) to correct both mistakes of law and mistakes of fact committed by the trial court. *See In re 310 Assocs.*, 346 F.3d 31 (2d Cir. 2003). However, the Circuit once again reaffirmed the long-standing requirement that a motion under Rule 60(b)(1), asserting a mistake of law or mistake of fact by the trial court, must be brought before the deadline to take an appeal of the order or judgment in question. *Id.* at 35. The well-settled law in the Second Circuit is that, while a mistake of law or fact by the trial court may be addressed by a motion brought under Rule 60(b)(1), the failure to file such a motion before passage of the deadline to appeal is fatal.

Here, the Order at issue was entered on September 11, 2020. (ECF No. 744). By operation of Rule 8002(a)(1) FRBP, the Movants had 14 days to take an appeal of that Order. Those 14 days ended at midnight on September 25, 2020. No appeal was taken. Instead, on September 28, 2020, three days after the deadline to appeal had closed, the Movants filed the motion seeking reconsideration under Rule 60(b)(1). (ECF No. 797). The sole and exclusive basis for the motion is an unidentified "mistake of law" committed by this Court. There is no other basis alleged by Movants in support of the motion under Rule 60(b). Consequently, under long-standing Second Circuit precedent, the motion is untimely and must be denied.

**B. Even if the Motion Had Been Filed Timely, the Movants Have Failed to Demonstrate that the Court Made a "Mistake of Law"**

The Court could end its discussion of Movants' late-filed motion for reconsideration at this point. But a further word or two about the motion seems to be in order. The motion devotes a total of four paragraphs to pointing out that the Second Circuit permits "mistakes of law" by a court to be addressed by a motion under Rule 60(b)(1). (ECF No 797 ¶¶ 17-20). But, the motion stops there. Nowhere in the motion do the Movants point to *any* controlling decisions or *any* facts

5

in the record that the Court overlooked. Instead, the motion to reconsider attempts to make legal and factual arguments that go far beyond those made in the lift stay motion—arguments not mentioned (or even hinted at) in the original motion. (*Compare* ECF No. 797 ¶¶ 23-31 *with* ECF No. 664).

It is well-settled that "[g]enerally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re Lynch*, No. 15-74795-AST, 2018 Bankr. LEXIS 3645, at *9 (Bankr. E.D.N.Y. Nov. 19, 2018) (quoting *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008)) (internal quotation marks omitted) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Motions to reconsider "are not vehicles for taking a second bite at the apple." *Id.* at *9 (quoting *Rafter*, 288 Fed. Appx. at 769). "Facts that are not in the record of the original hearing cannot be said to be facts that the court 'overlooked.'" *Id.* "[The Movant] bears the burden of establishing that there were controlling decisions or data that the Court overlooked which might reasonably be expected to alter the conclusion reached by the Court." *Id.* at *9-10.

The Movants not only have failed to meet their burden, they seem blissfully unaware of the burden they bear. The motion to reconsider does not mention any controlling decisions that the Court overlooked in denying stay relief. The motion does not point to any *facts in the record of the original hearing* that the Court "overlooked." Instead, the motion to reconsider does two things—both equally unacceptable in a motion under Rule 60(b)(1). First, the motion to reconsider simply repeats the Movants' desired application of the "*Sonnax* factors" from the original motion. (ECF No. 797 ¶¶ 21-22). That identical argument was made in the original motion. That ship has

sailed.  Second, the motion to reconsider offers facts and legal arguments that were not included in the original motion for which reconsideration is sought.

Sections C and D in the motion to reconsider cannot be found—in any form—in the original motion.  And, the recitation of facts contained in the motion to reconsider cannot, under any twisted logic, be said to have been "overlooked" by this Court in deciding the original motion.  One need only look at the dates of the affidavits of Richard Cullen and Sarit Roy, attached as exhibits to the motion to reconsider, to conclude that the facts set out in those affidavits (and repeated in the motion to reconsider) could not possibly have been part of the record before the Court in the original hearing.  (*See* ECF No. 797, Exs. 1-3).[3]  Recall, the hearing on the original motion took place on September 11, 2020.  The Order denying stay relief was entered on September 11, 2020.  The Cullen affidavit is dated September 14, 2020.  (*Id.*, Exs. 1 & 2).  The Roy affidavit is dated September 25, 2020.  (*Id.*, Ex. 3).  Therefore, the facts alleged in those affidavits (and in the motion to reconsider) could not possibly have been "overlooked" by this Court in the original hearing, because those affidavits did not exist when the Court entered its order denying the original motion.  It is not only too late to attempt to place those facts before the Court in a motion under Rule 60(b)(1), it is wholly improper.  The motion to reconsider is both time-barred and a transparent attempt to relitigate the original motion, using facts not in the record of the original hearing.  Under well-settled Second Circuit precedent, the motion for reconsideration falls flat.

---

[3]  The Cullen affidavit is attached to the motion as Exhibits 1 and 2, even though those exhibits are identical to each other.  It seems only fitting that the bad cut and paste job evidenced by the motion be stitched together with a sloppy assembly job.

7

## IV.

## CONCLUSION

For the reasons stated, the Nelroy Entities' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 23, 2020 _____/s/_____
       Rochester, New York         HON. PAUL R. WARREN
                                        United States Bankruptcy Judge