UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

ROCHESTER DRUG CO-OPERATIVE, INC.,[1]          Case No. 20-20230
                                               Chapter 11 Case

                                Debtor.
_____

### DECISION AND ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION DATED JANUARY 15, 2021

The Court having considered the *Second Amended Chapter 11 Plan of Liquidation Dated January 15, 2021* [Docket No. 1145] (the "**Plan**") as subsequently supplemented, amended or otherwise modified in accordance with the terms of the Plan and the Bankruptcy Code,[2] proposed and filed by debtor Rochester Drug Co-Operative, Inc. (the "**Debtor**"), and the Second Amended Disclosure Statement having been approved by the Court and duly transmitted to holders of Claims against the Debtor and other parties in interest in accordance with the Disclosure Statement Order dated January 15, 2021 [Docket No. 1147], in which the Court, among other things, approved solicitation and vote tabulation procedures, established the form of notice of the hearing and objection procedures in respect of confirmation of the Plan, and set the date for the hearing on confirmation of the Plan; and a hearing having been held before the Court to consider confirmation of the Plan (the "**Confirmation Hearing**"); and due notice of the Confirmation Hearing having been provided to holders of Claims against and Interests in the Debtor and other parties in interest, as established by the certificate of service and mailing filed

---

[1] The last four digits of the Debtor's federal tax identification number are 9574.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

with the Court, and such notice being sufficient, and no further notice being required; and based upon and after full consideration of the entire record of the Confirmation Hearing, including (A) the Plan, the Disclosure Statement and the Disclosure Statement Order, (B) the Debtor's memorandum of law in support of confirmation of the Plan, and (C) the Declarations filed in support of confirmation of the Plan; and the Court having considered all objections to confirmation of the Plan (the "**Objections**"); and all Objections having been withdrawn, overruled, resolved by stipulation or agreement, otherwise resolved on the record of the Confirmation Hearing, or otherwise denied as set forth in the record of the Confirmation Hearing, which record is incorporated herein; and all other conditions to confirmation having been satisfied; and the Court being familiar with the Plan and other relevant factors affecting the Chapter 11 Case; and the Court having taken judicial notice of the entire record of the Chapter 11 Case; and upon the arguments of counsel and the evidence proffered and adduced at the Confirmation Hearing; and upon all of the proceedings had before the Court; and after due deliberation and consideration and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

## Jurisdiction and Venue

1.      This Court has jurisdiction over the Chapter 11 Case and to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

---

[3]Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

3.      The Debtor is eligible for relief under 11 U.S.C. § 109.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Solicitation and Notice

5.      The procedures used to distribute and tabulate the Ballots were fair, properly conducted, and in accordance with the Disclosure Statement Order, all applicable Bankruptcy Rules, and the Bankruptcy Code.

6.      The Disclosure Statement, the Disclosure Statement Order, the Plan, the Ballots, and notice of the Confirmation Hearing were transmitted and served in compliance with the Bankruptcy Rules, the Bankruptcy Code, the Disclosure Statement Order and any other applicable Orders and rulings of the Court.  As described in the Voting Certification [Docket No. 1242], the transmittal and service of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Ballots, and notice of the Confirmation Hearing were adequate and sufficient under the circumstances of the Chapter 11 Case.

7.      As set forth in the Voting Certification, votes to accept and reject the Plan were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

8.      Adequate and sufficient notice of the Confirmation Hearing, including the deadline for filing and serving objections to confirmation of the Plan, and other requirements and deadlines, hearings and matters described in the Disclosure Statement Order were given in compliance with the Bankruptcy Rules and the terms of the Disclosure Statement Order, and no other or further notice is required.

### Chapter 11 Case and Plan Formulation

9.      On the Petition Date, the Debtor commenced a voluntary case in this Court under chapter 11 of the Bankruptcy Code.  The Debtor was authorized to continue to operate its business and is currently authorized to manage Assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 7, 2020, the Office of the United States Trustee appointed the Committee [Docket Nos. 138, 141].  No trustee or examiner has been appointed in the Chapter 11 Case.

10.     On January 15, 2021, the Court approved the Disclosure Statement.

### Section 1129 Requirements

11.     Burden of Proof.  As set forth herein, the Debtor has met its burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

12.     Bankruptcy Rule 3016(a).  The Plan is dated and identifies the Debtor, thereby satisfying the requirements of Bankruptcy Rule 3016(a).

13.     Plan Compliance with Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

a.      Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to Administrative Claims (including Fee Claims), U.S. Trustee Fees, and Attorney Fee Account funding, which need not be classified, the Plan designates two Classes of Claims and one Class of Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests in each such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and

such Classes do not unfairly discriminate between holders of Claims and Interests. The classification of Claims and Interests in the Plan is reasonable and necessary to implement the Plan. The Plan adequately and properly classifies all Claims and Interests and satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.      <u>Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that Class 1 is unimpaired, thereby satisfying the requirements of section 1123(a)(2) of the Bankruptcy Code.

c.      <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan specifies the treatment of the Classes of Claims and Interests that are impaired under the Plan, thereby satisfying the requirements of section 1123(a)(3) of the Bankruptcy Code.

d.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment, thereby satisfying the requirements of section 1123(a)(4) of the Bankruptcy Code.

e.      <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and the document set forth in the Plan Supplement provide adequate and proper means for the implementation of the Plan, including, without limitation, (i) the vesting of Assets of the Estate in the Debtor, and (ii) the appointment of the Liquidating Trustee, thereby satisfying the requirements of section 1123(a)(5) of the Bankruptcy Code.

f.      <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtor because such entity is not issuing securities under the Plan.

g.      Officers, Directors or Trustee (11 U.S.C. § 1123(a)(7)).  The Plan provides

for the appointment of and identifies a Liquidating Trustee which will act for the Debtor in a

fiduciary capacity as applicable to a board of directors, subject to the provisions of the Plan.

Accordingly, to the extent applicable, section 1123(a)(7) of the Bankruptcy Code is satisfied.

Advisory Trust Group, LLC is hereby appointed as the Liquidating Trustee.  For purposes of

clarity, section 6.6 of the Plan does not enlarge, modify, or otherwise impose any additional

duties or obligations on the U.S. Trustee other than those imposed on the U.S. Trustee pursuant

to 28 U.S.C. § 586.

14.    Additional Plan Provisions (11 U.S.C. § 1123(b)).  The Plan's additional

provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code,

thereby satisfying section 1123(b) of the Bankruptcy Code.

a.      Impairment/Unimpairment of Classes of Claims and Equity Interests (11

U.S.C. § 1123(b)(1)).  Pursuant to Section 3 of the Plan, (a) Class 1 is unimpaired under the

Plan; and (b) Classes 2 and 3 are impaired, as contemplated by section 1123(b)(1) of the

Bankruptcy Code.

b.      Assumption and Rejection of Executory Contracts (11 U.S.C.

§ 1123(b)(2)).  Pursuant to the Plan and as contemplated by section 1123(b)(2) of the Bankruptcy

Code, all executory contracts and unexpired leases that exist between the Debtor and any Person

that is not an Assigned Contract that has not expired by its own terms before the Effective Date

shall be rejected as of the Effective Date.

c.      Retention and Enforcement of Claims or Interests Belonging to the Estates

(11 U.S.C. § 1123(b)(3)).  Except as otherwise provided in the Plan, all Causes of Action of the

Debtor shall survive confirmation of the Plan and the commencement and prosecution of such

Causes of Action by the Liquidating Trustee or otherwise shall not be barred or limited by *res judicata* or any estoppel, whether judicial, equitable or otherwise. The Liquidating Trustee shall have the authority to commence and prosecute Causes of Action of the Debtor. Accordingly, the Plan complies with section 1123(b)(3) of the Bankruptcy Code.

        d.      <u>Inclusion of Provisions not Inconsistent with Applicable Non-Bankruptcy Law (11 U.S.C. § 1123(b)(6))</u>. Section 10 of the Plan contains injunction and exculpation provisions that are consistent with applicable provisions of the Bankruptcy Code, as contemplated by section 1123(b)(6) and 1125(e) of the Bankruptcy Code.

        e.      <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. The Plan does not contemplate the assumption of any executory contracts or unexpired leases, and as such it is not required to provide for the satisfaction of cure claims associated with any executory contract or unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. To the extent any executory contracts or unexpired leases are assumed by the Debtor, any disputed cure payment amounts will be determined in accordance with the underlying agreements, and applicable bankruptcy and non-bankruptcy law. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

    15.    <u>The Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code. Specifically:

        a.      The Debtor is a proper Debtor under section 109 of the Bankruptcy Code.

        b.      The Debtor has complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

        c.      The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating votes for the Plan.

Case 2-20-20230-PRW, Doc 1257, Filed 02/26/21, Entered 02/26/21 14:52:33, Description: Main Document , Page 7 of 21

16.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Debtor is the

proponent of the Plan.  The Debtor has proposed the Plan (including, without limitation, any

other documents necessary to effectuate the Plan) in good faith and not by any means forbidden

by law, thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.  In

determining that the Plan has been proposed in good faith, the Court has examined the totality of

the circumstances surrounding the formulation of the Plan.  Based on the evidence presented at

the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with

the legitimate and honest purpose of maximizing the return available to creditors.  Consistent

with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow

the Debtor to satisfy its obligations to the greatest extent possible.  Moreover, the sufficiency of

disclosure and the arm's-length negotiations among the Debtor, the Committee, and other parties

in interest leading to the Plan's formulation, all provide independent evidence of the Debtor's

good faith in proposing the Plan in compliance with section 1129(a)(3) of the Bankruptcy Code.

Further, the exculpation and injunction provisions of the Plan are fair and equitable and have

been negotiated in good faith and at arm's length with, among other persons, representatives of

the Debtor and the Committee, and their respective advisors, and are consistent with sections

105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each

necessary to the Debtor's successful emergence from chapter 11.

17.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  The Plan

provides that any and all payments made or to be made by the Debtor for services or costs and

expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and

incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the

Court as reasonable. Therefore, the requirements of section 1129(a)(4) of the Bankruptcy Code are satisfied.

18. <u>Directors and Officers (11 U.S.C. § 1129(a)(5))</u>. The identity and affiliations of the entity proposed to serve as the Liquidating Trustee has been fully disclosed by the Debtor, is consistent with the interests of creditors and equity security holders and is in accordance with public policy. Accordingly, to the extent applicable, section 1129(a)(5) of the Bankruptcy Code is satisfied.

19. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Plan does not contain any changes to the rates of the Debtor, established or approved by, or otherwise subject to, any governmental regulatory commission. Therefore, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

20. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Debtor's liquidation and distribution analyses contained in the Disclosure Statement: (a) were accurate as of the time they were prepared and subsequent developments have not rendered them inaccurate in any material respect; (b) are based upon reasonable and sound assumptions; and (c) provide a reasonable estimate of the liquidation values upon conversion to a case under chapter 7 of the Bankruptcy Code. Each holder of an impaired Claim or Interest has, therefore, either accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. Based on the testimony and documentary evidence presented at the Confirmation Hearing, the Court finds that the holders of Claims and Interests in all Classes will receive at least as much under the Plan as they would under a chapter 7 liquidation. No election has been made under 11 U.S.C.

§ 1111(b), and therefore 11 U.S.C. § 1129(a)(7)(B) is inapplicable in the Chapter 11 Case.

Accordingly, the Plan satisfies the "best interest of creditors" test under section 1129(a)(7) of the

Bankruptcy Code.

21. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).</u>

a. Class 1 is unimpaired by the Plan and, accordingly, holders of Claims in

this Class are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the

Bankruptcy Code.

b. Class 2 is impaired by the Plan and is entitled to vote to accept or reject

the Plan. At least two-thirds in amount and more than one-half in number of the Allowed Claims

held by creditors in Class 2 who have voted to accept or reject the Plan have voted to accept the

Plan, as established by the Voting Certification, in accordance with section 1126(c) of the

Bankruptcy Code.

c. Class 3 is impaired by the Plan but is not entitled to vote to accept or reject

the Plan. The holders of a Class 3 Interest will not receive or retain any interest or property

under the Plan on account of such Interest. Class 3 is thus deemed to have rejected the Plan

pursuant to section 1126(g) of the Bankruptcy Code. Although the requirements of section

1129(a)(8) have not been satisfied with respect to Class 3, the Plan is confirmable because the

Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Class.

22. <u>Treatment of Administrative Claims, Fee Claims, U.S. Trustee Fees, and Attorney</u>

<u>Fee Account Funding (11 U.S.C. § 1129(a)(9)).</u> The treatment of Administrative Claims, Fee

Claims, U.S. Trustee Fees, and the Attorney Fee Account funding pursuant to the Plan, as the

case may be, satisfies the requirements of sections 1129(a)(9)(A), (B), (C) and (D) of the

Bankruptcy Code.

23.  Acceptance By Impaired Classes (11 U.S.C. § 1129(a)(10)).  Class 2 which is impaired pursuant to the Plan and entitled to vote, voted to accept the Plan by the requisite majorities.  Accordingly, at least one class of Claims that is impaired under the Plan and entitled to vote has accepted the Plan.  Such acceptance was determined without including any vote of any insider to accept the Plan, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

24.  Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan provides for the liquidation of the Debtor and therefore, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

25.  Payment of Fees (11 U.S.C. § 1129(a)(12)).  The Plan provides that all outstanding fees payable to the United State Trustee pursuant to 28 U.S.C. § 1930 ("**U.S. Trustee Fees**") will be paid in full by the Debtor or the Liquidating Trustee.  All U.S. Trustee Fees shall be paid as they become due and owing based upon all pre-confirmation and post-confirmation expenditures made by the Debtor and the Liquidating Trustee, or on behalf of the Debtor and the Liquidating Trustee, including but not limited to, expenditures made under the Plan until the case is dismissed, converted or closed.

26.  Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Section 1129(a)(13) of the Bankruptcy Code is satisfied because the Debtor does not have any retiree benefit plans.

27.  No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

28.     Debtor Is Not An Individual (11 U.S.C. § 1129(a)(15)).  The Debtor is not an individual and, accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

29.     Applicable Non-Bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). Section 1129(a)(16) of the Bankruptcy Code is satisfied because all transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

30.     No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  The Debtor has requested that the Court confirm the Plan notwithstanding the fact that the Interests in Class 3 (the "**Rejecting Class**") are deemed to reject the Plan.  The Debtor has satisfied the requirements of sections 1129(b)(1) and (b)(2) of the Bankruptcy Code with respect to the Rejecting Class.  Based on the evidence proffered, adduced, and presented at the Confirmation Hearing and pleadings submitted by the Debtor, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  There is no holder of any Claim or Interest junior to it that is receiving or retaining any property under the Plan on account of such Interests.  Thus, the Plan may be confirmed notwithstanding the deemed rejection by the Rejecting Class.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of the Rejecting Class.

31.     Only One Plan (11 U.S.C. § 1129(c)).  The Plan is the only plan filed in the Chapter 11 Case which has not otherwise been withdrawn and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

32.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the

Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy

Code.

33.    Not Small Business Cases (11 U.S.C. § 1129(e)).  This is not small business case

and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

34.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the record before the

Court in the Chapter 11 Case, (i) the Debtor is deemed to have solicited acceptances of the Plan

in good faith and in compliance with the applicable provisions of the Bankruptcy Code,

including, without limitation, sections 1125(a) through (e) of the Bankruptcy Code, and any

applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in

connection with such solicitation; and (ii) the Debtor shall be deemed to have participated in

"good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance

with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and therefore

is not, and will not be, liable at any time for any violation of any applicable law, rule, or

regulation governing the solicitation of acceptances or rejections of the Plan or the offer,

issuance, sale or purchase of any securities under the Plan and are entitled to the protections

afforded by section 1125(e) of the Bankruptcy Code and the exculpation provision set forth in

the Plan.

35.    Objections.  All parties have had a full and fair opportunity to litigate all issues

raised by Objections to confirmation of the Plan, or which might have been raised, and the

Objections to confirmation have been fully and fairly litigated or otherwise resolved by

agreement.  All Objections, responses, statements, and comments in opposition to the Plan, other

than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing, are overruled for the reasons stated on the record.

36. <u>Valuation</u>. The liquidation analysis contained in the Disclosure Statement is reasonable. Pursuant to the liquidation analysis set forth in the Disclosure Statement the liquidation value of the Debtor is insufficient to support a distribution to holders of Claims in Class 3 under absolute priority principles.

37. <u>Rule 3020(e)</u>. Valid and sufficient justification exists for the waiver of the stay imposed by Bankruptcy Rule 3020(e).

## **Implementation and Consummation of the Plan**

38. The terms of the Plan, including without limitation the documents contained in all exhibits and schedules thereto, and all other documents filed in connection with the Plan and executed or to be executed in connection with the transactions contemplated by the Plan or otherwise necessary to implement the Plan, and all supplements, amendments, and modifications thereof (collectively, the "**Plan Documents**") are incorporated by reference, are proper in all respects, and constitute an integral part of these Findings of Fact and Conclusions of Law.

39. The Plan and the Plan Documents have been negotiated in good faith and at arm's length and upon completion of documentation and execution and on delivery thereof, as applicable, shall, on and after the Effective Date, constitute legal, valid, binding and authorized obligations of the respective parties thereto and will be enforceable in accordance with their terms.

40. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise applicable non-

bankruptcy law. The Debtor, and all of its officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates and representatives, will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby, and (ii) take any actions authorized and directed by this Confirmation Order.

41. The Plan Documents and their execution, delivery, and performance are hereby authorized and approved. The executed versions of the documents comprising the Plan Documents shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms..

42. Notwithstanding any provision in the Plan to the contrary, the Distribution Record Date shall be the date on which this Confirmation Order is entered.

43. From and after the Effective Date, the provisions of the Plan shall bind (i) any holder of a Claim or Interest and such holder's respective successors and assigns, whether or not the Claim or Interest is impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a Distribution under the Plan, (ii) any and all non-Debtor parties to assumed executory contracts and unexpired leases with the Debtor, (iii) any parties that have objected to confirmation of the Plan, (iv) every other party in interest in the Chapter 11 Case, and (v) all parties receiving property under the Plan and the Plan Documents, and their respective heirs, executors, administrators, successors, or assigns.

44. Pursuant to the Plan, the vesting on the Effective Date, of the Assets in the Debtor: (i) vests the Debtor with good title to the Assets, free and clear of all Liens, charges, Claims, encumbrances and Interests, subject to the terms and conditions of the Plan, and this

Confirmation Order, and (ii) does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

## Plan Provisions

45. Notwithstanding anything to the contrary in the Plan, the Plan Documents or this Confirmation Order, any Causes of Action, including Antitrust Actions, related to Merck Sharp & Dohme Corp, Novo Nordisk, Inc., Eli Lilly and Company, and sanofi-aventis U.S. LLC, and each of their respective subsidiaries and affiliates (collectively, "**Creditor Defendants**") shall only be vested with the Debtor and only be transferred to the Liquidating Trust subject to any and all claims, causes of action, rights, remedies, interests and defenses of the Creditor Defendants, whether known or unknown, foreseen or unforeseen, asserted or unasserted, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise. Subject to further order of the Bankruptcy Court sought by the Liquidating Trust or Debtor on notice to the Creditor Defendants, in no event shall anything in the Plan, the Plan Documents, or this Confirmation Order enjoin, impair, alter, change, prejudice or otherwise modify or affect the claims, causes of action, rights, remedies, interests and defenses of the Creditor Defendants, including, without limitation, any setoff or recoupment rights, or enjoin, impair, alter, change, prejudice or otherwise modify or affect any rights of the Liquidating Trust or Debtor, in connection with, related to, or arising out of the following litigation matters: (i) In re Direct Purchaser Insulin Pricing Litigation, Case No. 3:20-cv-3426 (BRM)(LHG) (D.N.J.); and (ii) In re Zetia (Ezetimbe) Antitrust Litigation, MDL No. 2:18-md-2836 (E.D. VA.).

46. Nothing in the Plan or this Confirmation Order shall modify any party's rights with respect to the Claims reconciliation process in this Chapter 11 Case.

47.     Nothing in the Plan or this Confirmation Order shall modify the rights of the Debtor, Liquidating Trust, or Wholesale Alliance L.L.C. ("**Wholesale Alliance**") with respect to the redemption of the Debtor's membership interest in Wholesale Alliance.

48.     Notwithstanding anything to the contrary set forth in the Plan or this Confirmation Order, including, but not limited to, section 10.11 of the Plan, the rights of the Debtor, Liquidating Trust, Cardinal Health 105, Inc., and The Harvard Drug Group LLC shall not be impaired or modified with respect to the subject matter of the *Motion Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Entry of Order (A) Approving a Stipulation Settling Claims Between the Debtor and Cardinal Health 105, Inc. and The Harvard Drug Group LLC; and (B) Modifying the Automatic Stay in Furtherance of Settlement* dated February 16, 2021 [Docket No. 1224] currently pending before this Court.

49.     The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of any such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

50.     All Plan Distributions made to Creditors holding Allowed Claims in any Class are intended to be and shall be in full and final satisfaction of the Debtor's obligations under the Plan.  The classifications of Claims for purposes of the Distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classification set forth on the Ballots tendered to or returned by the Debtor's creditors in connection with voting on the Plan: (a) was set forth on the Ballots solely for the purpose of voting to accept or reject the Plan, (b) does not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) shall not be

binding on the Debtor or the Liquidating Trustee or any holder of a Claim for purposes other than voting on the Plan.

51. The Debtor is authorized to execute, deliver, file, and record such contracts, instruments, releases, certificates, and other agreements or documents, and take such other actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

52. The provisions of the Plan, including, without limitation, the provisions governing procedures for resolving disputed Claims, are found to be fair and reasonable and are approved.

53. The assumption and assignment of executory contracts and unexpired leases of the Debtor, and related cure payments, or, alternatively, the rejection of such contracts and leases, shall be governed by the orders entered approving such assumption or rejection.

54. Pursuant to the Plan, each of the conditions precedent to the confirmation and effectiveness of the Plan has been or will be satisfied in full or waived on or before the Effective Date. If the Plan does not become effective, nothing in the Plan shall be construed as a waiver of any rights or Claims of any Person and this Confirmation Order shall be vacated.

55. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and sections 105, 524 and 1141 of the Bankruptcy Code to approve the injunction, and exculpation set forth in the Plan.

56. The exculpation and injunction provisions set forth in the Plan are essential to the Plan and are narrowly tailored.

57. The exculpation provision set forth in the Plan shall be limited to the Exculpated Parties' conduct in connection with the preparation of, and solicitation of acceptances or

rejections of, the Plan, the confirmation of the Plan, and the distribution of funds pursuant to the Plan.

58.     Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and exculpation set forth in Sections 10.4, 10.5, and 10.6 of the Plan, if, as has been established here, such provisions (i) are consensual; or (ii) (a) are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (b) confer substantial benefits on the Estate, (c) are fair and reasonable, and (d) are in the best interests of the Debtor, the Debtor's Estate, and parties in interest. Further, the exculpation provision set forth in section 10.5 of the Plan does not relieve any party of liability for willful misconduct, gross negligence, criminal conduct, breaches of fiduciary duties, or failure to fully comply with Rule 1.8(h)(1) of the New York Rules of Professional Conduct.

59.     Based upon the record of the Chapter 11 Case and the evidence proffered, adduced, or presented at the Confirmation Hearing and filed with the Court, this Court finds that the injunctions, exculpation, and releases set forth in Section 10 of the Plan are consensual and are consistent with the Bankruptcy Code and applicable law, and are hereby approved in their entirety.

60.     The provisions of the Plan regarding the Court's retention of jurisdiction over various matters and proceedings are consistent with the Bankruptcy Code and applicable law.

61.     The Plan may be supplemented, amended or modified at any time after the Confirmation Date and before substantial consummation subject to the terms of the Plan; provided, that the Plan, as supplemented, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as supplemented, amended or modified, under section 1129 of the

Bankruptcy Code and the circumstances warrant such supplements, amendments or modifications.  A holder of a Claim that has accepted the Plan prior to any supplement, amendment or modification will be deemed to have accepted the Plan, as supplemented, amended or modified, if the proposed supplement, amendment or modification does not materially and adversely change the treatment of the holders of the Claims.

### The Plan Satisfies Confirmation Requirements

62.     Based upon the foregoing and all evidence and argument presented at the Confirmation Hearing and the pleadings filed with the Court, the Court finds and concludes that the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.  The Plan is approved and shall be confirmed under section 1129 of the Bankruptcy Code.

63.     The Liquidating Trustee shall file and serve the United States Trustee post-confirmation quarterly disbursement reports, and pay quarterly fees to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), as well as interest thereon, if any, pursuant to 31 U.S.C. § 3717, until such time as the case is converted, dismissed, or closed.

64.     Within three business days after the entry of this Confirmation Order, the Debtor shall mail a Notice of Confirmed Plan (the "**Confirmation Notice**"), by first class mail, postage prepaid, to (i) the Office of the United States Trustee; (ii) the Committee; (iii) all known holders of Claims and Interests against the Debtor; and (iii) all parties that have requested notice in the Chapter 11 Case.  Service of the Confirmation Notice as provided herein shall constitute good and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) of entry of this Confirmation Order and of the relief granted herein and, except as otherwise set forth in this Confirmation Order, no other or further notice need be given.

65.     Within five business days after the Effective Date, the Debtor shall mail a Notice of Effective Date (the "**Effective Date Notice**"), by first class mail, postage prepaid, to (i) the Office of the United States Trustee; (ii) the Committee; (iii) all known holders of Claims and Interests against the Debtor; and (iii) all parties that have requested notice in the Chapter 11 Case. Service of the Effective Date Notice as provided herein shall constitute good and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) of the Effective Date, and except as otherwise set forth in this Confirmation Order, no other or further notice need be given.

66.     The stay provided by Bankruptcy Rule 3020(e) shall expire on March 12, 2021.

67.     To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and provisions contained in this Confirmation Order shall govern.

68.     The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Court.

69.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Confirmation Order.

DATED: February 26, 2021                    _____/s/_____
        Rochester, New York                 HON. PAUL R. WARREN
                                         United States Bankruptcy Judge