lan D. Scharf, Esq. (NY Bar No. 4042107)
Gail S. Greenwood, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to Advisory Trust Group, LLC,*
*solely in its capacity as Liquidating Trustee of the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor. | |

**MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 542 AND BANKRUPTCY RULE 2004 AUTHORIZING AN ORAL EXAMINATION OF DONALD BILGORE AND THE PRODUCTION OF DOCUMENTS**

Advisory Trust Group, LLC, the Liquidating Trustee ("**Liquidating Trustee**") under the Debtor's Second Amended Chapter 11 Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust, hereby moves (the "**Motion**") this Court for entry of an order pursuant to Bankruptcy Code section 542 and Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the Liquidating Trustee to conduct an oral examination of Donald L. Bilgore ("**Bilgore**") and directing Bilgore to turn over and produce all files that belong to Rochester Drug Cooperative, Inc. ("**Debtor**" or "**RDC**") from and after January 1, 2013, including but not limited to board minutes, reports, correspondence and opinions, and meeting notes. In support of the Motion, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Bilgore acted as the Debtor's counsel for over forty-five years, since at least 1973, and recently retired. Based on minutes of the Debtor's Board of Directors, the Liquidating Trustee understands that Bilgore intermittently acted as RDC's corporate secretary, regularly attended board meetings, and personally attended and/or participated in meetings of the Debtor's Board of Directors as well as numerous meetings with agents of the U.S. Drug Enforcement Agency and its attorneys.

2. The Liquidating Trustee is informed and believes that Bilgore has retired and remains in possession of critical records and legal files of RDC. By this Motion, the Liquidating Trustee seeks entry of an order authorizing an oral examination of Bilgore and the turnover of all records that belong to RDC, including attorney-client communications and attorney work product, that are necessary to investigate the prepetition affairs of RDC.

**RELEVANT FACTS**

**The Bankruptcy Case**

3. On March 12, 2020 (the "**Petition Date**"), RDC commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Prior to the Petition Date, RDC was a distributor of pharmaceutical drugs that was owned and directed by approximately 307 stockholding pharmacists and pharmacies.

4. RDC's bankruptcy was precipitated by its consent to a Deferred Prosecution Agreement and associated agreements entered on April 23, 2019 (collectively, the "**DPA**") and a $20 million fine in connection with the opioid crisis. In particular, RDC was charged with, and stipulated to, a conspiracy to distribute controlled substances, conspiracy to defraud the government, and knowing failure to furnish suspicious order reports to the Drug Enforcement Administration (DEA).

2
DOCS_SF:105327.2 75015/003

5. On February 26, 2021, the Bankruptcy Court entered an order (the "**Confirmation Order**") confirming RDC's *Second Amended Chapter 11 Plan of Liquidation dated January 15, 2021* (the "**Plan**") which (along with that certain Liquidating Trust Agreement and Declaration of Trust) established a liquidating trust (the "**RDC Liquidating Trust**") to collect and administer certain assets belonging to RDC (including Causes of Action as defined in the Plan) and to file, settle, compromise, withdraw or litigate to judgment any Cause of Action. The Effective Date of the Plan occurred on March 19, 2021. As of the Effective Date, pursuant to the Confirmation Order, the Plan, and the Liquidating Trust Agreement, the Liquidating Trustee was appointed as trustee of the RDC Liquidating Trust; and the Liquidating Trustee has the exclusive right, power and interest to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, and abandon or resolve all Causes of Action.

**Records in Bilgore's Possession or Control**

6. Bilgore was engaged as RDC's corporate counsel since before January 1, 2013, through his retirement in approximately mid-2019. Accordingly, the Liquidating Trustee believes that Bilgore maintains attorney-client files of RDC (the "**Attorney Files**").

7. The Official Committee of Unsecured Creditors and the Debtor have previously engaged in an informal exchange of discovery regarding the Debtor's prepetition operations and financial affairs. The Debtor informally produced certain documents from its files including, without limitation, available meeting minutes of the Debtor's Board of Directors ("**Board Minutes**"). However, certain Board Minutes remain missing and have not been produced despite confirmation of the approval of such minutes, and related documents provided in anticipation of the meetings ("**Board Packets**"), including financial and compliance reports and presentations, remain missing and have not been produced. As corporate counsel who attended

3

board meetings, Bilgore's Attorney Files should include copies of the Board Minutes and Board Packets.

8. Based on available Board Minutes, the Liquidating Trustee is informed and believes that beginning at least in June 2014, Bilgore met with DEA representatives and attorneys from the Department of Justice regarding the DEA's investigation of RDC, and thereafter, Bilgore reported to RDC's Board of Directors. The Liquidating Trustee seeks the turnover and production of the Attorney Files, including notes, correspondence, and opinions relating to the DEA investigation and oversight by RDC's Board of Directors. The Attorney Files <u>are not protected by any privilege</u> for purposes of production to the Liquidating Trustee.

9. Based on available public records, the Liquidating Trustee is informed that Bilgore was admitted to practice law in the State of New York in 1952. To the extent that physical files may be incomplete, an oral examination is appropriate to memorialize and preserve Bilgore's understanding of relevant events. The Liquidating Trustee believes that an order authorizing an examination of Bilgore and directing the turnover and production of Attorney Files pursuant to Bankruptcy Code section 542 and Bankruptcy Rule 2004 is necessary and appropriate to fully investigate the Debtor's prepetition affairs.

## JURISDICTION

10. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 1103 and 1109(b) of the Bankruptcy Code and Bankruptcy Rule 2004.

4

## RELIEF REQUESTED

11. The Liquidating Trustee respectfully requests entry of an order pursuant to Bankruptcy Code section 542 and Bankruptcy Rule 2004 directing Bilgore to appear for an oral examination and to turn over and produce all Attorney Files of RDC.

## BASIS FOR RELIEF

### A. The Liquidating Trustee Is Entitled to Turnover of the Attorney Files, Including Work Product, Pursuant to Bankruptcy Code Section 542.

12. Bankruptcy Code section 542(a) requires that any entity holding property of the estate on the date of bankruptcy filing deliver it to the trustee. Subsection (e) further provides: "Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."

13. Pursuant to the Plan, all rights, powers, and privileges of the Debtor were transferred to the Liquidating Trustee on the effective date of the Plan, including the attorney-client privilege. As successor to RDC, the Liquidating Trustee is presumptively entitled to access all of RDC's legal files, including attorney-work product undertaken in connection with and for the benefit of RDC. *Gruss v. Zwirn,* 296 F.R.D. 224, 229 (S.D.N.Y. 2013) (client has presumptive right to access its entire file, including attorney interview notes); *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsoh LLP,* 91 N.Y. 2d 30, 36-37 (1997) (order denying production of internal memoranda, notes, and drafts sought by former client reversed); *In re American Metrocomm Corp.,* 274 B.R. 641, 663 (Bankr. D. Del. 2002) (granting turnover order for production of attorney files under 542(e), including records given to attorneys by debtor and prepared for debtor by attorneys in the course of performing services); *In re Norsom Medical*

5

*Reference Laboratory, Inc.,* 10 B.R. 165, 168 (Bankr. N.D. Ill. 1981) (same; requested legal files and documents not protected by work product doctrine or attorney-client privilege).

**B. The Liquidating Trustee Is Entitled to Production of the Attorney Files Pursuant to Bankruptcy Rule 2004(a).**

14. In addition to the provisions of Bankruptcy Code section 542, Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004(a). The general purpose of Rule 2004 is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citation omitted); *see also In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (Rule 2004's purpose is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"). Rule 2004 "necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates." *In re Symington*, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997).

15. Unlike discovery under the Federal Rules of Civil Procedure, discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, 2009 WL 304672, at *5 (Bankr. E.D. La. 2009); *see also In re Hughes,* 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002). As such, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

16. Moreover, the scope of a Bankruptcy Rule 2004 examination is broader than that of discovery under the Federal Rules of Civil Procedure or related Bankruptcy Rules governing

6

adversary proceedings. *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."). In fact, courts have recognized that Bankruptcy Rule 2004 examinations may be "broad" and "unfettered," and can legitimately be in the nature of a "fishing expedition." *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *see also In re Lev*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (Rule 2004's purpose is to assist in "revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed"); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (E.D. Pa. 1990).

17. The decision whether to authorize discovery pursuant to Rule 2004 rests within the bankruptcy court's sound discretion. *See, e.g., In re Hammond*, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992). Courts authorize discovery under Bankruptcy Rule 2004 to assist in recovering assets for the benefit of a debtor's creditors. *See In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing discovery under Rule 2004 to help the debtor "discover and recover assets for benefit of creditors of the debtor").

18. Here, the requested relief is well within the scope of Bankruptcy Code section 542(e) and Bankruptcy Rule 2004(a). The Liquidating Trustee has a right to turnover of recorded information "relating to the debtor's property or financial affairs," and a right to review RDC's legal files in order to fully investigate RDC's prepetition affairs, including facts and

7

opinions rendered by RDC's counsel.  To date, Bilgore has not produced its Attorney Files in this case (either in redacted or unredacted form).

   **C.  The Attorney Files Contain Vital Information That Is Necessary to the Liquidating Trustee's Investigation of the Debtor's Affairs.**

   19.   RDC seeks an oral examination of Bilgore and turnover and production of the Attorney Files, including all documents described in **Exhibit A-1**.  The Attorney Files, including notes and memoranda by Bilgore, are unique and not available from RDC's own files.

   20.   RDC has produced available Board Minutes from January 1, 2013, but numerous meeting minutes, including telephonically conducted meetings, are missing.  In addition, certain reports, attachments, and meeting handouts referenced in the Board Minutes are missing.  The Liquidating Trustee is entitled to a comprehensive set of Board Minutes and Board Packets with all reports and attachments and any information that Bilgore may have relating thereto.

   21.   Bilgore communicated with attorneys from the Department of Justice at least as early as June 2014 regarding RDC's reporting to the DEA and compliance with regulations regarding the sale and distribution of controlled substances.  The Liquidating Trustee is entitled to the production of (a) all communications between Bilgore and the DEA or its attorneys, (b) all communications between Bilgore and RDC's other attorneys regarding the DEA investigation, and (c) all communications between Bilgore and RDC's Board of Directors.  In addition, the Liquidating Trustee is entitled to relevant notes of meetings, memoranda, and opinions.  These documents are critical to investigating what was known to RDC and its Board of Directors, when the relevant facts were available, and the reasonableness of the response.  Furthermore, the Liquidating Trustee is entitled to an oral examination of Bilgore to investigate his knowledge of the Debtor's affairs.

**NO PRIOR REQUEST**

22. No prior request for the relief sought in this Motion has been made to this or any other Court.

**NOTICE**

34. Notice of this Motion has been given to (a) the U.S. Trustee; (b) the Oversight Committee, (c) Donald L. Bilgore and Bilgore, Reich, Levine, Kroll & Kantor LLP, and (d) all parties requesting notice of proceedings after the effective date of the Plan. In light of the nature of the relief requested herein, the Liquidating Trustee submits that no other or further notice is required.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein, including the production of Attorney Files described in **Exhibit A-1**; and (ii) granting such other and further relief to the Liquidating Trustee as the Court may deem proper.

Date: April 28, 2021            **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
Ilan D. Scharf
Gail S. Greenwood (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Email: ischarf@pszjlaw.com
          ggreenwood@pszjlaw.com

*Counsel to Advisory Trust Group, LLC, solely in its capacity as Liquidating Trustee of the RDC Liquidating Trust*

# EXHIBIT A
(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE: | ) ) | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | ) ) ) | Case No. 20-20230 (PRW) |
| Debtor. | ) ) |  |

**ORDER GRANTING MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 542 AND BANKRUPTCY RULE 2004 DIRECTING THE PRODUCTION OF DOCUMENTS BY DONALD BILGORE**

This matter coming before the Court on the *Motion of the Liquidating Trustee for Entry of an Order, Pursuant to Bankruptcy Code Section 542 and Bankruptcy Rule 2004, Authorizing an Oral Examination of Donald Bilgore and the Production of Documents* (the "**Motion**");[1] the Court having reviewed and considered the Motion and accompanying papers; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that

    1.    The Motion is GRANTED.

    2.    Donald L. Bilgore ("**Bilgore**") is directed to (a) appear for an oral examination pursuant to Bankruptcy Rule 2004 on June 16, 2021, or on such other date as the parties may agree, and (b) produce to the Liquidating Trustee the records described in Exhibit A-1 hereto

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

within thirty days of entry of this Order.  A copy of this Order shall be served on Bilgore or his counsel pursuant to a form of Subpoena for Rule 2004 Examination.

       3.       Nothing contained herein shall prejudice the Liquidating Trustee's rights under Bankruptcy Code section 542 and/or Bankruptcy Rule 2004 and other applicable laws to seek further document productions and written and oral examinations in connection with the case.

       4.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Rochester, New York
      _____, 2021      _____
                                  THE HONORABLE PAUL R. WARREN
                                  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A-1

# EXHIBIT A-1

## **INSTRUCTIONS**

1. Documents shall be produced in exactly the manner in which they were found, including file folders, tabulations or other forms or manner of organization. Further, all attachments to the documents, whether stapled, paper-clipped, electronically attached, or otherwise affixed, shall be produced and shall be attached to the documents to which they relate in exactly the same manner in which they were found. All copies of documents or items that are not identical to the originals by reason of handwritten comments, marginal notations, underlining or otherwise shall be produced in addition to the originals.

2. All Documents should be produced that are in your possession, custody or control, including documents in the possession, custody, or control of your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts or other representatives.

3. You are required to make a diligent search for all available Documents within your actual and constructive possession, custody or control, and not merely such Documents within the personal possession of the individual answering these Requests.

4. If there are no Documents in existence that are responsive to a particular Request, your response must include a statement to that effect. If Documents once existed in your possession, custody or control, but are no longer in your possession, custody or control for any reason, please identify the specific circumstances under which you lost possession, custody or control, and identify your understanding of the documents' current whereabouts, or the manner in which you disposed of the Documents.

5. Electronically stored information ("ESI") responsive to these Requests shall be produced in the same manner in which it is stored, together with all associated metadata. If software not in normal, typical commercial use is necessary to view the ESI produced in full,

native and usable form with full functionality, then a copy of or license to the necessary software shall be produced together with the ESI.

6. Where the context permits, a term's singular form shall include its plural form, and a term's plural form shall include its singular.

7. If any of the requested Documents within the scope of this Request have not been produced on grounds that such documents are privileged, immune or trade secrets, please provide the following information as to each document to which such claim is made: (a) the privilege that is grounds for withholding the Document; (b) the nature of the Document (i.e., letter, spreadsheet, memorandum); (c) the date that the Document was prepared; (d) the name/title of the author; (e) the name/title of each recipient or addressee of the Document; (f) the number of pages withheld; and (g) the name and location of the current custodian of the Document.

8. Unless otherwise stated, each Request seeks Documents from **January 1, 2013 through present**.

## DEFINITIONS

A. "ATTORNEY FILES" means all documents received by, relating to, or prepared for the Debtor in connection with legal services provided to the Debtor.

B. "BOARD PACKETS" means all documents circulated to the Board of Directors in connection with and/or anticipation of a meeting of the Board of Directors.

C. "DEBTOR" means Rochester Drug Cooperative, Inc., its agents, affiliates, employees, representatives, and/or attorneys.

A. "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible and means any printed, written, typed, recorded, transcribed, taped, or photographic matter, however produced or reproduced, including, but not limited to, the following: (i) any electronically stored information; (ii) any letter, correspondence, electronic mail or communication of any sort; (iii) film, negative or photograph; (iv) sound recording or video recording; (v) note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; (vi) facsimile

transmission; (vii) summary, report, or record of telephone conversation, personal conversation, discussion interview, meeting, conference, investigation, negotiation, act or activity; (viii) projection, work paper, or draft; (viii) financial statement, statement of account, bank statement, check book, stubs or register, cancelled check, deposit slip, charge slip, tax return (income or other), or requisition; (ix) file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed; (x) any other data compilation from which information can be obtained, translated, recalled, viewed, and/or edited by the respondent through detection devices into reasonably usable form.

D. "REFLECTING" or "RELATING TO" means that the requested document or information evidences, constitutes, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, contains information concerning, summarizes, or is in any way pertinent to the information requested.

E. "YOU" or "YOUR" means Donald L. Bilgore, the law firm of Bilgore, Reich, Levine, Kroll & Kantor LLP its employees, representatives, and/or attorneys.

## DOCUMENTS REQUESTED

1. All ATTORNEY FILES, including electronic and written communications, notes, memoranda, and opinions prepared on or after January 1, 2013.

2. All minutes of meetings of the DEBTOR'S Board of Directors, including, without limitation, those RELATING TO the following dates: 3/26/2018, 4/17/2018, 7/31/2018, 8/28/2018, 9/4/2018, 9/10/2018, 9/26/2018, 10/4/2018, 10/6/2018, 1/15/2019, and 2/15/2019.

3. All BOARD PACKETS circulated on or after January 1, 2013, including agendas, financial and compliance reports, and presentations.

4. All communications between YOU and one or more members of the DEBTOR's Board of Directors.

5. All DOCUMENTS RELATING TO the investigation(s) of the DEBTOR by the Drug Enforcement Agency.

6. All communications between YOU on behalf of the DEBTOR and representatives or attorneys for the Drug Enforcement Agency or the U.S. Department of Justice, including, without limitation, Jeffrey Powell, Jacob Bergman, or Louis Pellegrino.

7. All DOCUMENTS RELATING TO meetings between the DEBTOR (or YOU on behalf of the DEBTOR) and representatives or attorneys from the Drug Enforcement Agency or the U.S. Department of Justice, including notes, memoranda, and calendar entries.

8. All communications between YOU and representatives or attorneys of Hyman, Phelps & McNamara, P.C. RELATING TO the DEBTOR.

9. All DOCUMENTS RELATING TO the DEBTOR'S creation and oversight of internal procedures for the distribution of controlled substances (pursuant to 21 C.F.R. 1301.74, among other regulations), including, without limitation all compliance reports by auditors, consultants, or employees of the DEBTOR.

10. All reports or communications RELATING TO the DEBTOR authored by or received from: Carlos Aquino, Daniel White, Mike Kody, or Julius Morton.

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Gail S. Greenwood, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to Advisory Trust Group, LLC,*
*solely in its capacity as Liquidating Trustee of the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| ROCHESTER DRUG CO-OPERATIVE, INC., ) | Case No. 20-20230 (PRW) |
| ) | |
| Debtor. ) | |
| ) | |

**NOTICE OF HEARING ON MOTION OF THE LIQUIDATING TRUSTEE**
**FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE**
**SECTION 542 AND BANKRUPTCY RULE 2004 AUTHORIZING**
**AN ORAL EXAMINATION OF DONALD BILGORE AND**
**THE PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that Advisory Trust Group, LLC, the Liquidating Trustee under the Debtor's Second Amended Chapter 11 Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust, filed the *Motion of the Liquidating Trustee for Entry of an Order Pursuant to Bankruptcy Code Section 542 and Bankruptcy Rule 2004 Authorizing and Oral Examination of Donald Bilgore and the Production of Documents* (the "**Motion**"), requesting an oral examination of Donald L. Bilgore ("**Bilgore**") and directing Bilgore to turn over and produce all files that belong to Rochester Drug Cooperative, Inc. from and after January 1, 2013, including but not limited to board minutes, reports, correspondence and opinions, and meeting notes.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider the Motion shall be held on **May 20, 2021 at 9:00 a.m. (prevailing Eastern Time)** before the Honorable Paul R. Warren, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of New York, United States Courthouse, 100 State Street, Rochester, New York 14614.

**PLEASE TAKE FURTHER NOTICE** that all affidavits and memoranda in opposition to the relief requested, if any, shall be in writing and shall be filed with the Clerk's Office, United States Bankruptcy Court for the Western District of New York (Rochester Division) and served upon the undersigned counsel so as to be received no later than 72 hours prior to the hearing to consider the Motion.

Date: April 28, 2021   **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
Ilan D. Scharf
Gail S. Greenwood (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Email:  ischarf@pszjlaw.com
            ggreenwood@pszjlaw.com

*Counsel to Advisory Trust Group, LLC, solely in its capacity as Liquidating Trustee of the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>ROCHESTER DRUG CO-OPERATIVE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No.20-20230 (PRW) |

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
 )
COUNTY OF LOS ANGELES )

I, Nancy H. Brown, am over the age of eighteen years, am employed by Pachulski Stang Ziehl & Jones LLP. I am not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Fl., Los Angeles, CA 90067.

On April 28, 2021, I caused to be served a true and correct copy of MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 542 AND BANKRUPTCY RULE 2004 AUTHORIZING AN ORAL EXAMINATION OF DONALD BILGORE AND THE PRODUCTION OF DOCUMENTS via the Court's ECF system.

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 28th day of April, 2021 at Los Angeles, California.

/s/ *Nancy H. Brown*
Nancy H. Brown

DOCS_LA:337589.1 75015/003