**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: | ) Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | ) Case No. 20-20230 (PRW) |
| Debtor. | ) |

**Objection Deadline: July 15, 2021 at 4:00 p.m. (ET)**
**Hearing Date: July 16, 2021 at 11:00 a.m. (ET)**

### MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER (I) DISCHARGING EPIQ CORPORATE RESTRUCTURING, LLC AND (II) RETAINING BANKRUPTCY MANAGEMENT SOLUTIONS, INC. D/B/A STRETTO AS THE POST-CONFIRMATION CLAIMS AGENT

Advisory Trust Group, LLC, the Liquidating Trustee ("**Liquidating Trustee**") under the Debtor's Second Amended Chapter 11 Plan of Liquidation and the RDC Liquidating Trust Agreement, hereby moves (the "**Motion**") for the entry of an order terminating and discharging Epiq Corporate Restructuring, LLC f/k/a Epiq Bankruptcy Solutions, LLC ("**Epiq**") as the Claims and Noticing Agent in the above-captioned case, and retaining Bankruptcy Management Solutions, Inc. d/b/a Stretto ("**Stretto**") as the Post-Confirmation Claims Agent going forward.

### RELIEF REQUESTED

1. Rochester Drug Co-operative, Inc. (the "**Debtor**") retained the services of Epiq as the Claims and Noticing Agent pursuant to 28 U.S.C. section 156(c) in order to distribute notices to all interested parties and to process, maintain, and docket proofs of claim filed in the cases. A plan of liquidation has been confirmed and the Liquidating Trustee no longer needs the administrative and noticing services of Epiq and seeks to retain Stretto on a more limited basis as the Post-Confirmation Claims Agent. Accordingly, the Liquidating Trustee seeks entry of an order, substantially in the form of Exhibit A hereto, terminating and discharging Epiq from any

further duties it owes to the Court and the Debtor's estate, and appointing Epiq as the Post-Confirmation Claims Agent effective as of the entry of the Order approving this Motion.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) of the Bankruptcy Code, section 156(c) under chapter 6 of Title 28 of the United States Code and Bankruptcy Rule 2002.

## BACKGROUND

3. On March 12, 2020 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Prior to the Petition Date, the Debtor was a distributor of pharmaceutical drugs that was owned and directed by approximately 307 stockholding pharmacists and pharmacies.

4. On the Petition Date, the Debtor filed an application [Docket No 10] (the "**Epiq Application**") for authority to retain and employ Epiq as the Claims and Noticing Agent in the bankruptcy case pursuant to 28 U.S.C. section 156(c). On May 19, 2020, the Court entered an order [Docket No. 318] (the "**Epiq Retention Order**") granting the Debtor's Application to retain Epiq and appointing Epiq as the Claims and Noticing Agent effective as of the Petition Date.

5. On February 26, 2021, the Bankruptcy Court entered an order (the "**Confirmation Order**") confirming the Debtor's *Second Amended Chapter 11 Plan of Liquidation dated January 15, 2021* (the "**Plan**"), which (along with that certain Liquidating

2
DOCS_SF:105429.2 75015/003
Case 2-20-20230-PRW, Doc 1362, Filed 06/24/21, Entered 06/24/21 17:20:26, Description: Main Document , Page 2 of 6

Trust Agreement and Declaration of Trust) established a liquidating trust (the "**RDC Liquidating Trust**") to collect and liquidate the Debtor's remaining assets and otherwise administer the Plan and wind-down the Debtor's estate. The Effective Date of the Plan occurred on March 19, 2021. As of the Effective Date, pursuant to the Confirmation Order, the Plan, and the Liquidating Trust Agreement, the Liquidating Trustee was appointed as trustee of the RDC Liquidating Trust. The Liquidating Trustee has the exclusive right, power and interest to respond to, compromise, or settle creditor claims.

5. Since the Effective Date, the Liquidating Trustee is no longer in need of the services of Epiq as the Claims and Noticing Agent. The Liquidating Trustee and Epiq are in the process of transferring relevant claim documentation to Stretto for purposes of administering the Plan and reconciling claims. By this Motion, the Liquidating Trustee seeks to relieve and discharge Epiq of any further duties owed to the Court or the Debtor's estate pursuant to the Epiq Retention Order and 28 U.S.C. section 156(c), and to retain Stretto in its place as the Post-Confirmation Claims Agent.

## SERVICES TO BE PROVIDED BY STRETTO

6. The Liquidating Trustee requests authority to retain Stretto on the terms and conditions set forth in that certain Services Agreement dated June 1, 2021. The Liquidating Trustee anticipates that Stretto will perform services as Post-Confirmation Claims Agent, including, but not limited to, the following:

    a.  Cause to be prepared and served all required notices that the Liquidating Trustee and/or the Court requests as appropriate;

    b.  Cause to be maintained copies of all proofs of claims and proofs of interest filed in the case;

    c.  Cause to be maintained the official claims register;

d.   Cause to be maintained an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or interest and requests for notice;

e.   Provide such other administrative services as may be requested from time to time by the Liquidating Trustee; and

f.   At the close of these cases, box and transport all original proofs of claim, in proper format, as provided by the Clerk's Office, to (i) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (ii) any other location requested by the Clerk's Office; and docket a completed SF-135 Form indicating the accession and location number of the archived claims.

7.   Stretto shall be designated as the authorized repository for all proofs of claim and requests for administrative expenses filed in this chapter 11 case and shall be authorized and directed to maintain the official claims register for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

8.   Notwithstanding the relief requested herein and the services to be provided by Stretto, any party filing a particular pleading or other document with the Court shall be responsible for all noticing and service functions relevant to the particular matter as may be required under applicable rules and shall file with the Clerk of Court a declaration of service regarding such noticing and service.

9.   In connection with its employment, Stretto represents as follows:

a.   Stretto is not an employee of the United States government.

b.   Stretto waives any rights to receive compensation from the United States government in connection with its services in this case and instead shall be compensated by the RDC Liquidating Trust.

c.   Stretto is not a creditor in the Debtor's bankruptcy case.

d.   Stretto shall be employed by the Liquidating Trustee of the RDC Liquidating Trust and shall be compensated by the RDC Liquidating Trust.

4

## ARGUMENT

10. Section 156(c) of title 28 of the United States Code authorizes the court to utilize outside agents for notices and claims purposes if the costs are paid for out of the assets of the estate. Section 156(c) provides: "Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit counsel may prescribe."

11. Paragraph 16 of the Epiq Retention Order requires a court order for Epiq to cease providing services. Retention Order, ¶16 ("Epiq shall not cease providing Claims and Noticing Services during this chapter 11 case for any reason, including nonpayment, without an order of the Court.").

12. The Liquidating Trustee has exercised its business judgment and determined that certain services previously provided by Epiq, including oversight and replication of the Court's docket, will no longer be necessary post-confirmation and that engagement of Stretto is in the best interests of the estate. The Liquidating Trustee anticipates that Epiq will transfer all electronic and hard copy claims, as well as the official claims register, to Stretto so that Stretto may proceed as the Post-Confirmation Claims Agent. Upon completion of such services, Epiq should be discharged of further duties as the current Claims and Noticing Agent.

## NOTICE

13. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the Western District of New York; (ii) Epiq; (iii) counsel to the Debtor, and (iv) all

5
DOCS_SF:105429.2 75015/003
Case 2-20-20230-PRW, Doc 1362, Filed 06/24/21, Entered 06/24/21 17:20:26, Description: Main Document , Page 5 of 6

parties that have requested service of notices pursuant to Bankruptcy Rule 2002.  The Liquidating Trustee submits that no other or further notice is necessary in light of the relief requested.  A copy of the Motion will also be available on the case website at http://dm.epiq11.com/case/rochesterdrugcoop/info until entry of an order discharging Epiq of duties as Claims and Noticing Agent.

14. No previous request for the relief sought herein has been made to this Court.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order in the form of Exhibit A (i) terminating and discharging Epiq as the Claims and Noticing Agent in these cases, (ii) authorizing the retention of Stretto as the Post-Confirmation Claims Agent, and (iii) granting such other and further relief as the Court deems just and proper.

Date: June 24, 2021  **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
Ilan D. Scharf
Jason S. Pomerantz (admitted *pro hac vice*)
Gail S. Greenwood (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Email:    ischarf@pszjlaw.com
              jpomerantz@pszjlaw.com
              ggreenwood@pszjlaw.com

*Counsel to Advisory Trust Group, LLC, solely in its capacity as Liquidating Trustee of the RDC Liquidating Trust*