# EXHIBIT A
(Proposed Order)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: | ) ) | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | ) ) | Case No. 20-20230 (PRW) |
| Debtor. | ) ) ) |  |

# ORDER GRANTING MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER DISCHARGING EPIQ CORPORATE RESTRUCTURING, LLC AS THE CLAIMS AND NOTICING AGENT

Upon consideration of the *Liquidating Trustee's Motion for Entry of an Order (I) Discharging Epiq Corporate Restructuring, LLC and (II) Retaining Bankruptcy Management Solutions, Inc. d/b/a Stretto as the Post-Confirmation Claims Agent* (the "**Motion**") [Docket No. __];[1] and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and the hearing was sufficient and proper; and (d) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Any response to the Motion not otherwise withdrawn, resolved, or adjourned is hereby overruled on the merits.

3. The claims and noticing services of Epiq Corporate Restructuring, LLC ("**Epiq**") are hereby terminated upon the completion of the services listed in paragraph 4 below.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

Thereafter, Epiq shall have no further obligations to this Court, the Debtor, the estate or any other party in interest with respect to the claims and noticing services in these cases.

4. Upon entry of this Order, Epiq shall (a) make any necessary changes to its website maintained for the Debtor to remove the ability to file or update electronic claims and to direct all inquiries to the Liquidating Trustee, (b) confirm that the official claims register and creditor matrix have been transmitted to Bankruptcy Management Solutions, Inc. d/b/a Stretto ("**Stretto**").

5. The Liquidating Trustee is authorized to retain Stretto upon entry of this Order as the Post-Confirmation Claims Agent. In such capacity, Stretto is authorized and directed to perform the services set forth in the Motion, including the following:

    a. Cause to be prepared and served all required notices that the Liquidating Trustee and/or the Court requests as appropriate;

    b. Cause to be maintained copies of all proofs of claims and proofs of interest filed in the case;

    c. Cause to be maintained the official claims register;

    d. Cause to be maintained an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or interest and requests for notice;

    e. Provide such other administrative services as may be requested from time to time by the Liquidating Trustee; and

    f. At the close of these cases, box and transport all original proofs of claim, in proper format, as provided by the Clerk's Office, to (i) the Philadelphia Federal Records Center, located at 14700 Townsend Road, Philadelphia, PA 19154-1096 or (ii) any other location requested by the Clerk's Office; and docket a completed SF-135 Form indicating the accession and location number of the archived claims.

6. Stretto is designated as the authorized repository for all proofs of claim and requests for administrative expenses filed in this chapter 11 case and is authorized and directed

DOCS_SF:105429.2 75015/003     2

Case 2-20-20230-PRW,   Doc 1362-1,   Filed 06/24/21,   Entered 06/24/21 17:20:26,
Description: Exhibit A (Proposed Order), Page 3 of 4

to maintain the official claims register for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

7. Stretto shall not cease providing claims processing services during this case for any reason, including nonpayment, without an order of the Court terminating their services.

8. Notwithstanding the engagement of Stretto, any party filing a particular pleading or other document with the Court shall be responsible for all noticing and service functions relevant to the particular matter as may be required under applicable rules, and shall file with the Clerk of Court a declaration of service regarding such noticing and service.

9. The Liquidating Trustee is authorized to compensate Stretto in accordance with the terms of the Services Agreement without the need for Stretto to file fee applications or otherwise seek Court approval for its compensation and reimbursement of expenses.

10. In the event of any inconsistency between the Services Agreement, the Motion, and this Order, this Order shall govern.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Rochester, New York
      July __, 2021                              _____
                                              THE HONORABLE PAUL R. WARREN
                                              UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:105429.2 75015/003                  3

Case 2-20-20230-PRW, Doc 1362-1, Filed 06/24/21, Entered 06/24/21 17:20:26, Description: Exhibit A (Proposed Order), Page 4 of 4