Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (Admitted *pro hac vice* )
Gail S. Greenwood, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re** : Chapter 11
:
**ROCHESTER DRUG** : Case No. 20-20230 (PRW)
**CO-OPERATIVE, INC.** [1] :
:
**Debtor.** :
------------------------------------------------------------x

# NOTICE OF OBJECTION ON LIQUIDATING TRUSTEE'S
# FIRST OMNIBUS OBJECTION TO DUPLICATE CLAIMS FILED AGAINST
# ROCHESTER DRUG CO-OPERATIVE, INC.

**PLEASE TAKE NOTICE** that on November 1, 2021, Advisory Trust Group, LLC, the trustee (the "Liquidating Trustee") of the RDC Liquidating Trust filed its *First Omnibus Objection to Duplicate Claims Filed Against Rochester Drug Co-Operative, Inc.* (the "Objection"). Pursuant to the Objection, the Liquidating Trustee seeks an order disallowing and expunging each of the Objectionable Claims listed on **Exhibit A** to this Notice on the grounds that each such Objectionable Claim is substantively duplicative of another proof of claim filed by or on behalf of the same claimant.

---

[1] On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "Plan") of Rochester Drug Co-operative, Inc. ("RDC" or the "Debtor"), which (along with that certain Liquidating Trust Agreement and Declaration of Trust) established the RDC Liquidating Trust and empowered it to collect and administer RDC's assets and resolve claims against RDC.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection and any responses thereto will be held before the Honorable Paul R. Warren, United States Bankruptcy Judge, at the United States Courthouse for the Western District of New York, 100 State Street, Rochester, New York on **December 9, 2021 at 11:00 a.m. (prevailing Eastern Time)** (the "Hearing"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that all affidavits and memoranda in opposition to the relief requested, if any, shall be in writing and shall be filed with the Clerk's Office, United States Bankruptcy Court for the Western District of New York (Rochester Division), and served upon the undersigned counsel so as to be received no later than 72 hours prior to the Hearing to consider the Objection.

**PLEASE TAKE FURTHER NOTICE** also that:

**UNDER THE ADMINISTRATIVE ORDER DATED DECEMBER 21, 2020, REVISING THE NEGATIVE NOTICE PROCEDURES FOR MOTIONS BEFORE JUDGE WARREN: IF A PARTY REPRESENTED BY COUNSEL INTENDS TO OPPOSE THIS MOTION, WRITTEN OPPOSITION TO THE MOTION MUST BE SERVED AND FILED ELECTRONICALLY IN CM/ECF NOT LESS THAN 72 HOURS PRIOR TO THE SCHEDULED DATE AND TIME OF THE HEARING ON THE MOTION (NOTWITHSTANDING RULE 9006(a) FRBP). IN CASES UNDER CHAPTERS 7, 12 AND 13, YOU MUST SERVE THE OPPOSING PAPERS ON: THE MOVANT AND MOVANT'S COUNSEL, THE DEBTOR AND DEBTOR'S COUNSEL (IF NOT THE MOVANT), AND THE TRUSTEE. IN CASES UNDER CHAPTER 11, THE OPPOSING PAPERS MUST ALSO BE SERVED ON THE CREDITORS' COMMITTEE AND ITS ATTORNEY, OR IF THERE IS NO COMMITTEE, THE 20 LARGEST UNSECURED CREDITORS, AND THE UNITED STATES TRUSTEE. IN THE EVENT THAT WRITTEN OPPOSITION IS NOT TIMELY SERVED AND FILED, NO HEARING WILL BE HELD ON THE MOTION; THE COURT WILL CONSIDER THE MOTION TO BE UNOPPOSED.**

Dated: November 1, 2021                     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Ilan D. Scharf*
Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (admitted *pro hac vice*)
Gail S. Greenwood, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**EXHIBIT A**

| Claimant Name | No. of Objectionable Claim | Amount of Objectionable Claim | Classification (as filed) of Objectionable Claim | No. of Surviving Claim | Amount of Surviving Claim | Classification (as filed) of Remaining Claim | Grounds for Objection | Disposition if Objection is Granted |
|---|---|---|---|---|---|---|---|---|
| BIOLIFE, LLC | 66 | $6,134.40 | GUC | 20208 | $6,134.40 | GUC | Claim 66 and Claim 20208 are duplicates. | Claim 66 is disallowed. Claim 20208 is not affected by the Objection, but remains subject to other and further objection. |
| BRENNAN, JOSEPH E | 138 | $150,000.00 | GUC | 398 | $150,000.00 | GUC | Claim 138 and Claim 398 are duplicates. | Claim 138 is disallowed. Claim 398 is not affected by the Objection, but remains subject to other and further objection. |
| DICKSON-HOWELL PARTNERSHIP | 30 | $768.00 | GUC | 135 | $768.00 | GUC | Claim 30 and Claim 135 are duplicates. | Claim 30 is disallowed. Claim 135 is not affected by the Objection, but remains subject to other and further objection. |
| HR PHARMACEUTICALS INC | 20027 | $1,004.83 | GUC | 72 | $1,004.83 | GUC | Claim 20027 and Claim 72 are duplicates | Claim 20027 is disallowed. Claim 72 is not affected by the Objection, but remains subject to other and further objection. |
| ITX CORP | 153 | $103,281.25 | GUC | 152 | $103,281.25 | GUC | Claim 152 and Claim 153 are duplicates. | Claim 153 is disallowed. Claim 152 is not affected by the Objection, but remains subject to other and further objection. |

| Claimant Name | No. of Objectionable Claim | Amount of Objectionable Claim | Classification (as filed) of Objectionable Claim | No. of Surviving Claim | Amount of Surviving Claim | Classification (as filed) of Remaining Claim | Grounds for Objection | Disposition if Objection is Granted |
|---|---|---|---|---|---|---|---|---|
| JM PARTNERS LLC | 34 | $33,781.10 | GUC | 61 | $33,781.10 | GUC | Claim 34 and Claim 61 are duplicates. | Claim 34 is disallowed. Claim 61 is not affected by the Objection, but remains subject to other and further objection. |
| JM PARTNERS LLC | 25 | $33,781.10 | GUC | 61 | $33,781.10 | GUC | Claim 25 and Claim 61 are duplicates. | Claim 25 is disallowed. Claim 61 is not affected by the Objection, but remains subject to other and further objection. |
| JM PARTNERS LLC | 9 | $33,781.10 | GUC | 61 | $33,781.10 | GUC | Claim 9 and Claim 61 are duplicates. | Claim 9 is disallowed. Claim 61 is not affected by the Objection, but remains subject to other and further objection. |
| JOHN G KYLES INC | 29 | $1,160.04 | GUC | 71 | $1,160.04 | GUC | Claim 29 and Claim 71 are duplicates. | Claim 29 is disallowed. Claim 71 is not affected by the Objection, but remains subject to other and further objection. |
| KONICA MINOLTA BUSINESS SOLUTIONS | 162 | $5,696.69 | GUC | 384 | $5,696.69 | GUC | Claim 162 and Claim 384 are duplicates. | Claim 162 is disallowed. Claim 384 is not affected by the Objection, but remains subject to other and further objection. |

| Claimant Name | No. of Objectionable Claim | Amount of Objectionable Claim | Classification (as filed) of Objectionable Claim | No. of Surviving Claim | Amount of Surviving Claim | Classification (as filed) of Remaining Claim | Grounds for Objection | Disposition if Objection is Granted |
|---|---|---|---|---|---|---|---|---|
| KVK-TECH INC | 8 | $52,512.12 | GUC | 373 | $52,512.12 | GUC | Claim 8 and Claim 373 are duplicates. | Claim 8 is disallowed. Claim 373 is not affected by the Objection, but remains subject to other and further objection. |
| LONG ISLAND CITY CHEMISTS | 91 | $5,200.36 | GUC | 92 | $5,200.36 | GUC | Claim 91 and Claim 92 are duplicates. | Claim 91 is disallowed. Claim 92 is not affected by the Objection, but remains subject to other and further objection. |
| NATURES HEALTH CONNECTION INC | 3 | $3,240.00 | GUC | 170 | $3,240.00 | GUC | Claim 3 and Claim 170 are duplicates. | Claim 3 is disallowed. Claim 170 is not affected by the Objection, but remains subject to other and further objection. |
| NEPHRO-TECH INC | 54 | $7,650.00 | GUC | 102 | $7,650.00 | GUC | Claim 54 and Claim 102 are duplicates. | Claim 54 is disallowed. Claim 102 is not affected by the Objection, but remains subject to other and further objection. |
| NEW PHARMACY, THE | 371 | $12,686.26 | GUC | 146 | $12,686.26 | GUC | Claim 146 and Claim 371 are duplicates. | Claim 371 is disallowed. Claim 146 is not affected by the Objection, but remains subject to other and further objection. |

| Claimant Name | No. of Objectionable Claim | Amount of Objectionable Claim | Classification (as filed) of Objectionable Claim | No. of Surviving Claim | Amount of Surviving Claim | Classification (as filed) of Remaining Claim | Grounds for Objection | Disposition if Objection is Granted |
|---|---|---|---|---|---|---|---|---|
| NEW PHARMACY, THE | 372 | $12,686.26 | GUC | 146 | $12,686.26 | GUC | Claim 146 and Claim 372 are duplicates. | Claim 371 is disallowed. Claim 146 is not affected by the Objection, but remains subject to other and further objection. |
| NORTH COAST COMPRESSORS D/B/A RW LINDSAY | 48 | $442.80 | GUC | 130 | $442.80 | GUC | Claim 48 and Claim 130 are duplicates. | Claim 48 is disallowed. Claim 130 is not affected by the Objection, but remains subject to other and further objection. |
| SHERALVEN ENTERPRISES LTD | 20012 | $2,120.92 | GUC | 20041 | $2,120.92 | GUC | Claim 20012 and Claim 20041 are duplicates. | Claim 20012 is disallowed. Claim 20041 is not affected by the Objection, but remains subject to other and further objection. |
| VANDA PHARMACEUTICALS INC | 62 | $33,800.58 | GUC | 369 | $33,800.58 | GUC | Claim 62 and Claim 369 are duplicates. | Claim 62 is disallowed. Claim 369 is not affected by the Objection, but remains subject to other and further objection. |
| VERDE TECHNOLOGIES | 43 | $780.00 | GUC | 20049 | $780.00 | GUC | Claim 43 and Claim 20049 are duplicates. | Claim 43 is disallowed. Claim 20049 is not affected by the Objection, but remains subject to other and further objection. |

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (Admitted *pro hac vice*)
Gail S. Greenwood, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                              :     **Chapter 11**
:
**ROCHESTER DRUG**                                     :     **Case No. 20-20230 (PRW)**
**CO-OPERATIVE, INC.** [1]                              :
:
**Debtor.**                                        :
------------------------------------------------------------x

**LIQUIDATING TRUSTEE'S**
**FIRST OMNIBUS OBJECTION TO DUPLICATE CLAIMS FILED AGAINST**
**ROCHESTER DRUG CO-OPERATIVE, INC.**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE**
> **CERTAIN FILED PROOFS OF CLAIM.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES**
> **AND CLAIMS ON EXHIBIT A ATTACHED TO THIS OBJECTION.**

Advisory Trust Group, LLC, the trustee (the "Liquidating Trustee") of the RDC Liquidating Trust files this *First Omnibus Objection to Duplicate Claims Filed Against Rochester Drug Co-Operative, Inc.* (the "Objection"). Pursuant to the Objection, the Liquidating Trustee objects to certain claims identified on **Exhibit A** attached hereto (collectively, the

---

[1] On February 26, 2021, the Bankruptcy Court entered an order confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "Plan of Liquidation") of Rochester Drug Co-operative, Inc. ("RDC") which (along with that certain Liquidating Trust Agreement and Declaration of Trust) established the RDC Liquidating Trust and empowered it to collect and administer RDC's Assets and resolve Claims against RDC.

"Objectionable Claims") and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit B**, disallowing and expunging the Objectionable Claims pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Objection, the Liquidating Trustee submits the Declaration of David Greenblatt (the "Declaration"), attached hereto as **Exhibit C**. In further support of this Objection, the Liquidating Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the *Standing Order of Reference from the United States District Court for the Western District of New York*, dated February 29, 2012.  The Liquidating Trustee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and the Local Rules for the United States Bankruptcy Court for the Western District of New York (the "Local Bankruptcy Rules").

**Background**

4. On March 12, 2020, Rochester Drug Co-Operative, Inc. ("RDC" or the "Debtor") filed a petition under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court").

5. On March 27, 2020, the Debtor filed its schedules of assets and liabilities (the "Schedules") [Docket No. 105] pursuant to Bankruptcy Rule 1007 and the *Ex Parte Order Pursuant to Bankruptcy Rules 1007(c) and 9006(b)(1) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs* [Docket No. 28].

6. On May 19, 2020, the Bankruptcy Court entered an order authorizing Epiq Corporate Restructuring, LLC ("Epiq") to serve as Claims and Noticing Agent [Docket No. 318].

7. On June 15, 2020, the Bankruptcy Court entered an order [Docket No. 401] (the "Bar Date Order") which, among other things, fixed July 31, 2020 as the date by which any person or entity holding (a) a Claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date (the "General Bar Date"), or (b) an administrative expense claim against the Debtor that arose under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Bar Date") must file a written proof of claim (a "Proof of Claim") asserting such claim against the Debtor. The Liquidating Trustee is informed and believes that the Debtor (or its agents) served the Bar Date Order, notice of the bar dates and a Proof of Claim form (collectively, the "Bar Date Notice Package"), upon all parties contemplated by the Bar Date Order. See Certificate of Service [Docket No. 431].

8. On December 18, 2020, the Debtor amended certain of its Schedules (the "Amended Schedules") and gave claimants whose Claims were affected by the amendment until January 31, 2021 to file Claims [Docket Nos. 1014, 1016].

9. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming RDC's *Second Amended Chapter 11 Plan of Liquidation* (the "Plan of Liquidation"). Pursuant to the Confirmation Order, the Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement") (collectively, the "Plan Documents"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate.[2]

10. The Effective Date of the Plan of Liquidation occurred on March 19, 2021.

11. As of the Effective Date, Advisory Trust Group, LLC was appointed to act as trustee of the RDC Liquidating Trust.

12. Pursuant to the Plan of Liquidation: (i) the Bankruptcy Court retained jurisdiction, "[t]o hear and determine objections to the allowance of Claims, whether filed, asserted or made before or after the Effective Date, including, without limitation, to hear and determine objections to the classification of Claims and the allowance or disallowance of disputed Claims, in whole or in part;" and (ii) the Liquidating Trustee "may object to Claims at any time prior to the dissolution of the [RDC] Liquidating Trust." Plan of Liquidation, § 10.13(d); § 8.14.

---

[2] The bankruptcy case docket numbers for the applicable documents are as follows: Confirmation Order (Dkt. No. 1257); Plan of Liquidation (Dkt. No. 1145); Notice of Effective Date (Dkt No. 1305). If not defined herein, capitalized terms have the definitions given to them in the Plan Documents.

DOCS_DE:236489.4 75015/003

13. On July 16, 2021, the Court granted the Liquidating Trustee's *Motion for Entry of an Order (I) Discharging Epiq Corporate Restructuring, LLC and (II) Retaining Bankruptcy Management Solutions, Inc. d/b/a Stretto as the Post-Confirmation Claims Agent* [Docket No. 1384]. Pursuant to that order, Epiq was discharged and Bankruptcy Management Solutions, Inc. ("Stretto"), now maintains the official claims register.

## Relief Requested

14. By this Objection, the Liquidating Trustee seeks entry of the Proposed Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d)(1)[3] disallowing and expunging the Objectionable Claims identified on **Exhibit A** because such claims are substantively duplicative of other claims filed on account of the same liability or that are duplicative but have certain differences that do not ultimately affect the relief sought by the claimants. The latter claims are identified as the "Surviving Claims" on **Exhibit A**. The Liquidating Trustee does not object to the Surviving Claims pursuant to this Objection, but reserves its right to object to the Surviving Claims at a later date.

15. A filed proof of claim is deemed allowed unless a party-in-interest objects. 11 U.S.C. § 502(a).[4] If there is an objection to a claim, the bankruptcy court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, subject to certain exceptions identified in the statute. 11

---

[3] Bankruptcy Rule 3007(d)(1) permits a party in interest to file omnibus objections to more than one claim where "the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because: (1) they duplicate other claims." Fed.R.Bankr.P. 3007(d)(1). Notwithstanding Fed. R.Bankr. Pro. 3007(d), this Court's Administrative Order dated December 21, 2020 provides, "Only one claim objection will be allowed per notice or order unless the objecting party is granted permission by chambers to use another format." Counsel to the Liquidating Trustee sought and obtained permission from chambers to file this Omnibus Objection.

[4] Correctly filed proof of claims constitute prima facie evidence of the validity and amount of the claim. *In re Residential Capital, LLC*, 524 B.R. 465, 477 (Bankr. S.D.N.Y. 2015); Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *In re Ditech Holding Corp.,* 2021 Bankr. LEXIS 1299, *10 (Bankr. S.D.N.Y. May 13, 2021).

U.S.C. § 502(b). One such exception is that the court shall not allow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

16. "Claims which are clearly the result of duplication rather than independent rights to recovery are unenforceable, in whole or in part, to the extent of the duplication." *In re Budd Co.*, 2015 Bankr. LEXIS 4270, * 7 (Bankr. N.D. Ill. Dec. 16, 2015); *In re Pierport Dev. & Realty, Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013) ("A claim that seeks duplicate recovery for the same debt is partially unenforceable to the extent of the duplication."); *In re Residential Capital, LLC*, 524 B.R. at 471 (noting prior disallowance of duplicate claim); *In re MF Glob. Holdings Ltd.*, 2012 Bankr. LEXIS 5297 at *1 (Bankr. S.D.N.Y. Nov. 13 2012) ((noting prior disallowance of duplicate claim).

17. As set forth in more detail on **Exhibit A,** each Objectionable Claim is duplicative of another proof of claim filed by or on behalf of the same claimant in respect of the same liability (i.e., the Surviving Claim). To allow both the Objectionable Claim and the Surviving Claim would result in a double recovery to the claimant to the detriment of other claimants. Accordingly, the Liquidating Trustee moves to disallow each Objectionable Claim in its entirety.

**Reservation of Rights**

18. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Liquidating Trustee or any other party in interest to object to any of the Objectionable Claims (to the extent not disallowed and expunged pursuant to this Objection) on any grounds whatsoever, and the Liquidating Trustee expressly reserves all further

6

DOCS_DE:236489.4 75015/003

substantive or procedural objections it may have. In addition, as is noted on Exhibit A, by this Objection, the Liquidating Trustee seeks to disallow only the Objectionable Claims and does not seek to affect the corresponding Surviving Claims but reserves its right to bring other and further objections to the Surviving Claims on any and all grounds.

**Notice**

19. Pursuant to this Court's Administrative Order dated December 21, 2020, the Objection will be served and electronically filed at least 30 days prior to the return date and time, and service on the claimants holding the Objectionable Claims will comply with Fed. R. Bankr. P. 7004.

20. In addition, the Liquidating Trustee will provide notice of this Objection to: (a) the Office of the United States Trustee, 100 State Street, Room 6090, Rochester, New York, Attn: Kathleen Dunivin Schmitt; (b) counsel to RDC; (c) the twenty largest unsecured creditors; (d) Bankruptcy Management Solutions, Inc., and (e) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

WHEREFORE, for the reasons stated in the Objection, the Liquidating Trustee respectfully requests that the Court sustain the Objection, disallow each of the Objectionable Claims listed on **Exhibit A** and grant such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 1, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/* Ilan D. Scharf |
| | Ilan D. Scharf, Esq. (NY Bar No. 4042107) |
| | Jason S. Pomerantz, Esq. (admitted *pro hac vice*) |
| | Gail S. Greenwood, Esq. (admitted *pro hac vice*) |
| | 780 Third Avenue, 34th Floor |
| | New York, New York 10017 |
| | Telephone: (212) 561-7700 |
| | Facsimile: (212) 561-7777 |
| | |
| | *Counsel to the RDC Liquidating Trust* |