**EXHIBIT B**

**Proposed Order**

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (Admitted *pro hac vice*)
Gail S. Greenwood, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                             :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **ROCHESTER DRUG** | : | **Case No. 20-20230 (PRW)** |
| **CO-OPERATIVE, INC.** | : | |
| | : | |
| **Debtor.** | : | |

-------------------------------------------------------------x

## ORDER GRANTING LIQUIDATING TRUSTEE'S
## FIRST OMNIBUS OBJECTION TO DUPLICATE CLAIMS FILED AGAINST
## ROCHESTER DRUG CO-OPERATIVE, INC

Upon the objection (the "Objection")[1] of the Liquidating Trustee for entry of an order

(this "Order") disallowing and expunging the claims identified on **Schedule 1** (collectively, the

"Objectionable Claims") pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule

3007, all as more fully set forth in the Objection; and upon the Declaration of David Greenblatt;

and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Standing Order of Reference from the United States District Court for the*

*Western District of New York*, dated February 29, 2012, and the Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Liquidating Trustee provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is granted.

2.      The Objectionable Claims identified on **<u>Schedule 1</u>** attached hereto are disallowed and expunged in their entirety.

3.      The claims agent is authorized to update the Claims Register to reflect the relief granted in this Order.

4.      Entry of this Order is without prejudice to the Liquidating Trustee's right to object to any other Claims in this chapter 11 case or to further object to the Objectionable Claims (to the extent they are not disallowed and expunged pursuant to this Order) and/or to any Surviving Claims (as defined in the Objection) on any grounds whatsoever, at a later date.

5.      Each Objectionable Claim and the Objection by the Liquidating Trustee to each Objectionable Claim constitutes  a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Objectionable Claim. Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

DOCS_DE:236489.4 75015/003

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2021

_____
THE HONORABLE PAUL R. WARREN,
UNITED STATES BANKRUPTCY JUDGE

# **SCHEDULE 1**

| Claimant Name | No. of Objectionable Claim | Amount of Objectionable Claim | Classification (as filed) of Objectionable Claim | Disposition |
|---|---|---|---|---|
| BIOLIFE, LLC | 66 | $6,134.40 | GUC | Claim 66 is disallowed. |
| BRENNAN, JOSEPH E | 138 | $150,000.00 | GUC | Claim 138 is disallowed. |
| DICKSON-HOWELL PARTNERSHIP | 30 | $768.00 | GUC | Claim 30 is disallowed. |
| HR PHARMACEUTICALS INC | 20027 | $1,004.83 | GUC | Claim 20027 is disallowed. |
| ITX CORP | 153 | $103,281.25 | GUC | Claim 153 is disallowed. |
| JM PARTNERS LLC | 34 | $33,781.10 | GUC | Claim 34 is disallowed. |
| JM PARTNERS LLC | 25 | $33,781.10 | GUC | Claim 25 is disallowed. |
| JM PARTNERS LLC | 9 | $33,781.10 | GUC | Claim 9 is disallowed. |
| JOHN G KYLES INC | 29 | $1,160.04 | GUC | Claim 29 is disallowed. |
| KONICA MINOLTA BUSINESS SOLUTIONS | 162 | $5,696.69 | GUC | Claim 162 is disallowed. |
| KVK-TECH INC | 8 | $52,512.12 | GUC | Claim 8 is disallowed. |
| LONG ISLAND CITY CHEMISTS | 91 | $5,200.36 | GUC | Claim 91 is disallowed. |
| NATURES HEALTH CONNECTION INC | 3 | $3,240.00 | GUC | Claim 3 is disallowed. |
| NEPHRO-TECH INC | 54 | $7,650.00 | GUC | Claim 54 is disallowed. |
| NEW PHARMACY, THE | 371 | $12,686.26 | GUC | Claim 371 is disallowed. |
| NEW PHARMACY, THE | 372 | $12,686.26 | GUC | Claim 371 is disallowed. |
| NORTH COAST COMPRESSORS D/B/A RW LINDSAY | 48 | $442.80 | GUC | Claim 48 is disallowed. |
| SHERALVEN ENTERPRISES LTD | 20012 | $2,120.92 | GUC | Claim 20012 is disallowed. |
| VANDA PHARMACEUTICALS INC | 62 | $33,800.58 | GUC | Claim 62 is disallowed. |
| VERDE TECHNOLOGIES | 43 | $780.00 | GUC | Claim 43 is disallowed. |