# EXHIBIT C

# Declaration of David Greenblatt

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (Admitted *pro hac vice*)
Gail S. Greenwood, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re : Chapter 11
:
**ROCHESTER DRUG** : Case No. 20-20230 (PRW)
**CO-OPERATIVE, INC.** :
:
Debtor. :
-------------------------------------------------------------x

# DECLARATION OF DAVID GREENBLATT IN SUPPORT OF LIQUIDATING TRUSTEE'S SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN AMENDED CLAIMS

I, David Greenblatt, declare under penalty of perjury as follows, pursuant to the provisions of 28 U.S.C. § 1746:

1. I am a director of B.Riley Advisory Services ("B.Riley"), financial advisor to the Advisory Trust Group, LLC (the "Liquidating Trustee"), trustee of the RDC Liquidating Trust. I submit this declaration in support of the Liquidating Trustee's *Second Omnibus Objection to Amended Claims Filed Against Rochester Drug Co-Operative, Inc.* (the "Objection"). Pursuant to the Objection, the Liquidating Trustee seeks an order disallowing and expunging each of the Objectionable Claims listed on **Exhibit A** to the Objection.

2. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "Plan of Liquidation") of Rochester Drug Co-operative, Inc. (the "Debtor") or "RDC"). Pursuant to the Confirmation Order, the Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate.

3. The Effective Date of the Plan of Liquidation occurred on March 19, 2021.

4. As of the Effective Date, Advisory Trust Group, LLC was appointed to act as trustee of the RDC Liquidating Trust. Shortly thereafter, the Liquidating Trustee retained B.Riley to act as its financial advisor.

5. As part of my current position in assisting with the Liquidating Trustee's responsibilities under the Plan of Liquidation, I am responsible for certain claims management and reconciliation matters. I have read the *Objection* and am directly, or by and through the Liquidating Trustee's advisors and, in some cases, the Debtor's former personnel who are available to support the Liquidating Trustee (the "Transition Personnel"), familiar with the information contained therein and the exhibits attached thereto.

6. I am authorized to submit this declaration (the "Declaration") in support of the Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) information supplied to me by the Debtor and its professionals, the Liquidating Trustee and its professionals, and/or the Transition Personal; or (d)

2

as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Liquidating Trustee. If called upon to testify, I could and would testify competently to the facts set forth herein.

7. I have determined that each Proof of Claim designated as an "Objectionable Claim" on **Exhibit A** to the Objection has been amended and superseded by another proof of claim filed by or on behalf of the same claimant (or a successor) in respect of the same liability. The latter claims are identified as the "<u>Surviving Claims</u>" on **Exhibit A**. While in some instances the Claimant did not check the "amended" box on the subsequently filed claim, a review of the substantive documentation submitted in support of both claims leads me to conclude that the Surviving Claim amended the Objectionable Claim. To allow both the Objectionable Claim and the Surviving Claim would result in a double recovery to the claimant to the detriment of other claimants. Accordingly, I believe that the Court should grant the relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 1, 2021

*/s/ David Greenblatt*
David Greenblatt