UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE: ) Chapter 11
)
ROCHESTER DRUG CO-OPERATIVE, INC., ) Case No. 20-20230 (PRW)
)
Debtor. )

---

# DECLARATION OF ROBERT MICHAELSON IN SUPPORT OF MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASES BETWEEN THE RDC LIQUIDATING TRUST AND HISCOX INSURANCE COMPANY, INC.

I, Robert Michaelson, declare under penalty of perjury as follows:

1. I am a co-founder and co-managing member of Advisory Trust Group, LLC (the "**Trustee**") of the RDC Liquidating Trust formed pursuant to the *Second Amended Chapter 11 Plan of Liquidation* [Docket No. 1145] of Rochester Drug Co-Operative, Inc. ("**RDC**"). I submit this declaration in support of the Liquidating Trustee's *Motion Pursuant to Bankruptcy Rule 9019(a) for Entry of an Order Approving Settlement Agreement and Releases Between the RDC Liquidating Trust and Hiscox Insurance Company, Inc.* ("**Motion**").[1] I have personal knowledge of the facts set forth herein unless otherwise stated.

2. Prior to the Petition Date, RDC filed the Coverage Action against Hiscox Insurance Company, Inc. ("**Hiscox**"), seeking a declaration of coverage for the NY Opioid Actions and the Criminal Investigation. The proposed Settlement Agreement, attached to the Motion as <u>Exhibit B</u>, is a settlement and mutual releases between the Parties to resolve all current and future claims in any way arising out of or relating to: the N.Y. Opioid Actions, the Civil Investigation, the Criminal Investigation, the Civil Action, the Criminal Action, and/or the

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to such terms in the Motion.

Coverage Action. The Trust will release claims against Hiscox under the Settlement Agreement in exchange for payment of $3.4 million from Hiscox.

3. Based on my review of pleadings and communications with counsel, I am familiar with the Coverage Action, the NY Opioid Actions, the Criminal Action, as well as the preceding Civil Investigation and Criminal Investigation.

4. I have reviewed the Settlement Agreement and believe it is in the best interests of the estate and its creditors because the settlement provides an immediate and substantial payment of $3.4 million, which is more than half of the $6 million limit available to the Debtor under the Policy, while eliminating the risks and expense of litigation and trial. I believe that further prosecution of the Coverage Action will involve substantial expense and time based on the complexity of the action, discovery, which has not yet commenced, potential motions for summary judgment, an eventual trial, and possible appeals.

5. The settlement is a product of hard fought negotiations and arm's length bargaining that culminated in a successful mediation; and the Settlement Agreement itself is the product of extended negotiations.

6. Giving full consideration to the costs and risks of litigation and the benefits of the settlement, I believe that the Settlement Agreement satisfies the paramount interests of RDC's creditors and should be approved by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 5, 2022

_____
Robert Michaelson

Case 2-20-20230-PRW, Doc 1586, Filed 04/05/22, Entered 04/05/22 19:01:07, Description: Main Document, Page 2 of 2
DOCS_SF:107101.1 75015/003
10870096_2