**THIS OBJECTION SEEKS TO REDUCE, DISALLOW AND/OR EXPUNGE THE PROOF OF CLAIM OF KLEIN PHARMACY, INC. OR PORTIONS THEREOF OR TO OTHERWISE ESTIMATE SAME FOR DISTRIBUTION PURPOSES (CLAIM NO. 282)**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL TO THE LIQUIDATING TRUSTEE, ILAN D. SCHARF, ESQ., AT (212) 561-7700 OR ISCHARF@PSZJLAW.COM**

Ilan D. Scharf, Esq.
Jason S. Pomerantz, Esq.
Judith Elkin, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jspomerantz@pszjlaw.com
jelkin@pszjlaw.com

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                              :
**In re**                                                     :    **Chapter 11**
                                                              :
**ROCHESTER DRUG CO-OPERATIVE, INC.**                         :    **Case No. 20-20230 (PRW)**
                                                              :
                      **Debtor.**[1]                          :
---------------------------------------------------------------X

**NOTICE OF HEARING ON RDC LIQUIDATING TRUST'S OBJECTION TO PROOF OF CLAIM OF KLEIN PHARMACY, INC. (CLAIM NO. 282)**

**PLEASE TAKE NOTICE** that, on September 21 2022, RDC Liquidating Trust, through its trustee Advisory Trust Group, LLC (the "<u>Liquidating Trustee</u>") filed its *Objection to Proof of*

---

[1] On February 26, 2021, the Bankruptcy Court entered an order confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "<u>Plan</u>") of Rochester Drug Co-operative, Inc. ("<u>RDC</u>") which (along with that certain Liquidating Trust Agreement and Declaration of Trust) established the RDC Liquidating Trust and empowered it to collect and administer RDC's Assets and resolve Claims against RDC.

*Claim of Klein Pharmacy, Inc. (Claim No. 282)* (the "Objection") with the United States Bankruptcy Court for the Western District of New York (the "Court").

Pursuant to the Objection, The Liquidating Trustee objects to Claim No. 282 (the "Claim") filed by Klein Pharmacy, Inc. ("Claimant") and asks that the Court: (1) disallow any portion of the Claim that is a Dividend Claim[2] on the grounds that the Debtor's Board of Directors exercised its discretion when it did not declare Patronage Dividends for years after the fiscal year ending March 31, 2017; therefore, any claims for Patronage Dividends are unenforceable against the Debtor or its property pursuant to 11 U.S.C. § 502(b)(1); (2) reclassify any portion of the Claim that is a Stock Claim as a Class 3 Interest pursuant to the terms of the Debtor's confirmed Plan; and (3) disallow any portion of the Claim that is a Bad Faith Claim, which belongs to the estate pursuant to Bankruptcy Code section 541, which the Liquidating Trustee has the sole authority to pursue (and is pursuing) for the benefit of all of the Class 2 Unsecured Creditors. Finally, to the extent that the Court finds that any portion of the Claim is Allowed as a Class 2 Unsecured Claim, the Liquidating Trustee asks that it be subordinated to the Allowed Claims of all other Class 2 Unsecured Creditors pursuant to Bankruptcy Code section 510(b).**Any claim or portion thereof that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to, or receive, any distribution on account thereof.**

A hearing (the "Hearing") to consider the Objection will be held on **November 3, 2022 at 10:00 a.m.** (**Prevailing Eastern Time**) in the United States Bankruptcy Court for the Western District of New York, 100 State Street, Rochester, NY 14614.

If you **DO NOT** oppose the relief requested herein as to the Claim then you do NOT need to file a written response to the Motion and you do NOT need to appear at the Hearing.

---

[2] Capitalized terms that are not defined in this Notice have the meaning given to them in the Objection.

If you **DO** oppose the relief requested herein to your Claim then you MUST file with the Court and serve on the parties listed below a written response (a "Response") to the Objection, which must be received on or before **4:00 p.m. (Prevailing Eastern Time) on October 24, 2022** (the "Response Deadline").

Your Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and the title of the objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) all documentation or other evidence of the Claim, to the extent not included with the Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (iv) the address(es) to which the Liquidating Trustee must return any reply to your Response, if different from that presented in the Claim; and (v) the name, address, and telephone number of the person (which may be a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim..

The Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received. A Response will be deemed timely filed, served, and received only if the response is actually received on or before the Response Deadline by (i) the Clerk of the Court, United States Bankruptcy Court, 100 State Street, Rochester, NY 14614; and (ii) Pachulski Stang Ziehl & Jones LLP, Attn: Ilan D. Scharf, Esq., ischarf@pszjlaw.com, counsel for the Liquidating Trustee.

Replies (if any) to the Response must be filed and served by parties in interest on or before 72 hours prior to the Hearing.

If you file a written Response to the Objection, you should plan to appear at the Hearing. The Liquidating Trustee, however, reserves the right to continue the Hearing on the Objection with respect to your Claim. If the Liquidating Trustee does continue the hearing with respect to your

3
DOCS_DE:240699.1

Claim, then the Hearing will be held at a later date. If the Liquidating Trustee does not continue the Hearing with respect to your Claim, then a Hearing on the Objection will be conducted on the above date.

**CLAIMANT SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF ITS CLAIM.**

Dated: September 21, 2022  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Ilan D. Scharf*
Ilan D. Scharf, Esq.
Jason S. Pomerantz, Esq.
Judith Elkin, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: | ) ) | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | ) ) | Case No.20-20230 (PRW) |
| Debtor. | ) ) ) |  |

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
                    )
COUNTY OF LOS ANGELES )

I, Nancy H. Brown, am over the age of eighteen years, and am employed by Pachulski Stang Ziehl & Jones LLP. I am not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067.

On September 21, 2022, I caused to be served a true and correct copy of **Notice of Hearing on RDC Liquidating Trust's Objection to Proof of Claim of Klein Pharmacy, Inc. (Claim No. 282)** via the Court's ECF system.

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 21st day of September, 2022 at Los Angeles, California.

/s/ *Nancy H. Brown*
Nancy H. Brown