Ilan D. Scharf, Esq.
Jason S. Pomerantz, Esq.
Judith Elkin, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jspomerantz@pszjlaw.com
jelkin@pszjlaw.com

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In re**                                             :          **Chapter 11**
                                                                 :
**ROCHESTER DRUG**                                    :          **Case No. 20-20230 (PRW)**
**CO-OPERATIVE, INC.** [1]                            :
                                                                 :
     **Debtor.**                                      :
-----------------------------------------------------------------x

### OBJECTION TO CLAIM 380 ASSERTED BY SHAREHOLDER BAEDERWOOD PHARMACY, INC.

RDC Liquidating Trust, through its trustee Advisory Trust Group, LLC (the "Liquidating Trustee"), the successor-in-interest to Rochester Drug Co-Operative, Inc. (the "Debtor" or "RDC") files its *Objection to Claim 380 Asserted by Shareholder Baederwood Pharmacy, Inc.* (the "Objection"). Pursuant to the Objection, the Liquidating Trustee seeks an order reclassifying Claim 380 as a Class 3 Interest pursuant to the terms of the Debtor's confirmed Plan of Liquidation. In support of the Objection, the Liquidating Trustee respectfully states as follows:

---

[1] On February 26, 2021, the Bankruptcy Court entered an order confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "Plan") of Rochester Drug Co-operative, Inc. ("RDC") which (along with that certain Liquidating Trust Agreement and Declaration of Trust) established the RDC Liquidating Trust and empowered it to collect and administer RDC's Assets and resolve Claims against RDC.

## PRELIMINARY STATEMENT

1. Prior to its liquidation under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), RDC was a New York cooperative corporation owned by approximately 307 stockholding pharmacists and pharmacies (the "Shareholder Pharmacies"). RDC sold pharmaceutical products to many (if not all) of its Shareholder Pharmacies. As of the Petition Date, many Shareholder Pharmacies had accounts receivable owing to RDC (collectively, the "Shareholder Receivables").

2. For many years, RDC distributed profits to the Shareholder Pharmacies, if available and at the discretion of the Board of Directors, in the form of a patronage dividend ("Patronage Dividends"). Each Shareholder Pharmacy was required to make minimum yearly purchases from RDC to remain in good standing, and Patronage Dividends were distributed based on each shareholder's total sales volume.

3. RDC's board of directors last declared a Patronage Dividend (approximately $22.1 million) for the fiscal year ending March 31, 2017, which was paid in June of 2017 (the "2017 Patronage Dividend").

4. On or about March 8, 2022, the Liquidating Trustee, on behalf of the estate, filed a suit against the Debtor's Board of Directors (the "Board Action")[2] in connection with the 2017 Patronage Dividend on the grounds that it was paid when the Debtor was insolvent

---

[2] *See Complaint for Breach of Fiduciary Duties and Recovery of Wrongful Declaration of Dividends* (the "BOD Complaint") filed by the Liquidating Trustee against Donald Arthur, Christopher Casey, Laurence F. Doud III, Stephen Giroux, Sherwood Klein, Richard Klenk, Joe Lech, Boris Mantell, Joseph Scott Miskovsky, Garry Mrozek, Paul Pagnotta, which is pending in the United States Bankruptcy Court for the Western District of New York as 22-AP-02073. A trial in the action is set for April 2024.

2
DOCS_DE:240650.3 75015/003
Case 2-20-20230-PRW, Doc 1653, Filed 09/21/22, Entered 09/21/22 16:14:29, Description: Main Document , Page 2 of 9

in violation of New York Debtor & Creditor Law ("NY DCL") section 271[3] and New York Business Corporation Law ("NY BCL") section 510(a).[4]

5. Shareholder Pharmacies filed thirty-two proofs of claim against RDC (the "Shareholder Claimants") pursuant to which they assert claims for (a) undeclared patronage dividends (the "Dividend Claims"), (b) the value of their stock (the "Stock Claims"), and/or (c) breach of fiduciary duty or other corporate malfeasance (the "Bad Faith Claims"). (The Dividend Claims, the Stock Claims and the Bad Faith Claims are collectively, the "Shareholder Claims").[5] This Objection addresses a Stock Claim.

6. Baederwood Pharmacy, Inc. ("Claimant") is a shareholder in the Debtor. According to the Debtor's books and records, Claimant owns two shares of common stock in RDC (the "RDC Stock").[6]

7. The Liquidating trustee is informed and believes that Claimant operated pharmacies that purchased inventory (the "Goods") from the Debtor pre-petition (the "Pharmacies"). A few of the Pharmacies had *de minimis* Prepetition Receivables outstanding on the Petition Date.

8. According to the Debtor's books and records, the Debtor paid Claimant a total of $54,052 in Patronage Dividends in 2017.

9. On or about July 30, 2020, Claimant filed a proof of claim (docketed as claim 380) in the amount of $34,546.00 (the "Claim"). A copy of the Claim is attached as

---

[3] Section 271(1) provides, "A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." NY DCL § 271(1).
[4] Section 510(a) provides, "A corporation may declare and pay dividends or make other distributions in cash or its bonds or its property, including the shares or bonds of other corporations, on its outstanding shares, except when currently the corporation is insolvent or would thereby be made insolvent, or when the declaration, payment or distribution would be contrary to any restrictions contained in the certificate of incorporation." NY BCL § 510(a).
[5] Approximately 18 of the Shareholder Claims include a combination of Stock Claims, Dividend Claims and/or Bad Faith Claims; 9 assert only Stock Claims; 2 assert only Dividend Claims; 3 are amended or duplicate claims.
[6] Ownership is according to the Debtor's List of Equity Security Holders [Doc. No. 105-1].

**Exhibit A**. Claimant asserts that the basis of the Claim is "stock purchase". Claimant also attaches to its Claim: (i) a stock certificate evidencing one share of non-voting common stock dated February 26, 2016 and (ii) a stock certificate evidencing one share of non-voting common stock dated March 29, 2016.

10. Pursuant to the Claim, it appears that Claimant asserts only a Stock Claim.[7] Accordingly, by this Objection, the Liquidating Trustee asks that the Court to reclassify the Claim as a Class 3 Interest pursuant to the terms of the Debtor's confirmed Plan.

## STATUTORY BASIS OF OBJECTION

11. The Objection is brought pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and it is supported by Declaration of David Greenblatt (the "Greenblatt Declaration").[8]

## JURISDICTION

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the *Standing Order of Reference from the United States District Court for the Western District of New York*, dated February 29, 2012. The Liquidating Trustee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

13. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[7] To the extent that the Claim asserts any other grounds or basis not addressed in this Objection, the Liquidating Trustee reserves the right to address those grounds or basis on reply.
[8] A Proposed Order is attached as **Exhibit B**. The Greenblatt Declaration is attached as **Exhibit C.**

## GENERAL BACKGROUND

14. On March 12, 2020 (the "Petition Date"), the Debtor filed a petition under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court").

15. On March 27, 2020, the Debtor filed its schedules of assets and liabilities (the "Schedules") [Docket No. 105] pursuant to Bankruptcy Rule 1007 and the *Ex Parte Order Pursuant to Bankruptcy Rules 1007(c) and 9006(b)(1) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs* [Docket No. 28].

16. On June 15, 2020, the Bankruptcy Court entered an order [Docket No. 401] (the "Bar Date Order") which, among other things, fixed July 31, 2020 as the date by which any person or entity holding (a) a Claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date (the "General Bar Date"), or (b) an administrative expense claim against the Debtor that arose under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Bar Date") must file a written proof of claim (a "Proof of Claim") asserting such claim against the Debtor. The Debtor (or its agents) served the Bar Date Order, notice of the bar dates and a Proof of Claim form (collectively, the "Bar Date Notice Package") in accordance with the Bar Date Order. *See* Certificate of Service [Docket No. 431].[9]

17. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming RDC's *Second Amended Chapter 11 Plan of Liquidation* (the "Plan"). Pursuant to the Confirmation Order, the Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement") (collectively, the "Plan

---

[9] On December 18, 2020, the Debtor amended certain of its Schedules (the Amended Schedules") and claimants whose Claims were affected by the amendment were allowed to file Proofs of Claim until January 31, 2021 [Docket Nos. 1014, 1016].

Documents"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate.[10]

18. The Effective Date (as defined in the Plan) of the Plan occurred on March 19, 2021. As of the Effective Date, the Liquidating Trustee was appointed to act as trustee of the RDC Liquidating Trust. Pursuant to the Plan, among other things: (i) the Bankruptcy Court retained jurisdiction, "[t]o hear and determine objections to the allowance of Claims, whether filed, asserted or made before or after the Effective Date, including, without limitation, to hear and determine objections to the classification of Claims and the allowance or disallowance of disputed Claims, in whole or in part;" and (ii) the Liquidating Trustee "may object to Claims at any time prior to the dissolution of the [RDC] Liquidating Trust." Plan, § 10.13(d); § 8.14.

## LEGAL ARGUMENT

19. As was noted above, pursuant to the Claim, Claimant asserts that RDC owes it $34,564.00 for its purchase of RDC Stock. The Liquidating Trustee objects to the Claim on the grounds that pursuant to the Debtor's confirmed Plan, the Claim should be reclassified as a Class 3 Interest.

**A.    Applicable Standard**

20. A filed proof of claim is deemed allowed unless a party-in-interest objects. 11 U.S.C. § 502(a). Correctly filed proof of claims constitute *prima facie* evidence of the validity

---

[10] The bankruptcy case docket numbers for the applicable documents are as follows: Confirmation Order (Dkt. No. 1257); Plan of Liquidation (Dkt. No. 1145); Notice of Effective Date (Dkt No. 1305). If not defined herein, capitalized terms have the definitions given to them in the Plan Documents.

and amount of the claim. *In re Residential Capital, LLC*, 524 B.R. 465, 477 (Bankr. S.D.N.Y. 2015); Fed. R. Bank. P. 3001(f).

21. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *In re Ditech Holding Corp.,* 2021 Bankr. LEXIS 1299, *10 (Bankr. S.D.N.Y. May 13, 2021).

22. If there is an objection to a claim, the bankruptcy court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, subject to certain exceptions identified in the statute. 11 U.S.C. § 502(b). One such exception is that the court shall not allow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

**B.** **The Stock Claim (if any) should be reclassified as a Class 3 Interest pursuant to the terms of the Plan.**

23. The Claim should be reclassified as a Class 3 Interest that will receive no distribution under the Plan, instead of a Class 2 General Unsecured Claim, which will share pro rata with other general unsecured claims, including trade and tort claims.

24. Pursuant to the Plan, Holders of Class 3 Interests in the Debtor are subordinated to Holders of Class 2 General Unsecured Claims. The Plan defines an "Interest" as "the interest of any holder of an equity security, within the meaning of sections 101(16) and (17) of the Bankruptcy Code, represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership or membership interest in the Debtor, or any membership interest in the Debtor, whether or not transferable, or any option,

7

DOCS_DE:240650.3 75015/003
Case 2-20-20230-PRW, Doc 1653, Filed 09/21/22, Entered 09/21/22 16:14:29, Description: Main Document, Page 7 of 9

warrant, or right, contractual or otherwise, to acquire any such interest, including a partnership, limited liability company or similar interest in the Debtor." (Plan § 1.45).

25. The Claim is based on Claimant's "stock purchase" and the shares of RDC Stock attached to the Claim. Accordingly, the "Claim" is clearly an "Interest" under the Plan and the Bankruptcy Code.

26. The Plan classifies the Claims against the Debtor into three Classes: Class 1 Unsecured Priority Claims; Class 2 General Unsecured Claims and Class 3 Interests. (Plan § 3). The Plan of Liquidation further provides that (i) Holders of Allowed Class 2 Unsecured Claims will receive a pro rata share of the RDC's Liquidating Trust's assets; (ii) Holders of Class 3 Interests will not receive any Distribution on account of such Interest unless all holders of Allowed Class 2 Claims are paid in full, and (iii) "In light of the magnitude of the Class 2 Unsecured Claims, it is unlikely that holders of Class 3 Interests will receive any Distributions in this Chapter 11 Case." (*Id*. §§ 3.2.2-3.2.3.). *See also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 202 (1988) ("[T]he absolute priority rule provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property [under a reorganization] plan.").[11]

27. Accordingly, the Claim should be reclassified as a Class 3 Interest pursuant to the Plan.

## RESERVATION OF RIGHTS

28. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Liquidating Trustee or any other party in interest to object to the Claim (to the extent not disallowed and expunged pursuant to this Objection) on any grounds

---

[11] The Liquidating Trustee estimates that approximately 27 Shareholders have filed Claims that may include Stock Claims and reserves this rights to object to all such Stock Claims on the grounds set forth in this Objection. The Liquidating Trustee filed this Objection in an effort to obtain guidance from the Court regarding similar claims.

whatsoever, and the Liquidating Trustee expressly reserves all further substantive or procedural objections it may have.

## NOTICE

29. Pursuant to this Court's Administrative Order dated December 21, 2020, the Objection will be served and electronically filed at least 30 days prior to the return date and time, and service on the Claimant holding the Claim will comply with Fed. R. Bankr. P. 7004.

30. In addition, the Liquidating Trustee will provide notice of this Objection to: (a) the Office of the United States Trustee, 100 State Street, Room 6090, Rochester, New York, Attn: Kathleen Dunivin Schmitt; (b) counsel to RDC; (c) the twenty largest unsecured creditors; (d) Bankruptcy Management Solutions, Inc. d/b/a Stretto, and (e) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

WHEREFORE, for the reasons stated in the Objection, the Liquidating Trustee respectfully requests that the Court sustain the Objection and reclassify the Claim as a Class 3 Interest in accordance with the proposed order attached hereto as **Exhibit B** and grant such other relief as the Court deems just and proper.

Dated: September 21, 2022    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Ilan D. Scharf*
Ilan D. Scharf, Esq.
Jason S. Pomerantz, Esq.
Judith Elkin, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

9