# EXHIBIT C

## Declaration of David Greenblatt

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
ROCHESTER DRUG : Case No. 20-20230 (PRW)
CO-OPERATIVE, INC. :
: 
Debtor. :
---------------------------------------------------------------x

# DECLARATION OF DAVID GREENBLATT IN SUPPORT OF LIQUIDATING TRUSTEE'S OBJECTION TO CLAIM 380 ASSERTED BY SHAREHOLDER BAEDERWOOD PHARMACY, INC.

I, David Greenblatt, declare under penalty of perjury as follows, pursuant to the provisions of 28 U.S.C. § 1746:

1. I am a director of B.Riley Advisory Services ("B.Riley"), financial advisor to the Advisory Trust Group, LLC (the "Liquidating Trustee"), trustee of the RDC Liquidating Trust. I submit this declaration in support of the Liquidating Trustee's *Objection to Claim 380 Asserted by Shareholder Baederwood Pharmacy, Inc.* (the "Objection").

2. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "Plan of Liquidation") of Rochester Drug Co-operative, Inc. (the "Debtor" or "RDC"). Pursuant to the Confirmation Order, the Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate. The Effective Date of the Plan of Liquidation occurred on March 19, 2021. As of the

DOCS_DE:240650.3 75015/003

Case 2-20-20230-PRW, Doc 1653-3, Filed 09/21/22, Entered 09/21/22 16:14:29, Description: Exhibit C - Declaration of David Greenblatt, Page 2 of 5

Effective Date, Advisory Trust Group, LLC was appointed to act as trustee of the RDC Liquidating Trust. Shortly thereafter, the Liquidating Trustee retained B.Riley to act as its financial advisor.

3. As part of my current position in assisting with the Liquidating Trustee's responsibilities under the Plan of Liquidation, I am responsible for certain claims management and reconciliation matters. I have read the *Objection* and am directly, or by and through the Liquidating Trustee's advisors and, in some cases, the Debtor's former personnel who are available to support the Liquidating Trustee (the "Transition Personnel"), familiar with the information contained therein and the exhibits attached thereto.

4. I am authorized to submit this declaration (the "Declaration") in support of the Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) information supplied to me by the Debtor and its professionals, the Liquidating Trustee and its professionals, and/or the Transition Personal; or (d) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Liquidating Trustee. If called upon to testify, I could and would testify competently to the facts set forth herein.

5. Prior to its liquidation under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), RDC was a New York cooperative corporation owned by approximately 307 stockholding pharmacists and pharmacies (the "Shareholder Pharmacies").

6. RDC sold pharmaceutical products to many (if not all) of its Shareholder Pharmacies and, as of the Petition Date, many Shareholder Pharmacies had accounts receivable owing to RDC (collectively, the "Shareholder Receivables").

7. For many years, RDC distributed profits to the Shareholder Pharmacies, if available and at the discretion of the Board of Directors, in the form of a patronage dividend ("Patronage Dividends").

8. Each Shareholder Pharmacy was required to make minimum yearly purchases from RDC to remain in good standing, and Patronage Dividends were distributed based on each shareholder's total sales volume.

9. RDC's board of directors last declared a Patronage Dividend (approximately $22.1 million) for the fiscal year ending March 31, 2017, which was paid in June of 2017 (the "2017 Patronage Dividend").

10. Shareholder Pharmacies filed thirty-two proofs of claim against RDC (the "Shareholder Claimants") pursuant to which they assert claims for (a) undeclared patronage dividends (the "Dividend Claims"), (b) the value of their stock (the "Stock Claims"), and/or (c) breach of fiduciary duty or other corporate malfeasance (the "Bad Faith Claims"). (The Dividend Claims, the Stock Claims, and the Bad Faith Claims are collectively, the "Shareholder Claims").[1]

11. Baederwood Pharmacy, Inc. ("Claimant") is a shareholder in the Debtor. According to the Debtor's books and records, Claimant owns two shares of common stock in RDC (the "RDC Stock").[2]

12. I am informed and believe that Claimant operated pharmacies that purchased inventory (the "Goods") from the Debtor pre-petition (the "Pharmacies"). A few of the Pharmacies had *de minimis* Prepetition Receivables outstanding on the Petition Date.

---

[1] Approximately 18 of the Shareholder Claims include a combination of Stock Claims, Dividend Claims and/or Bad Faith Claims; 9 assert only Stock Claims; 2 assert only Dividend Claims; 3 are amended or duplicate claims.
[2] Ownership is according to the Debtor's List of Equity Security Holders [Doc. No. 105-1].

13. According to the Debtor's books and records, the Debtor paid Claimant a total of $54,052 in Patronage Dividends in 2017.

14. On or about July 30, 2020, Claimant filed a proof of claim (docketed as claim 380) in the amount of $34,546.00 (the "Claim"). A copy of the Claim is attached to the Objection as **Exhibit A**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 21, 2022

*/s/ David Greenblatt*
David Greenblatt