# EXHIBIT C

**Declaration of David Greenblatt**

DOCS_NY 46320 v3 75015.003

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Judith Elkin, Esq. (NY Bar No. 4249439)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                :

In re                                       :            Chapter 11

**ROCHESTER DRUG**                    :            Case No. 20-20230 (PRW)
**CO-OPERATIVE, INC.**               :

                 **Debtor.**             :
---------------------------------------------------------------x

**DECLARATION OF DAVID GREENBLATT IN SUPPORT OF LIQUIDATING
TRUSTEE'S FIRST OMNIBUS OBJECTION
(BOOKS AND RECORDS) TO CLAIMS FILED AGAINST
<u>ROCHESTER DRUG CO-OPERATIVE, INC. BY FINSON LAW FIRM</u>**

      I, David Greenblatt, declare under penalty of perjury as follows, pursuant to the provisions of 28 U.S.C. § 1746:

      1.    I am a director of B.Riley Advisory Services ("<u>B.Riley</u>"), financial advisor to Advisory Trust Group, LLC (the "<u>Liquidating Trustee</u>"), trustee of the RDC Liquidating Trust. I submit this declaration in support of the Liquidating Trustee's *First Omnibus Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by Finson Law Firm* (the "<u>Objection</u>"). Pursuant to the Objection, the Liquidating Trustee seeks an order disallowing and expunging the Disputed Claims as identified on **Exhibit A** to the Objection (attached hereto as **Exhibit C-1**).

2. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Chapter 11 Plan of Liquidation* (the "Plan of Liquidation") of Rochester Drug Co-operative, Inc. (the "Debtor" or "RDC"). Pursuant to the Confirmation Order, the Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate. According to the Debtor's first day declaration and disclosure statement, the Debtor was in the business of, among other things, purchasing and warehousing drugs and pharmaceutical products and selling and distributing such products to its member pharmacies, all of which were located in the following states: Connecticut, Maine, Massachusetts, New Hampshire, New Jersey, New York, Ohio, Pennsylvania and Vermont.

3. The Effective Date of the Plan of Liquidation occurred on March 19, 2021.

4. As of the Effective Date, Advisory Trust Group, LLC was appointed to act as trustee of the RDC Liquidating Trust. Shortly thereafter, the Liquidating Trustee retained B.Riley to act as its financial advisor.

5. As part of my current position in assisting with the Liquidating Trustee's responsibilities under the Plan of Liquidation, I am responsible for certain claims management and reconciliation matters. I have read the *Objection* and am directly, or by and through the Liquidating Trustee's advisors and, in some cases, the Debtor's former personnel who are available to support the Liquidating Trustee (the "Transition Personnel"), familiar with the information contained therein.

6. I am authorized to submit this declaration (the "Declaration") in support of the Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge;

2
DOCS_NY:46320.3 75015/003
Case 2-20-20230-PRW, Doc 1662-3, Filed 09/28/22, Entered 09/28/22 16:57:48, Description: Exhibit C, Page 3 of 5

(b) my review of relevant documents; (c) information supplied to me by the Debtor and its professionals, the Liquidating Trustee and its professionals, and/or the Transition Personal; or (d) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Liquidating Trustee. If called upon to testify, I could and would testify competently to the facts set forth herein.

7. I have reviewed the proofs of claim identified on **Exhibit A** to the Objection (as defined in the Objection, the "Disputed Claims") of each of the Claimants. Each Disputed Claim was timely filed. However, other than the name of each Claimant, no address or other contact information of the Claimant is included on any of the proofs of claim listed on **Exhibit A** to the Objection. The only signatory and contact information on each proof of claim is that of counsel – Lowell Finson of the Finson Law Firm (the "Finson Firm"). Each proof of claim appears to be identical in that each contains only the name of the alleged Claimant, is filed for an "undetermined" amount, states the basis of the claim as "Litigation-Pers. Injury/Workers Comp.," and contains an attachment that is a generic discussion of RDC's pre-petition opioid practices and the consent decrees it entered into with various governmental entities. Only the name of the Claimant appears to be different on each proof of claim form. None of the proofs of claim contains any information as to the alleged Claimant's residence or place of business, the Claimant's connection to RDC or any of its member pharmacies, or the dollar amount or description of any actual damages suffered by the Claimant as a result of any actions allegedly taken by RDC. The Disputed Claims identified on A to the Objection are identical to the approximately 2170 proofs of claim filed by the Finson Firm. Attached hereto as **Exhibit C-2** is a true and correct copy of an example of one of the proofs of claim filed by the Finson Firm subject to this Objection. None of

3

DOCS_NY:46320.3 75015/003
Case 2-20-20230-PRW, Doc 1662-3, Filed 09/28/22, Entered 09/28/22 16:57:48, Description: Exhibit C, Page 4 of 5

the proofs of claim contain sufficient information for the Liquidating Trustee to determine the validity or amount of any of the Proofs of Claim listed on **Exhibit A** to the Objection.

8. Included in each proof of claim is the following statement:

> If necessary, Creditor/Claimant (hereinafter referred to as "Creditor" or "Creditor/Claimant") will produce medical records indicating proof of use of an opioid, addiction, and permanent physical and emotional damages. Further records can be produced showing economic losses associated with the addiction sequelae.

However, none of this information has ever been provided, despite being requested. Additionally, this information alone would be insufficient to show any relationship between RDC and any particular Claimant to support allowance of a claim in this case.

9. Without the information requested above, the Liquidating Trustee is unable to assess the validity or amount of the Disputed Claims. The records of RDC do not show any relationship between RDC and any named Claimant and the Liquidating Trustee does not have any information on any named Claimant's address, basis of claim or claim amount.

10. Accordingly, I believe that each Disputed Claim listed on **Exhibit A** of the Objection should be disallowed and the Court should grant the relief requested in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 28, 2022

*/s/ David Greenblatt*
David Greenblatt

4
DOCS_NY:46320.3 75015/003
Case 2-20-20230-PRW, Doc 1662-3, Filed 09/28/22, Entered 09/28/22 16:57:48, Description: Exhibit C, Page 5 of 5