# EXHIBIT B

**Proposed Order**

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Judith Elkin, Esq. (NY Bar No. 4249439)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|                                  :                         |
| **In re**                        :   **Chapter 11**        |
|                                  :                         |
| **ROCHESTER DRUG**               :   **Case No. 20-20230 (PRW)** |
| **CO-OPERATIVE, INC.**           :                         |
|                                  :                         |
|              **Debtor.**         :                         |
------------------------------------------------------------x

**ORDER GRANTING LIQUIDATING TRUSTEE'S**
***AMENDED* FIRST OMNIBUS OBJECTION**
**(BOOKS AND RECORDS) TO CLAIMS FILED AGAINST**
**ROCHESTER DRUG CO-OPERATIVE, INC. BY FINSON LAW FIRM**

Upon the objection (the "Objection")[1] of the Liquidating Trustee for entry of an order (this "Order") disallowing and expunging the claims listed on **Exhibit A** pursuant to section 502(b) of the Bankruptcy Code, all as more fully set forth in the Objection; and upon the Declaration of David Greenblatt; and the Court having found as follows: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Western District of New York*, dated February 29, 2012; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Liquidating Trustee provided appropriate notice of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

the Objection and the opportunity for a hearing on the Objection under the circumstances; and (v) under the facts and circumstances of this Objection, it was appropriate for the Liquidating Trustee to utilize the omnibus claim objection procedures set out in Bankruptcy Rule 3007(d) and (e) and the Objection is compliant with the Rules. The Court having, reviewed the Objection and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Objection is granted.

2. Each of the Disputed Claims set forth on **Exhibit A** hereto are hereby disallowed and expunged.

3. The claims agent is authorized to update the Claims Register to reflect the relief granted in this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2022.

THE HONORABLE PAUL R. WARREN,
UNITED STATES BANKRUPTCY JUDGE