## EXHIBIT D

**Declaration of Judith Elkin**

Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Judith Elkin, Esq. (NY Bar No. 4249439)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                      :
In re                                                 :          **Chapter 11**
                                                      :
**ROCHESTER DRUG**                                    :          **Case No. 20-20230 (PRW)**
**CO-OPERATIVE, INC.**                                :
                                                      :
              **Debtor.**                             :
----------------------------------------------------------------x


**DECLARATION OF JUDITH ELKIN IN SUPPORT OF LIQUIDATING TRUSTEE'S**
***AMENDED* FIRST OMNIBUS OBJECTION (BOOKS AND RECORDS) TO CLAIMS**
**FILED AGAINST ROCHESTER DRUG CO-OPERATIVE, INC.**
**BY FINSON LAW FIRM**


I, Judith Elkin, declare under penalty of perjury as follows, pursuant to the provisions of

28 U.S.C. § 1746:

1.      I am an attorney at the law firm Pachulski, Stang, Ziehl & Jones LLP,

counsel to Advisory Trust Group, LLC (the "Liquidating Trustee"), trustee of the RDC Liquidating

Trust. I submit this declaration in support of the Liquidating Trustee's *Amended First Omnibus

Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by

Finson Law Firm* (the "Objection"). I submit this Declaration based on my personal knowledge.

2.      I have reviewed each of the Proofs of Claim identified on **Exhibit A** to the

Objection. A total of approximately 2170 proofs of claim were filed by the Finson Firm (inclusive

of some which appear to be duplicates). Each proof of claim is identical in that each contains only the name of the alleged Claimant, is filed for an "undetermined" amount, states the basis of the claim as "Litigation-Pers. Injury/Workers Comp.," and contains an attachment that is a generic discussion of RDC's pre-petition opioid practices and the consent decrees it entered into with various governmental entities. None of the proofs of claim filed Finson Firm contains any information as to the alleged Claimant's residence or place of business, the Claimant's connection to RDC or any of its member pharmacies, or a dollar amount or description of the actual damages suffered by the Claimant as a result of any actions taken by RDC. Nor do any of the claims attach a complaint.

3.      Included in each proof of claim is the following statement:

> If necessary, Creditor/Claimant (hereinafter referred to as "Creditor" or "Creditor/Claimant") will produce medical records indicating proof of use of an opioid, addiction, and permanent physical and emotional damages. Further records can be produced showing economic losses associated with the addiction sequelae.

4.      On July 12, 2022, at the request of the Liquidating Trustee, I sent Mr. Lowell Finson of Finson Law Firm a letter (a true and correct copy of which is attached hereto as **Exhibit D-1**) seeking the following information *as well as* the information set forth above that each proof of claim indicated could be provided: (i) the full name, address and contact information of each Claimant; (ii) evidence that each Claimant either lives/works or lived/worked in the Debtor's geographic area of operations; (iii) evidence that each Claimant purchased opioids from the Debtor or from one of its member pharmacies and the type and amount of opioids purchased, inclusive of prescription data and related medical diagnosis; (iv) a breakdown of the types of injuries suffered by each Claimant; and (v) the actual dollar amount of each alleged claim and any specific data supporting the dollar amount and relating that dollar amount to harm allegedly caused

2

to the Claimant by the Debtor.  The letter asked that the requested information be provided by August 15, 2022.

5.	On July 12, 2022, Mr. Finson responded by email to me that he would provide the requested information.  A true and correct copy of the 7/12/22 email is attached hereto as **Exhibit D-2**.  During mid-July 2022, I had a phone conversation with Mr. Finson further describing the case and the information needed.  No further response was ever received.  On September 2, 2022, I emailed Mr. Finson asking for an update on the requests for information.  A true and correct copy of the 9/2/22 email is attached hereto as **Exhibit D-3**.  As of the date of this Objection, no information supporting the Disputed Claims has been received and I have had no further communication with Mr. Finson.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
	October 6, 2022

/s/Judith Elkin
Judith Elkin