Lowell W. Finson Esq. (CA Bar No. 275586)
Finson Law Firm
118 Channel Pointe Mall
Marina del Rey, CA 90292
Telephone: (602) 377-2903
Facsimile: (310) 425-3278

*Counsel to the Various Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
In re                                                     :     **Chapter 11**
:
ROCHESTER DRUG                                            :     **Case No. 20-20230 (PRW)**
CO-OPERATIVE, INC. [1]                                    :
:
**Debtor.**                                               :
-----------------------------------------------------x

### FINSON LAW FIRM OPPOSITON TO LIQUIDATING TRUSTEE'S *AMENDED* FIRST OMNIBUS OBJECTION TO CLAIMS FILED BY FINSON LAW FIRM

### FACTUAL ANALYSIS

1. Finson Law Firm, hereinafter ("Firm") files it's opposition to the Objection of the Liquidating Trustee's Objection to Finson Law Firm filed claims. These claims were timely filed by the Firm as initially required.

2. Those claims are listed in the client Spreadsheet attached hereto as Exhibit 1, which had hyperlinked access to medical records.

3. Each individual claim was filed using this Court's format for initial filings, a copy of which is attached as Exhibit 2.

4. The Plan was approved in January, 2021, and the Firm heard nothing until counsel for the Liquidating Trustee , hereinafter "LQ", sent the firm a letter in July, 2022, attached hereto as Exhibit 4, indicating our need to discuss the method of filing the claims.

5. This writer immediately engaged in a meet and confer process. In the interim, the Firm's head paralegal was engaging in a meet and confer process with counsel for the LQ.

6. An analysis of that process in attached as Declaration of Lowell W. Finson. Without going through the entire Declaration, the facts are that at all times Mr. Cruz fully cooperated with LQ counsel, and the understanding was that if we could come to an understanding as to an acceptable process, it would be alright, and no hearings would be required. The problems were not that the Firm was ignoring the issues, but that LQ counsel could not figure out a method of opening the Spreadsheet (Exhibit 1). Mr. Cruz repeatedly offered various methods to assist in opening the files, but according to LQ counsel, her team could not figure out how to open the hyperlinks. In the last few weeks, it was again understood that if Mr. Cruz would send her PDF files for each individual claimants, this Objection would be taken off calendar.

7. When we provided the PDF file, LQ counsel responded indicating that particular client could not have received qualifying opioids as the provided record listed only Kroger as a provider, and it did not receive any qualifying opioids. To be clear, it was not our understanding that providing any PDF format had to have a qualifying opioid in order to remove this Objection from the docket, but only that it would be an acceptable format to replace Exhibit 1.

8. To summarize the facts, the Firm attempted to fully cooperate with LQ counsel, by providing several formats to allow the Trustee to evaluate the claims, but not to permit dismissal of all the Firm's claims.

9. No matter what was offered, it was unacceptable.

10. The LQ has asked the Court to dismiss all claims because she cannot open files, thus shifting the burden of qualifying claims on the creditor, rather than on the Debtor, the entity that filed Chapter 11 Bankruptcy to avoid paying all debts incurred because of its allegedly unlawful behavior. Thus, ignoring the requirement of Rule 1129(a)(7), that the Plan should be in the best interests of the creditors, as was a specific finding the Court approving the Plan.

11. It is understood, LQ counsel indicates if one proof of claim is infirm, the burden suddenly is put upon the innocent creditor, whose counsel had no idea precisely what would have eventually been required to maintain a claim, but this means that if any opposing counsel decides to reject a certain form, the Firm's other forms are presumptively objectionable.

12. In the Purdue and Mallinckrodt matters, the initial proofs of claims were filed just as they were in this case, and no trustee has in any manner objected, as it was left to the ultimate liquidating trustee to determine what was needed.

13. LQ counsel asks this Court to ignore the practicality of determining what was to be required, in favor of an absolute rule indicating all the Firm's initial forms are infirm, ab initio.

14. It is submitted that had the Firm filed its claims prior to the bar date, it would have expected that some sort of notice would have been sent indicating this was a problem.

15. It was not until July, 2022, that LQ indicated for the very first time, we needed to discuss presenting further documentary evidence.

16. The Firm had such documents, and when advised the same needed to be presented, immediately began engaging in the process.

17. In light of the equities favoring the creditor who is diligent in meeting and conferring on how to effectively provide hundreds or thousands of documents.

18. In addition, the Objection as it relates to particular pharmacies, does not identify any particular pharmacies, but that Kroger is not one of them.

19. Exhibit 3 to the overview of pertinent facts specifies that RDC stipulated it violated both State and Federal Laws regarding its distribution of all opioids, and thus contributing to the opioid crisis in the USA, accepted responsibility, distributed to specialty pharmacies in NY and other states, including MA, VT, DE, PA, NJ, CT, OH, ME and NH.

20. Other than Kroger, LQ counsel had not indicted which pharmacies are included, and if that was made clear, we could engage in further discovery, an option that has not been offered.

21. Exhibit D to the Objection is Ms. Elkins' Declaration who states the Firm did not engage in a meet to confer since the July letter, which is simply incorrect.

22. LQ counsel was appointed in early 2021, and presumably had access to the Firm's claim forms, but waited over 17 months to provide notice of the deficiencies.

## LEGAL ANALYSIS

23. The upcoming hearing is designed to evaluate the entire inventory of the Firm, but LQ counsel is basing their request for such relief upon their inability to open the entire file with hyperlinked records and then, when a proposed method was offered and one file sent over, the named pharmacy was not one LQ counsel claims is not a RDC customer.

24. The rules regarding such a hearing are that the proofs meet the applicable Rule 12B(6) standards i.e., does the claim meet the "plausible liability" theory. See *In Re Ditech Holdings*, 2022WL14964188, Bank. NYSD 2022; see also *In Re 20/20 Sports, Inc*, 200 B.R. 972, Bank. NYSD 1996..

25. Here, LQ counsel makes no argument that the Firm claimants may not have a claim, only that no agreement could be reached as to how to transfer files to LQ counsel.

26. This hearing is, therefore, premature, and not based upon anything other than an alleged failure to provide information in an agreed upon format, and not the records available.

27. In the event the Court deems the Firm has failed to provide information in an acceptable format, the Firm requests leave to establish a format, which is understood to mean each claimant must provide a PDF version of the records, the format which seems to be one that is acceptable to LQ counsel.

28. To be clear, as of October 28, 2022, it was contemplated that the matter could be taken off calendar provided there was an agreement as to the form, which was the reason no response was filed until October 31, 2022.

## CONCLUSION

29. The Court should overrule the Objection and direct the parties to provide individual records in a format that will allow LQ counsel to evaluate each file, and grant any other relief it deems appropriate.

WHEREFORE, for the reasons stated in this Opposition, as well as the attachments and Opposition Exhibits noted, the Firm respectfully requests that the Court overrule the objections or in the alternative, to permit counsel to further meet and confer in order to establish an agreeable method of providing the required information. and grant such other relief as the Court deems just and proper.

Dated: October 31, 2022            FINSON LAW FIRM

*/s/ Lowell W. Finson*
Lowell W. Finson, Esq.
CA Bar No. 275586
118 Channel Pointe Mall
Marina del Rey, CA. 90292
Telephone: (602) 377-2903
Facsimile: (310) 425-3278

Counsel for Various Unsecured Claimants

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE: ) Chapter 11
)
ROCHESTER DRUG CO-OPERATIVE, INC., ) Case No. 20-20230 (PRW)
)
Debtor. )

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Lowell W. Finson am over the age of eighteen years, and am a sole practitioner with the Finson Law Firm. I am not a party to the within action; my business address is 118 Channel Pointe Mall, Marina del Rey, CA 90292.

On October 31, 2022, I caused to be served a true and correct copy of this Opposition To Liquidating Trustee's *Amended First Omnibus Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by Finson Law Firm* via the Court's ECF system.

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the contents are true to the best of my knowledge

/s/ Lowell W. Finson
Lowell W. Finson

4