**Declaration of Lowell W. Finson**

Lowell W. Finson Esq.
California Bar No. 4249439)

FINSON LAW FIRM
118 Channel Pointe Mall
Marina del Rey, CA 90292
Telephone: (602) 377-2903
Facsimile: (310) 425-3278

*Counsel for Various Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **ROCHESTER DRUG** | : | **Case No. 20-20230 (PRW)** |
| **CO-OPERATIVE, INC.** | : | |
| | : | |
| **Debtor.** | : | |

------------------------------------------------------------x

### DECLARATION OF LOWELL W. FINSON IN OPPOSITION TO LIQUIDATING TRUSTEE'S *AMENDED* FIRST OMNIBUS OBJECTION (BOOKS AND RECORDS) TO CLAIMS FILED AGAINST ROCHESTER DRUG CO-OPERATIVE, INC. <u>BY FINSON LAW FIRM</u>

I, Lowell W. Finson, declare under penalty of perjury as follows, pursuant to the provisions of 28 U.S.C. § 1746:

1. I am an attorney at the Finson Law Firm, and , submits this Declaration is support of the Firm's Opposition to declaration in support of the Liquidating Trustee's *Amended First Omnibus Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by Finson Law Firm* (the "Objection"). I submit this Declaration based on my personal knowledge.

2. At my direction and in accord with procedures employed by the Firm in the Bankruptcy proceeding in In Re Mallinckrodt (Bankr. USDC DE) and In Re Purdue (Bank. USDC NYSD), and in filing Proofs in those litigations, the Trustees have had no objections.

.

> 3. Included in each proof of claim is the following statement:
>
> If necessary, Creditor/Claimant (hereinafter referred to as "Creditor" or "Creditor/Claimant") will produce medical records indicating proof of use of an opioid, addiction, and permanent physical and emotional damages. Further records can be produced showing economic losses associated with the addiction sequelae.

4. The first time the Firm was contacted by LQ counsel was in July, 2022, and in response, I contacted LQ counsel in order to determine the best method of providing the requested information.
5. That "meet and confer" continued from August 2022 to the present, which is contrary to LQ counsel's Declaration indicating she has not contact with our firm.
6. LQ counsel was in close communication with the Firm's lead paralegal, Christopher Cruz who reported LQ counsel was having a difficult time opening the files listed on the Firm's spreadsheet, but would have her IT people figure out a method to easily open the files.
7. Mr. Cruz evaluated the over 2000 claims to establish which claims originated in NY, CT, DE, ME, MA, PA and VT, and revamped the spreadsheet to include hyperlinked entries with attached medical records for those claimants from those states.
8. LQ counsel did not provide a list of "qualifying" pharmacies, and we simply provided which records we had, but that if we obtained a list of such pharmacies, we would assure that we had records from those pharmacies and/or obtain updated records from those pharmacies.
9. LQ counsel also indicated there was another national pharmacy which might also be considered to be a "qualifying pharmacy", but never provided any information as to that pharmacy.
10. LQ's counsel indicated she was only interested in obtaining the medical records, and not in having our entire inventory dismissed.
11. At no time prior to the filing of this Omnibus Objections did LQ counsel indicate there was going to be a deadline to providing the information as we were attempting to meet and confer as to methodology.
12. To the best of my knowledge, no Debtor has been prejudiced by the extension of the meet and confer process.

Finson Declaration

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31, 2022

                                         */s/Lowell W. Finson*
                                         Lowell W. Finson

Finson Declaration