Ilan D. Scharf, Esq.
Judith Elkin, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :   **Chapter 11**
                                                               :
**ROCHESTER DRUG**                                             :   **Case No. 20-20230 (PRW)**
**CO-OPERATIVE, INC.**                                         :
                                                               :
        **Debtor.**                                            :
---------------------------------------------------------------x

**STIPULATION AND ORDER RESOLVING LIQUIDATING TRUSTEE'S SECOND**
**OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS) AND**
**WITHDRAWING PROOFS OF CLAIM FILED AGAINST ROCHESTER DRUG CO-**
**OPERATIVE, INC. BY TATE LAW GROUP LLC**
**(OUTSIDE GEOGRAPHIC AREA)**

The RDC Liquidating Trust, through its trustee Advisory Trust Group, LLC (the "Liquidating Trustee"), successor-in-interest to Rochester Drug Co-Operative, Inc. (the "Debtor" or "RDC"), and the Claimants represented by Tate Law Group ("TLG"), as identified on Exhibit A hereto, (the "Claimants" collectively, and with the Liquidating Trustee, the "Parties"), by and through their undersigned counsel, enter into this Stipulation and Order with reference to the following facts:

   A.  On March 12, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy

Court") (Case No. 20-20230). According to the Debtor's first day declaration and disclosure statement,[1] the Debtor was in the business of, among other things, purchasing and warehousing drugs and pharmaceutical products and selling and distributing such products to its member pharmacies, all of which were located in the following states: Connecticut, Maine, Massachusetts, New Hampshire, New Jersey, New York, Ohio, Pennsylvania and Vermont. Additionally, the Liquidating Trustee has determined, after a review of the Debtor's books and records as well as the ARCOS database,[2] that during certain years, the Debtor appears to have sold small amounts of opioid products to customers located in the states of Maryland, Michigan, Texas, Virginia and West Virginia.

B. On March 27, 2020, RDC filed its schedules of assets and liabilities (the "Schedules"). [Docket No. 105.] None of the Claimants identified on Exhibit A were listed as creditors of the Debtor on its Schedules.

C. On June 15, 2020, the Bankruptcy Court entered an order [Docket No. 401] (the "Bar Date Order") which, among other things, fixed July 31, 2020 as the date by which any person or entity holding (a) a Claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date (the "General Bar Date"), or (b) an administrative expense claim against the Debtor that arose under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Bar Date") must file a written proof of claim (a "Proof of Claim") asserting such claim against the Debtor. Furthermore, pursuant to the Bar Date Order, September 8, 2020 was fixed as the date by which

---

[1] Declaration of John T. Kinney in Support of Chapter 11 and First Day Motions (Docket No. 8) at ¶11; Second Amended Disclosure Statement to Accompany Debtor's Second Amended Chapter 11 Plan of Liquidation Dated January 15, 2021 (Docket No. 1146) at Ex. B, p. 144/147.

[2] Distributors report sales of Schedule I, II and some III opioid-based medications to the Drug Enforcement Administration (DEA) for its database, known as the Automation of Reports and Consolidated Orders System (ARCOS). ARCOS collects data around the flow of opioid controlled substances from the point of manufacturing through commercial distribution to delivery to DEA- and state-registered pharmacies, hospitals and other healthcare providers. From the ARCOS database, it is possible to determine the number of doses of opioid products distributed by any distributor as well as the total number of doses distributed by all distributors in any given state, county and city for the years reported.

any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) holding a claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date must file a Proof of Claim (the "Government Bar Date"). The Liquidating Trustee is informed, by review of the record of this bankruptcy case, and believes that the Debtor (or its agents) served the Bar Date Order, notice of the bar dates and a Proof of Claim form (collectively, the "Bar Date Notice Package"), upon all parties contemplated by the Bar Date Order. *See* Certificate of Service [Docket No. 431].

D. On December 18, 2020, the Debtor amended certain of its Schedules (the "Amended Schedules") and gave claimants whose Claims were affected by the amendment until January 31, 2021 to file Claims [Docket Nos. 1014, 1016]. None of the Claimants identified on Exhibit A were listed as creditors of the Debtor on its Amended Schedules.

E. Each of the proofs of claim identified on Exhibit A was timely filed and appears to be identical (except for the dollar amount) in that each contains only the name of the alleged Claimant, states the basis of the claim as "Rochester Drug Cooperative, Inc. participated in the perpetration of the opiate crisis", and indicates that each Claimant is either a hospital or municipality in the State of Georgia. No supporting documentation is attached to any of the proofs of claim. None of the proofs of claim contains any information as to the alleged Claimant's connection to RDC or a basis for the dollar amount of the claim. Other than the name of each Claimant, no address or other contact information of the Claimant is included on any of the proofs of claim listed on Exhibit A. The only signatory and contact information on each proof of claim is that of counsel – Mark Tate of the TLG.

F. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming RDC's *Second Amended Chapter 11 Plan of Liquidation* (the

"Liquidating Plan"). Pursuant to the Confirmation Order, the Liquidating Plan and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement") (collectively, the "Plan Documents"), on the Effective Date of the Liquidating Plan, RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate.[3] The Effective Date of the Liquidating Plan occurred on March 19, 2021.

G. The Liquidating Trustee is authorized "to object to Claims and assert any defenses thereto, and without further supervision or approval of the Bankruptcy Court, to compromise and settle Claims free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and Confirmation Order". [Trust Agreement § 3.2.10.] The Liquidating Trustee "may settle any Disputed Claim without notice, or Court approval (except as requested by the Trustee)." [Plan § 8.15.]

H. On November 11, 2022, the Liquidating Trustee filed the *Second Omnibus Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by Tate Law Group LLC (Outside Geographic Area)* (the "Objection") [Docket No. 1700]. Pursuant to the Objection, the Liquidating Trustee objected to the proofs of claim filed by the Claimants identified on Exhibit A on the grounds that no supporting documentation was attached to any of the proofs of claim, each Claimant appeared to be located outside the geographic area in which the Debtor operated, and none of the proofs of claim contained any information as to the alleged Claimant's connection to RDC or a basis for the dollar amount of the claim.

---

[3] The bankruptcy case docket numbers for the applicable documents are as follows: Confirmation Order (Dkt. No. 1257); Liquidating Plan (Docket No. 1145); Notice of Effective Date (Docket No. 1305). If not defined herein, capitalized terms have the definitions given to them in the Plan Documents.

I.  TLG, as counsel for the alleged Claimants identified on Exhibit A, has reviewed the Objection, the Declarations of David Greenblatt and Judith Elkin filed in support of the Objection, and the allegations of the Liquidating Trustee set forth therein and have determined that the proofs of claim should be withdrawn.

Accordingly, the Parties agree as follows:

1. The foregoing recitals are incorporated herein by reference as if fully set forth.

2. TLG represents and warrants that (i) it has the authority to sign this Stipulation and Order on behalf of each Claimants and to bind the respective Claimants to this Stipulation and Order, and (ii) each Claimant owns and has not assigned, transferred, or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Stipulation and Order.

3. Each proof of claim identified on Exhibit A is hereby withdrawn with prejudice.

4. The claims agent is authorized to update the Claims Register to reflect the relief granted in this Stipulation and Order.

5. The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its entry, and shall be binding upon and inure to the benefit of the Parties and their respective executors herein, successors and assigns.

6. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Order.

7. Each Party shall bear its own attorneys' fees and costs.

8. This Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same Stipulation and Order. Delivery of an executed signature page of this Stipulation and Order by facsimile or email shall be effective as delivery of a manually executed signature page of this Stipulation and Order.

9. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to the Stipulation and Order shall be brought on proper notice in accordance with relevant Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court.

10. This Stipulation and Order is subject to the approval of the Bankruptcy Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

11. Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules or other applicable law, this Stipulation and Order shall be effective immediately after the Bankruptcy Court signs and enters the Order approving this Stipulation and Order.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have caused this Stipulation to be executed as of the date set forth below.

Dated: December 1ST, 2022.

/s/Judith Elkin
Ilan D. Scharf, Esq.
Judith Elkin, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

Dennis Kelly, Esq.
Mark Tate, Esq.
Tate Law Group, LLC
25 Bull Street, Second Floor
Savannah, GA 31401
Telephone:
Facsimile:

*Counsel to Claimants as set forth on Exhibit A*

SO ORDERED this ____ day of December, 2022 at Rochester, New York.

HON. PAUL R. WARREN
United States Bankruptcy Judge

# EXHIBIT A TO STIPULATION AND ORDER RESOLVING LIQUIDATING TRUSTEE'S SECOND OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS)

| Claimant | POC # | Amount of Claim | Disposition of Claim |
|---|---|---|---|
| BACON COUNTY GEORGIA | 176 | $318,483 | Withdrawn |
| BACON COUNTY HOSPITAL GEORGIA | 177 | $1,150,000 | Withdrawn |
| CHATHAM COUNTY GEORGIA | 187 | $17,315,373 | Withdrawn |
| CHATHAM COUNTY HOSPITAL GEORGIA | 188 | $1,481,078 | Withdrawn |
| CITY OF ALMA GEORGIA | 172 | $100,234 | Withdrawn |
| CITY OF BLACKSHEAR GEORGIA | 181 | $48,266 | Withdrawn |
| CITY OF BRUNSWICK GEORGIA | 184 | $330,281 | Withdrawn |
| CITY OF DEMOREST GEORGIA | 193 | $35,376 | Withdrawn |
| CITY OF POOLER GEORGIA | 243 | $211,216 | Withdrawn |
| CITY OF RICHMOND HILL GEORGIA | 248 | $190,743 | Withdrawn |
| DADE COUNTY GEORGIA | 192 | $536,586 | Withdrawn |
| HABERSHAM COUNTY HOSPITAL GEORGIA | 203 | $2,819,103 | Withdrawn |
| PIERCE COUNTY GEORGIA | 241 | $496,105 | Withdrawn |