1900 Bausch & Lomb Place
Rochester, New York 14604
P 585.987.2800 F 585.454.3968




1900 Main Place Tower
Buffalo, New York 14202
P 716.248.3200 F 716.854.5100

ATTORNEYS
woodsoviatt.com

Writer's Direct Dial Number: 585.987.2911
Writer's Direct Fax Number: 585.362.4621
Email: wbrueckner@woodsoviatt.com

January 12, 2023

(*) The lift stay motion is Adjourned to February 2, 2023 @ 11:00, to be heard in conjunction with the Renewed 9019 motion (ECF 1739, 1744-1747), in the interest of judicial economy. The deadline under 11 USC 362(e)(1) is tolled until the Court can hold a hearing on both motions. So ordered PRW 1/12/23

FILED BY CM/ECF

Hon. Paul R. Warren
United States Bankruptcy Judge
United States Bankruptcy Court for the
Western District of New York
101 State Street
Rochester, New York 14614

Re: **Rochester Drug Co-Operative, Inc.**
**NYWB Case No. 20-20230**

Dear Judge Warren:

The Court will doubtlessly recall that we represent Paul Pagnotta and Sherwood Klein, two of the former directors of the Debtor, Rochester Drug Co-Operative, Inc. ("***RDC***"). Together with Messrs. Mrozek, Lech, Mantell, Miskovsky, Arthur, Giroux and Klenk, our clients were among those nine former directors of the Debtor (collectively, the "***Objecting Former Directors***") who objected to RDC's "*Motion Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Entry of an Order Approving a Settlement Agreement and Releases Between the RDC Liquidating Trust and Hiscox Insurance Company, Inc.*" [Docket No. 1585] (the "***First Compromise Motion***").

This letter is written on behalf of the Objecting Former Directors, with the permission and concurrence of each of them, to oppose the Liquidating Trustee's request to adjourn the January 19, 2023, return date for the Objecting Former Directors' "*Motion for Relief from Stay to Seek Intervention in Debtor's Declaratory Judgment Action Regarding Rights Under a Certain D&O Policy*" [Docket No. 1739] (the "***Stay Motion***"), until weeks after the Court determines the later-filed "*Renewed Motion for Entry of an Order Approving Settlement Agreement and Releases Between the RDC Liquidating Trust and Hiscox Insurance Company, Inc. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure*" [Docket Nos. 1744-47] (the "***Renewed Compromise Motion***"), scheduled to be heard by this Court on February 2, 2023.

The Stay Motion should not be adjourned for two equally critical reasons. *First*, the relief requested by the Stay Motion has been too long delayed, already, as a result of Mr. Scharf and his colleague's failure to comment on a proposed stipulation providing that relief, sent to them on December 12, 2022, after they indicated their openness to consider such a stipulation. On December

30, 2022, when the Objecting Former Directors inquired into the status of the stipulation, Mr. Scharf's partner Gail Greenwood advised that she was ill, and that Mr. Scharf was out of the country. (Apparently, her illness and Mr. Scharf's absence did not preclude the negotiation of the reformulated settlement with Hiscox.)

Equally importantly, the Objecting Former Directors oppose an adjournment of the Stay Motion because the requested adjournment is based on the Liquidating Trustee's unwarranted presumption that the Renewed Compromise Motion "will render relief from stay moot." As the Stay Motion noted, this Court has previously refused to approve a compromise exhausting the policy limits in which the directors have a contractual right under coverage A (and perhaps even a priority of coverage). The Renewed Compromise Motion proposes the same exhaustion of the limits of the coverage A limits: it should not be approved by this Court, and will not operate to moot the Stay Motion.

The best way to ensure that the Objecting Former Directors' rights under the Hiscox Policy are appropriately protected is to afford them the ability to participate in any ongoing effort to resolve all insured parties' rights under that policy, a result expressly contemplated by this Court in denying the First Compromise Motion. This result is best effectuated by a prompt award of relief facilitating their intervention in the declaratory action addressing those rights.

The Stay Motion should not be adjourned.

Very truly yours,

WOODS OVIATT GILMAN LLP

William E. Brueckner
Please direct responses to Rochester Office

WEB/