UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor. | |

### THE RDC LIQUIDATING TRUST'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT AND RELEASES BETWEEN THE RDC LIQUIDATING TRUST AND HISCOX INSURANCE COMPANY, INC.

Advisory Trust Group, LLC (the "**Trustee**"), solely in its capacity as Trustee of the RDC Liquidating Trust (the "**Trust**"), hereby replies in support of its *Renewed Motion for Entry of an Order Approving a Settlement Agreement and Releases Between the RDC Liquidating Trust and Hiscox Insurance Company, Inc. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure* (the "**Motion**") [Docket No. 1744].[1] The Objecting Directors oppose the Motion (the "**Joint Objection**") [Docket No. 1764] on the alleged ground that the "Order of Payments" provision set forth in the Policy gives the Objecting Directors priority to available insurance proceeds and the Amended Settlement Agreement impairs their independent right to priority of proceeds under the Policy. The Court should reject the Objecting Directors' arguments and approve the Motion because the Objecting Directors misread the Policy and applicable law.

### INTRODUCTION

1. Noticeably absent from the Joint Objection is any discussion of the fact that the Amended Settlement Agreement is in <u>precisely</u> the form that was requested by the Objecting Directors and submitted to the Court on July 22, 2022 as their version of acceptable language. In

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the Motion.

particular, the Amended Settlement Agreement is strictly between the Trust and Hiscox, and does not purport to modify, release, cancel, or channel the claims of any other insured. In addition, paragraph 7 of the Amended Settlement Agreement expressly states that the $1 million Additional Executive Limit shall remain available for payment of any loss in accordance with the terms of the Policy. Moreover, on November 1, 2022, the Objecting Directors specifically confirmed to the Court and counsel for the Trust that this version, as proposed, would solve their problems and "would be acceptable, yes." Transcript at p. 15: 13-19.

2. The Objecting Directors' new argument is unavailing for purposes of denying settlement approval. First, the Policy is a claims-made insurance policy that requires notice of claims during the 2017/2018 policy period or the applicable discovery period. The Objecting Directors reported claims to Hiscox in 2022 based on the Trustee's complaint in the related adversary proceeding, and the Objecting Directors must look to the terms of a separate "tail" policy of insurance, if any. Second, contrary to what the Objecting Directors imply, the Order of Payments provision of the Policy, on which the Objecting Directors focus, is not a guarantee of coverage or priority for their claims that are predicated on intentional misconduct. The Objecting Directors' claims to coverage are uncertain, at best. The Order of Payments provision is only applicable in the event of a loss for which payment is due, which exceeds the limits of liability.

3. The Motion should be approved because the Amended Settlement Agreement provides a $3.4 million cash payment to the Trust in exchange for the Trust's release of claims in the wake of years of litigation. The Amended Settlement Agreement does not impair the rights of the Objecting Directors (and specifically provides that the Additional Executive Limit of liability shall remain available for payment of any loss), nor does it preclude the Objecting

2
268788865v.1
Case 2-20-20230-PRW, Doc 1765, Filed 01/30/23, Entered 01/30/23 15:07:12, Description: Main Document, Page 2 of 10

Directors from pursuing claims under the Policy or any other policy. On the whole, the settlement is a tremendous benefit to the estate that should be approved.

## ARGUMENT

**A. The Amended Settlement Agreement Is in the Form Requested by the Objecting Directors.**

4. The Objecting Directors are completely silent regarding the fact that their counsel proposed the current form of the Amended Settlement Agreement. On July 22, 2022, counsel for the Objecting Directors submitted a letter to the Court objecting to the Trustee's proposed form of settlement and submitted a blacklined agreement as Exhibit 1. The Objecting Directors' blacklined requested changes are incorporated in the Amended Settlement Agreement. Among other matters, the Amended Settlement Agreement (i) clarifies that the Objecting Directors are not parties to the agreement and are not among the "Trust Releasing Parties," (ii) eliminates any reference to current and former directors and officers of the Debtor, and (iii) eliminates any reference to "all Insureds" and refers only to termination of the "Trustee's and RDC's rights under the Policy." *See* Michaelson Dec., Exhibit A; and Greenwood Dec., Exhibit 3.

5. On November 1, 2022, the Court expressed concern regarding the Trustee's form of settlement and specifically inquired whether the Objecting Directors' July 22 requested edits would be acceptable. While the Trust was constrained by what Hiscox would approve, the answer from the Objecting Directors was a clear "yes." Transcript at p. 15: 13-19 (Greenwood Declaration, Exhibit 1). The Trust and Hiscox have now reached agreement, consistent with the form requested by the Objecting Directors.

6. As the Court has already observed, the Amended Settlement Agreement (as proposed by the Objecting Directors on July 22, 2022) "make[s] clear that the directors are not affected, their contractual rights to the extent they have any, or property rights to the extent they

have any, are not part and parcel of the settlement." Transcript at p. 14: 7-13 (Greenwood Dec., Exhibit 1). The Objecting Directors have consented to the form of the Amended Settlement Agreement. Thus, they have waived any right to object to the terms of the Amended Settlement Agreement. The Court should not condone this blatant gamesmanship and should overrule their objection.

**B. The Order of Payments Provision of the Policy Does Not Establish Coverage in Favor of the Objecting Directors, Nor Does It Give Them Priority to Defeat the Settlement.**

7. The Amended Settlement Agreement is not an interpretation of coverage under the Policy, which speaks for itself. If the Amended Settlement Agreement is denied to allow litigation of a coverage dispute and any one of several provisions is held applicable to bar coverage with respect to claims asserted by the Objecting Directors, then the estate will lose millions of dollars and the Objecting Directors will be no further ahead.

8. As previously addressed by the Trust, coverage for the Objecting Directors' claims is highly speculative for reasons including (i) the Policy's exclusion of coverage for losses relating to illegal conduct in light of the post-settlement criminal conviction of RDC's Chief Executive Officer, Laurence Doud, (ii) the Policy's exclusion of coverage for losses relating to willful violation of any statute or illegal profits, and/or (iii) the Policy's exclusion of coverage for losses relating to a known claim, prior action, or potential exposure. *See* Docket No. 1617.

9. The Objecting Directors cannot demonstrate that their alleged rights under the Policy are impaired in any manner by the Amended Settlement Agreement between the Trust and Hiscox.

### 1. The Policy Is a Claims-Made Policy, Requiring Notice During the Applicable Policy Period.

10. The Amended Settlement Agreement resolves the Trust's claims under the Policy issued for the period of March 8, 2017 through March 8, 2018 (Michaelson Dec., Exhibit B). The Declarations page of the Policy states: "This is a Claims-Made Policy, coverage is limited to those Claims first made during the Policy Period or any applicable Discovery Period." *Id.,* Michaelson Dec., Exhibit B at p. 2 of 127. The Policy does not contain an endorsement extending the discovery period to assert claims. The Debtor presented notice of its claims to Hiscox in November 2017. By contrast, the Objecting Directors presented claims in March 2022. The deadline to assert claims under the Policy has long passed. To the extent that the Objecting Directors have potentially available coverage, their focus should be on the policy in which they can assert timely claims. Based on the nature of the Policy, the Objecting Directors have not, and cannot, demonstrate that the Amended Settlement Agreement impairs their rights.

### 2. The Order of Payments Provision Does Not Create Coverage or Priority.

11. The Objecting Directors focus on Section XI of the Policy entitled, "Order of Payments," to argue that their claims have "priority" over any settlement paid to the Trust and that the Amended Settlement Agreement purportedly impairs their rights. The provision states:

> In the event of Loss arising from any Claim for which payment is due under the provisions of this D&O Coverage Part but which Loss, in the aggregate, exceeds the remaining available Limit of Liability applicable to this D&O Coverage Part, then the Insurer shall:
>
> A. First pay such Loss for which coverage is provided under Coverage A of this D&O Part, then with respect to whatever remaining Limit of Liability is available after payment of such Loss;
>
> B. Then pay…

*Id.,* Michaelson Dec., Exhibit B at p. 29 of 127.

268788865v.1

12. The Objecting Directors cannot establish that the Order of Payments provision is triggered based on a payment due under the Policy. The Objecting Directors argue at length that the provision gives individual insureds priority ahead of the company, but the provision is only applicable in the event of a covered loss for which payment is due that exceeds policy limits. On the current facts, there is no basis to conclude that the Objecting Directors have "an equal and independent right to the D&O Coverage part of at least $5 Million, and more." Joint Objection, ¶19 (emphasis in original). The Court should not assume that coverage exists in favor of the Objecting Directors for the sake of denying approval of the Motion. Moreover, the Court should not assume that potential coverage of the Objecting Directors' claims under the Policy is impaired where the Amended Settlement Agreement makes clear that the Objecting Directors are not parties to the settlement and are not releasing any rights or claims under the Policy.

13. As the Objecting Directors note, the insurance policies at issue in *Adelphia Communications Corp.,* 364 B.R. 518 (Bankr. S.D.N.Y. 2007) and *SoyNut Butter Co.,* 2018 Bankr. LEXIS 2300 (Bankr. N.D. Ill. Aug. 1, 2018), did not include an Order of Payments provision. Joint Objection, ¶18. In each case, the bankruptcy court denied approval of a settlement motion where the proposed settlement cut-off the rights of additional insureds through a channeling injunction. In *Adelphia Communications Corp.,* 364 B.R. at 528, the court refused to enter a channeling injunction that would preclude litigation against the insurers, amounting to a third-party release proscribing litigation between non-debtor parties with respect to their independent contractual rights. In *Soynut Butter Co.,* 2018 Bankr. LEXIS 2300 at *8-15, the court similarly refused to enter a channeling injunction that would bar litigation by additional insureds, including potential claims for bad faith based on the settlement. *Id.* at *16-17 (observing that Illinois courts "have consistently upheld the right of an insurer in a multi-party

6

268788865v.1
Case 2-20-20230-PRW, Doc 1765, Filed 01/30/23, Entered 01/30/23 15:07:12, Description: Main Document, Page 6 of 10

dispute to settle with one insured for the policy limits *as well as* the right of the non-settling insured to pursue an action against the insurer for breach of the duty of good faith").

14. In this case, the Amended Settlement Agreement does not create a channeling injunction that precludes litigation by the Objecting Directors, nor does it involve a release of claims by the Objecting Directors. The Trust has negotiated a significant settlement that benefits the estate without reference to the rights or claims of the Objecting Directors or any future coverage action that they may pursue.

### C. The Settlement Satisfies Each of the *Iridium* Factors and Should Be Approved.

15. The Objecting Directors do not dispute that the settlement between the Trust and Hiscox satisfies the *Iridium* factors sufficient to conclude that the Amended Settlement Agreement is fair and equitable. *Cf. Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC),* 478 F. 3d 452, 462 (2d Cir. 2007). In the absence of this settlement, the Trust will face continuing and protracted litigation over insurance coverage, involving expense, inconvenience, and delay, as well as the inherent uncertainty of a judgment amount. The settlement brings $3.4 million to the estate for the benefit of creditors and is the product of arms-length negotiations by experienced counsel, supported by the business judgment of the Trustee.

16. Based on the Objecting Directors' prior representations to the Court and blacklined comments to the terms of the agreement, the Amended Settlement Agreement should have their support. Their Joint Objection does require denial of the Motion. *In re WorldCom, Inc.,* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006) ("While the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling… [T]he bankruptcy

court must still make informed and independent judgment;" overruling objections and approving class settlement).

17. The decision whether to approve a settlement is within the discretion of the bankruptcy court based on its review of the facts and circumstances, keeping in mind public policy favoring settlements. *In re Residential Capital, LLC,* 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013). The bankruptcy court is not required to conduct a "mini-trial" on the merits of the underlying litigation. Rather, it must apprise itself of the facts necessary to make a "considered and independent judgment." *Id.* (citing *In re Adelphia Comm. Corp.,* 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005)).

18. Neither the Court nor Hiscox is required to "ascertain all claims under a policy" before approving a settlement. *See In re Drexel Burnham Lambert Group,* 134 B.R. 493, 498 (Bankr. S.D.N.Y. 1991) ("[T]o impose a duty upon an insurer to ascertain all claims under a policy before settling any claims, and to require the insurer to settle individual claims at its peril is contrary to the policy of encouraging compromise and speedy settlement."). In *Drexel Burnham Lambert,* the debtor sought approval of a settlement agreement to compromise claims against an insider. Former directors and officers who were co-insured with the settling defendant argued that the settlement was inequitable because the D&O coverage would be significantly reduced and leave them financially exposed. *Id.* at 496. The bankruptcy court reviewed the facts and settlement factors and concluded that the settlement was fair and equitable and in the best interests of the estate, notwithstanding the co-insureds' objections. *Id.* at 496-98. In particular, the court rejected the notion that the settlement was inequitable because it might diminish or exhaust insurance proceeds. *Id.* at 498 (citing *Gerdes v. Travelers Ins. Co.,* 440 N.Y.S.2d 976, 978 (1981)).

268788865v.1   Case 2-20-20230-PRW, Doc 1765, Filed 01/30/23, Entered 01/30/23 15:07:12, Description: Main Document, Page 8 of 10

19. In this case, there is no need for the Court to conduct a mini-trial regarding the Objecting Directors' alleged entitlement to insurance coverage, including whether or not Hiscox will agree to defend or indemnify claims recently presented under the Policy, or whether or not the Order of Payments provision is triggered under the Policy. The Debtor was first-in-time many years ago prior to the Petition Date. The Trust has secured a settlement that is clearly beneficial to the estate and the terms of the Amended Settlement Agreement are consistent with both the comments of the Court and the blackline previously submitted by the Objecting Directors. To the extent that the Objecting Directors are concerned regarding available coverage under the Policy, which is highly speculative, the Court should overrule their objection under the reasoning of *Drexel Burnham Lambert* that the Amended Settlement Agreement is fair and equitable as a whole based on the facts of the case and satisfaction of the *Iridium* factors.

20. On a practical level, denial of the Motion will not advance the Objecting Directors' coverage claims and will unnecessarily increase the estate's expenses to pursue the Coverage Action, all in the absence of guaranteed success and to the detriment of creditors. Denial of the Motion would be tantamount to holding that a co-insured's assertion of coverage under a debtor's insurance policy, no matter how uncertain, renders any settlement of that policy over the co-insured's objection unfair. The Second Circuit favors settlements. *In re Residential Capital, LLC,* 497 B.R. at 749.

21. In sum, the proposed Settlement Agreement far exceeds the lowest point in the range of reasonableness under the *Iridium* factors and has been renegotiated to address concerns raised by the Objecting Directors. The Settlement Agreement resolves all issues between the Trustee and Hiscox, prevents what could otherwise be long and protracted litigation, and is in the best interests of creditors and the estate. Accordingly, the Trustee respectfully submits that the

9

Settlement Agreement is a fair and reasonable resolution of the litigation against Hiscox, and should be approved by this Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order (i) approving the Settlement Agreement in its entirety, (ii) authorizing the Parties to take all actions necessary or appropriate to effectuate the Settlement Agreement, and (iii) granting such other and further relief that the Court deems appropriate.

Date: January 30, 2023            **PACHULSKI STANG ZIEHL & JONES LLP**

                                              */s/ Ilan D. Scharf*
                                              Ilan D. Scharf (NY Bar No. 4042107)
                                              Jason S. Pomerantz
                                              Gail S. Greenwood
                                              780 Third Avenue, 34th Floor
                                              New York, NY 10017
                                              Telephone: (212) 561-7700
                                              Facsimile: (212) 561-7777
                                              Email:     ischarf@pszjlaw.com
                                                                      jpomerantz@pszjlaw.com
                                                                      ggreenwood@pszjlaw.com

                                              *Counsel to Advisory Trust Group, LLC, in its capacity as Trustee of the RDC Liquidating Trust*

10

268788865v.1
Case 2-20-20230-PRW, Doc 1765, Filed 01/30/23, Entered 01/30/23 15:07:12, Description: Main Document , Page 10 of 10