UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor. | |

**THE RDC LIQUIDATING TRUST'S OPPOSITION TO THE FORMER DIRECTORS' MOTION FOR RELIEF FROM STAY TO SEEK INTERVENTION IN DEBTOR'S DECLARATORY JUDGMENT ACTION**

Advisory Trust Group, LLC (the "**Trustee**"), solely in its capacity as Trustee of the RDC Liquidating Trust (the "**Trust**"), hereby opposes the *Former Directors' Motion for Relief from Stay to Seek Intervention in Debtor's Declaratory Judgment Action Regarding Rights Under a Certain D&O Insurance Policy* (the "**Stay Relief Motion**") [Docket No. 1732, as refiled at 1739].[1] The hearing on the Stay Relief Motion has been adjourned to take place on the same date as the Trustee's renewed motion for approval of a settlement between the Trust and Hiscox (the "**Settlement Motion**") [Docket No. 1744].

The Trustee opposes the Stay Relief Motion on the grounds that the relief is moot because the Trustee settled its coverage dispute regarding the 2017 Policy in exchange for $3.4 million. The Trustee believes that its Settlement Motion should be granted, with the insurance coverage action dismissed once the settlement order is final and nonappealable, at which point there will be no need for intervention and the Former Directors can pursue whatever rights they may have in their own action.

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the Stay Relief Motion.

# ARGUMENT

**A. The Stay Relief Motion is Moot.**

1. The Former Directors seek relief from the automatic stay to intervene in *Rochester Drug Co-operative, Inc. v. Hiscox Insurance Company,* case no. 20-cv-06025, pending in the United States District Court, Western District of New York (the "**Coverage Action**"). The Trust has settled the Coverage Action so the Stay Relief Motion is moot. If this Court approves the settlement with Hiscox, once that order becomes final and nonappealable, the Trust will dismiss the Coverage Action and release all claims against Hiscox in accordance with the terms of the Amended Settlement Agreement.

2. If the Settlement Motion is granted, there will be no Coverage Action, no need for stay relief under Bankruptcy Code section 362(d), and no need for intervention by the Former Directors. Stated differently, no "cause" will exist to lift the automatic stay. *Cf.* Stay Relief Motion at 4-5 (addressing factors supporting cause to lift the automatic stay under *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*). If the settlement is approved, the Former Directors can pursue their rights under the 2017 Policy independent of the bankruptcy.

**B. The Former Directors Can Pursue Claims Under the 2017 Policy Without Intervention.**

3. The Former Directors are not parties to the Amended Settlement Agreement and have not released any claims thereunder as additional insureds under the 2017 Policy. In fact, the terms of the pending settlement specifically acknowledge that certain coverage available under the $1 million Additional Executive Limit of Liability remains available under the 2017 Policy. Therefore, nothing in the Amended Settlement Agreement precludes the Former Directors from pursuing their rights under the 2017 Policy or any other policy issued by Hiscox.

268788865v.1
Case 2-20-20230-PRW, Doc 1766, Filed 01/30/23, Entered 01/30/23 15:18:32, Description: Main Document , Page 2 of 4

4. While the Trustee seriously questions the availability of coverage under the 2017 Policy for breach of fiduciary duty claims against the Former Directors, the Trustee does not oppose the Former Directors pursuing insurance coverage or related relief from Hiscox. The Debtor and Trustee have spent years fighting an insurance dispute with Hiscox and the Trustee would like to put the litigation behind it based on the pending settlement. If the Settlement Motion is granted, the Former Directors can pursue whatever rights they have, including by filing litigation if necessary, without stay relief and without intervening in the Coverage Action.

**C. If the Settlement Motion is Denied, the Trustee Does Not Oppose Intervention of the Former Directors in the Coverage Action.**

5. In the event that the Court denies the Settlement Motion, the Trustee will be forced to continue the Coverage Action. In such event, the Trustee will not oppose stay relief and intervention by the Former Directors. However, the Trustee believes that litigation would be expensive, time consuming, and an unnecessary drain on estate resources in light of the settlement already reached between the Trust and Hiscox. Continued litigation of the Coverage Action would not necessarily lead to a larger insurance recovery by either the Trustee or the Former Directors, and would not be in the best interest of the estate or its creditors.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court deny the Stay Relief Motion as moot, subject to entry of a final and nonappealable order on the Settlement Motion. Upon entry of a final nonappealable order on the Settlement Motion, the Former Directors can

3

268788865v.1
Case 2-20-20230-PRW, Doc 1766, Filed 01/30/23, Entered 01/30/23 15:18:32, Description: Main Document , Page 3 of 4

file their own action for declaratory relief related to the 2017 Policy without further order of this Court.

| | |
|---|---|
| Date: January 30, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |

*/s/ Ilan D. Scharf*
Ilan D. Scharf (NY Bar No. 4042107)
Jason S. Pomerantz
Gail S. Greenwood
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: ischarf@pszjlaw.com
jpomerantz@pszjlaw.com
ggreenwood@pszjlaw.com

*Counsel to Advisory Trust Group, LLC, in its capacity as Trustee of the RDC Liquidating Trust*