UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Rochester Drug Cooperative, Inc.,

                 Debtor.
_____

Bankruptcy Case No. 20-20230-PRW
Chapter 11

**ORDER
LIFTING AUTOMATIC STAY
TO PERMIT FORMER DIRECTORS TO
SEEK LEAVE TO INTERVENE IN
PENDING ACTION BEFORE THE DISTRICT COURT
AND DEFERRING CONSIDERATION OF
MOTION UNDER RULE 9019 FRBP CONCERNING
A PROPOSED SETTLEMENT WITH HISCOX INSURANCE**

The Former Directors of Rochester Drug Cooperative, Inc. ("RDC") have moved for relief from the automatic stay for the purpose of seeking leave to intervene in an action pending before the District Court, titled *Rochester Drug Co-Operative, Inc. v. Hiscox Insurance Company, Inc.*, Case No. 20-cv-06025 (W.D.N.Y. filed Jan. 10, 2020). (ECF Nos. 1732, 1739; *see also* ECF Nos. 1735, 1736, 1739, 1740). Presumably, the Former Directors will move under Rule 24(a)(2) FRCP, if stay relief is granted, because the Former Directors make claim to the insurance policy proceeds arising under the same policy of insurance at issue in the declaratory judgment action pending before the District Court.

Shortly after that motion was filed, the Liquidating Trustee filed a motion asking this Court to approve a renewed settlement agreement between the Trustee and Hiscox. (ECF No. 1744). The Former Directors have objected to the renewed settlement agreement, asserting that the proposed settlement would improperly damage their rights under the Hiscox insurance

policy. (ECF No. 1764). The Trustee asserts that if the settlement motion is granted, the lift stay motion would be rendered moot. (ECF No. 1766).

Of great concern to this Court is to afford the Former Directors a full and fair opportunity to be heard in the District Court action. The insurance coverage dispute at issue in that declaratory judgment action is beyond this Court's jurisdiction. And, if approval of the settlement agreement between the Trustee and Hiscox would deprive the Directors of the right to be heard, then consideration of the settlement agreement should be deferred by this Court until the declaratory judgment action is fully resolved by the District Court—unless the Former Directors fail to promptly seek leave to intervene. It is therefore

**ORDERED**, that in the interest of judicial economy and in the exercise of the Court's discretion, the motion requesting that the automatic stay be lifted to permit the Former Directors to seek leave to intervene in the District Court action is **GRANTED**; and it is further

**ORDERED**, that the Former Directors are directed to file with the District Court such pleadings and papers as are required by Rule 24 FRCP within **20 days** from the entry of this Order, and file on the docket in this case a certification of timely compliance with this Order; and it is further

**ORDERED**, that the 14-day stay otherwise imposed by Rule 4001(a)(3) FRBP is lifted, for cause, to enable the Former Directors to comply with the time period imposed by this Order; and it is further

**ORDERED**, that consideration of the Trustee's settlement motion concerning the Hiscox insurance policy under Rule 9019(a) FRBP is **adjourned until March 9, 2023 at 11:00 a.m.**, so that the Former Directors' compliance with this Order can be monitored. In the event that a

2

motion for leave to intervene is before the District Court by the adjourned date, this Court will further adjourn, without date, the Rule 9019 motion until the District Court hears and determines the intervention motion.  In the event the District Court grants the intervention motion, this Court will further adjourn, without date, consideration of the Rule 9019 motion, to allow the Liquidating Trustee to take steps to remove the matter to District Court, thereby deferring a decision on all coverage issues (including the proposed settlement between the Trustee and Hiscox) to the District Court, so as to avoid the risk of piecemeal litigation or inconsistent judicial determinations.  However, if the Former Directors fail (at their peril) to act timely as directed by this Order, this Court will take up the Rule 9019 motion on the merits on the adjourned hearing date.

**IT IS SO ORDERED.**

Dated: February 2, 2023
      Rochester, New York

_____/s/_____
**HON. PAUL R. WARREN**
United States Bankruptcy Judge