Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Judith Elkin, Esq. (NY Bar No. 4249439)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
**ROCHESTER DRUG** : Case No. 20-20230 (PRW)
**CO-OPERATIVE, INC.** :
: 
Debtor. :
---------------------------------------------------------------x

**LIQUIDATING TRUSTEE'S TWENTY-FOURTH OMNIBUS OBJECTION
(BOOKS AND RECORDS) TO CLAIMS FILED AGAINST
ROCHESTER DRUG CO-OPERATIVE, INC. BY FINSON LAW FIRM**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
> YOUR FILED PROOFS OF CLAIM.**

Advisory Trust Group, LLC, the trustee of the RDC Liquidating Trust (the "Liquidating Trustee"), files this *Twenty-Fourth Omnibus Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by Finson Law Firm* (the "Objection"). Pursuant to the Objection, the Liquidating Trustee objects to the claims identified on **Exhibit A** hereto (the "Disputed Claims") and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit B**, disallowing and expunging the Disputed Claims pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support

of this Objection, the Liquidating Trustee has contemporaneously filed the Declaration of David Greenblatt (the "Greenblatt Declaration") and the Declaration of Judith Elkin (the "Elkin Declaration"). In further support of this Objection, the Liquidating Trustee respectfully states as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the *Standing Order of Reference from the United States District Court for the Western District of New York*, dated February 29, 2012. The Liquidating Trustee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection with the relief requested in this Objection consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007 and the Local Rules for the United States Bankruptcy Court for the Western District of New York (the "Local Bankruptcy Rules").

## Background

4. On March 12, 2020, Rochester Drug Co-operative, Inc. (the "Debtor" or "RDC") filed a petition under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"). According to the Debtor's

first day declaration and disclosure statement,[1] the Debtor was in the business of, among other things, purchasing and warehousing drugs and pharmaceutical products and selling and distributing such products to its member pharmacies, all of which were located in the following states: Connecticut, Maine, Massachusetts, New Hampshire, New Jersey, New York, Ohio, Pennsylvania and Vermont. RDC's member pharmacies were small, mostly privately held operations. In general, RDC's cooperative structure enabled the smaller pharmacies to get the type of volume pricing available to large pharmacy chains from the manufacturers of pharmacy products. RDC did not sell directly to any consumers or the general public. It only sold to its member pharmacies who presumably then sold to consumers.

5. On March 27, 2020, the Debtor filed its schedules of assets and liabilities (the "Schedules") [Docket No. 105] pursuant to Bankruptcy Rule 1007 and the *Ex Parte Order Pursuant to Bankruptcy Rules 1007(c) and 9006(b)(1) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs* [Docket No. 28].

6. On May 19, 2020, the Bankruptcy Court entered an order authorizing Epiq Corporate Restructuring, LLC ("Epiq") to serve as Claims and Noticing Agent [Docket No. 318].

7. On June 15, 2020, the Bankruptcy Court entered an order [Docket No. 401] (the "Bar Date Order") which, among other things, fixed July 31, 2020 as the date by which any person or entity holding (a) a Claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date (the "General Bar Date"), or (b) an administrative expense claim against the Debtor that arose under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Bar Date") must

---

[1] *Declaration of John T. Kinney in Support of Chapter 11 and First Day Motions* (Docket No. 8) at ¶11; *Second Amended Disclosure Statement to Accompany Debtor's Second Amended Chapter 11 Plan of Liquidation Dated January 15, 2021* (Docket No. 1146) at Ex. B, p. 144/147.

file a written proof of claim (a "Proof of Claim") asserting such claim against the Debtor. Furthermore, pursuant to the Bar Date Order, September 8, 2020 was fixed as the date by which any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) holding a claim against the Debtor that arose or is deemed to have arisen prior to the Petition Date must file a Proof of Claim (the "Government Bar Date"). The Liquidating Trustee is informed and believes that the Debtor (or its agents) served the Bar Date Order, notice of the bar dates and a Proof of Claim form (collectively, the "Bar Date Notice Package"), upon all parties contemplated by the Bar Date Order. *See* Certificate of Service [Docket No. 431].

8. On December 18, 2020, the Debtor amended certain of its Schedules (the "Amended Schedules") and gave claimants whose Claims were affected by the amendment until January 31, 2021 to file Proofs of Claim [Docket Nos. 1014, 1016].

9. On February 26, 2021, the Bankruptcy Court entered an order (the "Confirmation Order") confirming RDC's *Second Amended Chapter 11 Plan of Liquidation* (the "Plan of Liquidation"). Pursuant to the Confirmation Order, the Plan of Liquidation and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement") (collectively, the "Plan Documents"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate.[2]

10. The Effective Date of the Plan of Liquidation occurred on March 19, 2021.

11. As of the Effective Date, Advisory Trust Group, LLC was appointed to act as Liquidating Trustee of the RDC Liquidating Trust.

---

[2] The bankruptcy case docket numbers for the applicable documents are as follows: Confirmation Order [Docket No. 1257]; Plan of Liquidation [Docket No. 1145]; Notice of Effective Date [Docket No. 1305]. If not defined herein, capitalized terms have the definitions given to them in the Plan Documents.

12. Pursuant to the Plan of Liquidation: (i) the Bankruptcy Court retained jurisdiction, "[t]o hear and determine objections to the allowance of Claims, whether filed, asserted or made before or after the Effective Date, including, without limitation, to hear and determine objections to the classification of Claims and the allowance or disallowance of disputed Claims, in whole or in part;" and (ii) the Liquidating Trustee "may object to Claims at any time prior to the dissolution of the [RDC] Liquidating Trust." Plan of Liquidation, § 10.13(d); § 8.14.

13. On July 16, 2021, the Court granted the Liquidating Trustee's *Motion for Entry of an Order (I) Discharging Epiq Corporate Restructuring, LLC and (II) Retaining Bankruptcy Management Solutions, Inc. d/b/a Stretto as the Post-Confirmation Claims Agent* [Docket No. 1384]. Pursuant to that order, Epiq was discharged and Bankruptcy Management Solutions, Inc. ("Stretto"), now maintains the official claims register.

14. On October 6, 2022, the Liquidating Trustee filed its *First Omnibus Objection to Claims (Books and Records) Filed Against Rochester Drug Co-Operative, Inc. by Finson Law Firm* (the "First Omnibus") [Docket No. 1666]. The claims at issue in the First Omnibus were identical (other than claimant name and claim number) to the claims at issue in this Objection. At the November 3, 2022 hearing on the First Omnibus, the Court agreed that it was the burden of the claimant to provide sufficient proof to connect the dots between the claimant and RDC, such as documentation showing that the claimant filled his or her opioid prescriptions at an RDC member pharmacy [11/3/22 Transcript at 16:11], and continued the hearing until December 15, 2022 so that appropriate documentation could be provided.

15. Documentation was provided for the 100 disputed claims subject to the First Omnibus, with document review resulting in only 3/100 claims showing a connection between the claimant and RDC. On December 15, 2002, the Court entered an order disallowing all but three

5

Claims subject to the First Omnibus [Docket No. 1726] and on February 1, 2023, the Court entered its order allowing the remaining three Claims subject to the First Omnibus in agreed upon dollar amounts. [Docket No. 1770]. At the December 15, 2022 hearing, the Court stated:

> Clearly, based on the document you submitted to the Court, the proofs of claim that you've objected hereto do appear to have no relationship to this estate or this debtor. And my understanding is these proofs of claim were filed kind of in shotgun form with very little, if any, information. The Court held this over for two months to allow Finson to fill in -- I believe I said "connect the dots" at the last hearing.

12/15/22 Transcript at 3:2-9. The Disputed Claims subject to this Objection suffer from the same deficiencies as those subject to the First Omnibus.

16. In accordance with Bankruptcy Rule 3007(e), this Objection is being filed to 100 of the over 2,100 Proofs of Claim timely filed by the Finson Law Firm on behalf of certain individuals asserting Claims against RDC (the "Claimants"). As set forth below, the Liquidating Trustee believes filing this Objection as an omnibus objection is appropriate. **Exhibit A** to this Objection identifies the Disputed Claims being objected to herein and includes the name of each Claimant, the claim number assigned to each Disputed Claim, and the dollar amount of each Disputed Claim. ***Other than the name of each Claimant, no address or other contact information of the Claimant is included on any of the Proofs of Claim listed on Exhibit A.*** The only signatory and contact information on each Proof of Claim is that of counsel – Lowell Finson of the Finson Law Firm (the "Finson Firm"). Each Proof of Claim appears to be identical in that each contains only the name of the alleged Claimant, is filed for an "undetermined" amount, states the basis of the Claim as "Litigation-Pers. Injury/Workers Comp.," and contains an attachment that is a generic discussion of RDC's pre-petition opioid oversight practices and the consent decrees it entered into with various governmental entities. Only the name of the Claimant appears to be different on each Proof of Claim form. ***None of the Proofs of Claim contains any information as to the alleged***

*Claimant's residence or place of business, the Claimant's connection to RDC or any of its member pharmacies, or a description or dollar amount of the actual damages suffered by the Claimant as a result of any actions allegedly taken by RDC.* An example of the Proofs of Claim filed by the Finson Firm and subject to this Objection is attached to the Greenblatt Declaration as **Exhibit B**.

## Relief Requested

17. By this Objection, the Liquidating Trustee seeks entry of the Proposed Order pursuant to section 502(b) of the Bankruptcy Code disallowing the Disputed Claims of the Claimants identified on **Exhibit A** because the Liquidating Trustee is unable to determine the validity of any Disputed Claim, each Disputed Claim is for an undetermined amount and none of the proofs of claim contain any exhibits or documentation in support of the Disputed Claims.

18. **Omnibus Claim Objection is Appropriate**. Bankruptcy Rule 3007(d) provides for the filing of omnibus claim objections (objections to more than one claim in a single pleading) if "all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because: . . . (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; . . ." This omnibus objection is appropriate because all the Disputed Claims identified on **Exhibit A** were filed by the same entity (Finson Law Firm) and it is impossible for the Liquidating Trustee to identify or serve each Claimant as no information other than the name of the alleged Claimant is provided. Additionally, use of the omnibus objection procedures set out in the Bankruptcy Rules is appropriate because none of the proofs of claim identified on **Exhibit A** comply with Bankruptcy Rule 3001(a) and the Official Form. Therefore, the Liquidating Trustee is unable to determine the

7
DOCS_LA:348236.1
Case 2-20-20230-PRW, Doc 1958, Filed 03/29/23, Entered 03/29/23 20:52:59, Description: Main Document , Page 7 of 14

validity of any Disputed Claim because of the noncompliance. Notwithstanding that the Finson Law Firm filed approximately 2170 Proofs of Claim containing the same defects discussed above, in accordance with Bankruptcy Rule 3007(e), this Objection is limited to 100 claims.[3]

19. **Each Disputed Claim Should Be Disallowed**. None of the Proofs of Claim identified on **Exhibit A** are compliant with Bankruptcy Rule 3001(a). Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the Official Form." The Official Form requires inclusion of the following information:

(1) the creditor's name and address,

(2) the basis for the claim,

(3) the date the debt was incurred,

(4) the amount of the claim,

(5) the classification of claim, and

(6) any supporting documents.

None of the Proofs of Claim listed in **Exhibit A** contain this information. Therefore, the Liquidating Trustee cannot determine the validity or amount of any of the Disputed Claims.

20. A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f); *see also In re Residential Capital, LLC*, 524 B.R. 465, 477 (Bankr. S.D.N.Y. 2015).

21. If an objection refuting at least one of the claim's essential allegations is asserted, the Claimant has the burden to demonstrate the validity of the claim. *In re Ditech Holding*

---

[3] The Liquidating Trustee has filed 21 separate omnibus objections, in addition to the previously adjudicated First Omnibus, to each group of 100 of the approximately 2170 Proofs of Claim filed by the Finson Firm.

*Corp.*, 2021 Bankr. LEXIS 1299, *10 (Bankr. S.D.N.Y. May 13, 2021). If there is an objection to a claim, the bankruptcy court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, subject to certain exceptions identified in the statute. 11 U.S.C. § 502(b). One such exception is that the court shall not allow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

22. Here, ample evidence exists to rebut the *prima facie* validity of each of the 100 Disputed Claims identified on **Exhibit A**. A total of approximately 2170 Proofs of Claim were filed by the Finson Firm (inclusive of some which appear to be duplicates). Each Proof of Claim is identical in that each contains only the name of the alleged Claimant, is filed for an "undetermined" amount, states the basis of the Claim as "Litigation-Pers. Injury/Workers Comp.," and contains an attachment that is a generic discussion of RDC's pre-petition opioid oversight practices and the consent decrees it entered into with various governmental entities. None of the Proofs of Claim filed Finson Firm contains any information as to the alleged Claimant's residence or place of business, the Claimant's connection to RDC or any of its member pharmacies, or a dollar amount or description of the actual damages suffered by the Claimant as a result of any actions taken by RDC. Nor do any of the Proofs of Claims attach a complaint asserting any causes of action against RDC.

23. Included in each Proof of Claim is the following statement:

If necessary, Creditor/Claimant (hereinafter referred to as "Creditor" or "Creditor/Claimant") will produce medical records indicating proof of use of an opioid, addiction, and permanent physical and emotional damages. Further records can be produced showing economic losses associated with the addiction sequelae.

As set forth in detail below, while information about certain Claimants' opioid usage has been provided, this information alone is insufficient to show a relationship between this Debtor and any particular Claimant to support allowance of a Claim in this case.

24. On July 12, 2022, counsel for the Liquidating Trustee sent Mr. Lowell Finson of the Finson Firm a letter (a true and correct copy of which is attached to the Elkin Declaration as **Exhibit A**) seeking the following information *as well as* the information each Proof of Claim indicated could be provided as quoted above: (i) the full name, address and contact information of each Claimant; (ii) evidence that each Claimant either lives/works or lived/worked in the Debtor's geographic area of operations; (iii) evidence that each Claimant purchased opioids from the Debtor or from one of its member pharmacies and the type and amount of opioids purchased, inclusive of prescription data and related medical diagnosis; (iv) a breakdown of the types of injuries suffered by each Claimant; and (v) the actual dollar amount of each alleged Claim and any specific data supporting the dollar amount and relating that dollar amount to harm allegedly caused to the Claimant by the Debtor. The letter asked that the requested information be provided by August 15, 2022. This deadline was not met but communications took place between the parties.

25. On October 31, 2022, counsel for the Liquidating Trustee provided Mr. Finson with a list, by state and city, of all RDC member pharmacies to enable Finson Law Firm to review its clients' documents so as to be able to connect the dots between each Claimant and RDC. None of the national pharmacy chains were members of RDC and RDC did not sell to these entities. On December 9, 2022, the Liquidating Trustee received certain documentation regarding the 100 claims subject to the First Omnibus (the "First Omnibus Documents").

26. Counsel for the Liquidating Trustee spent a significant number of hours reviewing the First Omnibus Documents. In some instances, a Claimant's documentation included detailed medical and prescription records and a fully-completed client intake form used by Finson Law Firm to screen its clients. In other instances, few documents were included except a copy of the Proof of Claim and perhaps an incomplete client intake form. While the Claimant's state of residence or treatment was discernable in most instances, a connection between the Claimant and RDC was not. Nor was any dollar amount or nature of damages included in any of the First Omnibus Documents. Upon review of the First Omnibus Documents, it became clear that Finson Law Firm had made no effort to review its own clients' documents either prior to filing the Proofs of Claim or in connection with its response to the First Omnibus to determine if its clients had any relationship with RDC or any of its member pharmacies. Of the 100 sets of Claimant documents provided in response to the First Omnibus, only 3 showed a connection between the Claimant and RDC based on the Claimant's opioid prescriptions having been filled at an RDC member pharmacy. The remaining First Omnibus Documents contained detailed records showing that the majority of Finson Law Firm's clients had filled their opioid prescriptions at national pharmacy chains such as CVS, Walmart, Walgreens, and the like.

27. On December 20, 2022, counsel for the Liquidating Trustee requested the documentation necessary to support the remaining 2070 Proofs of Claim filed by Finson Law Firm that had not been subject to the First Omnibus. A true and correct copy of the December 20, 2022 email correspondence is attached to the Elkin Declaration as **Exhibit D**. In this communication, counsel for the Liquidating Trustee referenced the previously sent (and again attached) RDC member pharmacy list and specifically asked the Finson Law Firm to review its own clients' documents and *only* send documentation for Claimants with a connection to RDC as expressly

11
DOCS_LA:348236.1
Case 2-20-20230-PRW, Doc 1958, Filed 03/29/23, Entered 03/29/23 20:52:59, Description: Main Document , Page 11 of 14

discussed by the Court in connection with the hearings on the First Omnibus. Counsel for the Liquidating Trustee requested that the documentation be provided within 60 days.

28. On February 20, 2023, counsel for the Liquidating Trustee received correspondence from Finson Law Firm indicating that documentation for the remaining Claimants had been provided. A true and correct copy of the 2/20/23 correspondence is attached to the Elkin Declaration as **Exhibit E**. Upon a random review of certain of the documents provided, it became clear that this documentation only encompassed several hundred of the remaining 2000+ Proofs of Claim, and suffered from the same deficiencies as the first document production in that Finson Law Firm had made no effort to review the documents and only send the documentation relating to Claimants who could establish a connection between the Claimant and RDC. On February 21, 2023, counsel for the Liquidating Trustee notified Mr. Finson of the problems with the documentation, that the estate did not have the resources to review thousands of pages of documents, and that it was each Claimant's burden of proof to establish the validity of his or her Claim. A true and correct copy of the 2/21/23 correspondence is attached to the Elkin Declaration as **Exhibit F**. As of the date of this Objection, no response has been received to the 2/21/23 correspondence.

29. Each Claimant has failed to meet his or her burden of proof to establish the validity of his or her Disputed Claim. The records of RDC do not show any relationship between RDC and any named Claimant listed on **Exhibit A.** It is not the responsibility of the Liquidating Trustee to expend scarce estate resources to sift through thousands of pages documents to find the potentially 3% of Claimants who can show a connection with RDC. Therefore, each Disputed Claim listed on **Exhibit A** should be disallowed.

12
DOCS_LA:348236.1
Case 2-20-20230-PRW, Doc 1958, Filed 03/29/23, Entered 03/29/23 20:52:59, Description: Main Document , Page 12 of 14

## Reservation of Rights

30. This Objection is limited to the grounds stated herein.[4] Accordingly, it is without prejudice to the rights of the Liquidating Trustee or any other party in interest to further object to the Claims listed on **Exhibit A** (to the extent not disallowed and expunged pursuant to this Objection) on any grounds whatsoever, and the Liquidating Trustee expressly reserves all further substantive or procedural objections it may have.

## Notice

31. Pursuant to this Court's Administrative Order dated December 21, 2020, the Objection will be served and electronically filed at least 30 days prior to the return date and time, and service on the Finson Firm will comply with Fed. R. Bankr. P. 7004.

32. In addition to counsel for the Claimants, the Liquidating Trustee will provide notice of this Objection to: (a) the Office of the United States Trustee, 100 State Street, Room 6090, Rochester, New York, Attn: Kathleen Dunivin Schmitt; (b) counsel to RDC; (c) the twenty largest unsecured creditors; (d) Bankruptcy Management Solutions, Inc., and (e) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002.

33. Service on the actual Claimants subject to this Objection is not possible because none of the Disputed Claims identified on **Exhibit A** contain any address other than that of the Finson Firm. The Liquidating Trustee requests the Court determine service was proper under these circumstances.

**WHEREFORE**, for the reasons stated in the Objection, the Liquidating Trustee respectfully requests that the Court determine service of the Objection proper under the

---

[4] The Liquidating Trustee reserves his rights under Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 to seek attorneys' fees and other sanctions as appropriate to the extent these proceedings are further protracted.

circumstances set forth in the Objection, sustain the Objection, disallow the claims listed on

**Exhibit A** and grant such other relief as the Court deems just and proper.

Dated: March 29, 2023                                PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Judith Elkin*
Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Judith Elkin, Esq. (NY Bar No. 4249439)
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the RDC Liquidating Trust*