UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor. | |

**DECLARATION OF ROBERT MICHAELSON IN SUPPORT OF
MOTION PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AGREEMENT**

I, Robert Michaelson, declare under penalty of perjury as follows:

1. I am a co-founder and co-managing member of Advisory Trust Group, LLC (the "**Trustee**") of the RDC Liquidating Trust formed pursuant to the *Second Amended Chapter 11 Plan of Liquidation* [Docket No. 1145] of Rochester Drug Co-Operative, Inc. ("**RDC**"). I submit this declaration in support of the Liquidating Trustee's *Motion Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Entry of an Order Approving a Settlement Agreement and Mutual Limited Releases Between The RDC Liquidating Trust and Former Directors and Officers of the Debtor* ("**Motion**").[1] I have personal knowledge of the facts set forth herein unless otherwise stated.

2. On March 8, 2022, the Trustee filed the D&O Action asserting causes of action for Breach of Fiduciary Duty, Wrongful Declaration of Dividend, Avoidance and Recovery of Constructively Fraudulent Transfers, Avoidance and Recovery of Intentional Fraudulent Transfers, and Unjust Enrichment. The D&O Action is based on alleged acts and omissions of

---
[1] Capitalized terms not otherwise defined have the meanings ascribed to such terms in the Motion.

the Defendants prior to the Petition Date between approximately 2012 and 2017 in connection with RDC's distribution and sale of opioids in violation of the Controlled Substances Act.

3. The proposed Settlement Agreement, attached to the Motion as **Exhibit A**, is a settlement and mutual limited releases between the Parties to resolve all claims, now or in the future, in any way arising out of factual matters asserted in the D&O Action, and all claims that could be asserted by the Trust against Hiscox. In addition, the Settlement Agreement will terminate the Parties' rights under the Hiscox Policy to the fullest extent possible and the policy shall be deemed fully exhausted. The mutual releases are in consideration for payment of $2,500,000 to the Trust from the Defendants personally and from certain proceeds under the Hiscox Policy.

4. Based on my review of pleadings and communications with counsel, I am familiar with the D&O Action.

5. The settlement is a product of written discovery, depositions, and arm's length bargaining that culminated in two days of mediation and hard-fought negotiations. The Settlement Agreement itself is the product of further negotiations among counsel.

6. I have reviewed the Settlement Agreement and believe it is in the best interests of the estate and its creditors because the settlement provides an immediate and substantial payment of $2.5 million, while eliminating the risks and expense of litigation and trial. Those risks include a possibility that the estate could recover nothing despite protracted and costly litigation if, for example, the Trust is unsuccessful or if the Defendants lack recoverable assets. Moroever, I believe that further prosecution of the D&O Action will involve substantial expense and time based on the complexity of the action, the extensive factual and expert discovery that is presently scheduled, the eventual trial, and possible appeals.

7. Giving full consideration to the costs and risks of litigation and the benefits of the settlement, I believe that the Settlement Agreement satisfies the paramount interests of RDC's creditors and should be approved by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January __, 2024

_____
Robert Michaelson