UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor. | |

**ORDER APPROVING SETTLEMENT AGREEMENT
AND MUTUAL LIMITED RELEASES BETWEEN THE RDC LIQUIDATING
TRUST AND FORMER OFFICERS AND DIRECTORS OF THE DEBTOR**

Upon consideration of the *Motion Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Entry of an Order Approving a Settlement Agreement and Mutual Limited Releases Between the RDC Liquidating Trust and Former Directors and Officers of the Debtor* [Docket No. 2132] (the "**Motion**")[1] filed by Advisory Trust Group, LLC (the "**Trustee**"), in its capacity as Trustee of the RDC Liquidating Trust (the "**Trust**"), and seeking entry of an order approving the *Settlement Agreement and Mutual Limited Releases* ("**Settlement Agreement**") attached as Exhibit A to the Motion,

**NOW, THEREFORE, IT IS HEREBY FOUND THAT**:

1. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, consideration of the Motion and the relief requested in the Motion is a core proceeding under to 28 U.S.C. § 157(b), and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

2. The statutory predicates for the relief sought in the Motion are § 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, and that such relief is further authorized by the Plan;

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

3. Proper, timely, adequate, and sufficient notice of the Motion and the settlement contemplated thereby has been provided in accordance with §§102(1) and 105 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9019, which notice adequately described the nature of the relief requested in the Motion and which notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion and the settlement contemplated thereby, or of the entry of this Order, is required;

4. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for Laurence F. Doud III, Donald Arthur, Stephen Giroux, Christopher Casey, Garry Mrozek, Richard Klenk, Sherwood Klein, Joseph Lech, Boris Mantell, Joseph Scott Miskovsky, and Paul Pagnotta (the "**Defendants**"); (iii) counsel for Hiscox Insurance Company, Inc., and (iv) all parties that have filed a request for service of papers under Bankruptcy Rule 2002;

5. The Settlement Agreement is entered between the Defendants and the Trustee. The Trustee has standing to commence and prosecute the underlying claims and full power and authority to consummate the settlement contemplated by the Motion and the Settlement Agreement attached thereto;

6. The settlement contemplated by the Settlement Agreement must be approved and consummated promptly in order to preserve the value of the settlement for the benefit of the estate;

7. The Trustee has advanced sound business justifications for seeking to resolve the D&O Action as set forth in the Motion under the terms and conditions set forth therein, and as more particularly set forth in the Settlement Agreement, and the settlement under those terms

and conditions is both a reasonable exercise of the Trustee's business judgment and in the best interests of the estate and its creditors; and

8. On balance, the Settlement Agreement is supported by the interrelated factors set forth in *In re Iridium Operating LLC,* 478 F. 3d 452, 462 (2d Cir. 2007), and is fair, reasonable, and in the best interests of the estate and its creditors for the reasons set forth in the Motion;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, upon the Motion of the Trustee and pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, other applicable law, and the terms of the Plan, that**:**

1. The Motion is GRANTED;

2. The Settlement Agreement is approved in its entirety;

3. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled;

4. The Parties to the Settlement Agreement are authorized to take all actions necessary or appropriate to effectuate the Settlement Agreement; and

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2024
Rochester, New York

_____
Hon. Paul R. Warren
United States Bankruptcy Judge