Ilan D. Scharf, Esq. (NY Bar No. 4042107)
Jason S. Pomerantz, Esq. (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to Advisory Trust Group, LLC, in its capacity as Trustee of the RDC Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROCHESTER DRUG CO-OPERATIVE, INC., | Case No. 20-20230 (PRW) |
| Debtor. | |

**MOTION FOR ENTRY OF AN ORDER EXTENDING**
**THE RDC LIQUIDATING TRUST THROUGH MARCH 19, 2028**

Advisory Trust Group, LLC (the "Trustee"), in its capacity as trustee of the RDC Liquidating Trust (the "RDC Liquidating Trust"), moves pursuant to Article X of the *Second Amended Chapter 11 Plan of Liquidation Dated January 15, 2021* [Doc. 1145] (the "Plan") of Rochester Drug Co-Operative, Inc. ("RDC" or the "Debtor"), for entry of an order extending the duration of the RDC Liquidating Trust for a period of two years, from March 19, 2026 through March 19, 2028 (the "Motion").[1] In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The matter is a core proceeding pursuant to 28 U.S.C. §157(b).

---

[1] A proposed order is attached as **Exhibit A**.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. In addition, the Court retained jurisdiction pursuant to section 10.13 of the Plan. ("Notwithstanding entry of the Confirmation Order or the Effective Date having occurred, the Court will retain jurisdiction to the fullest extent permitted by law, including jurisdiction to enter any orders or take any action specified in this Plan, and including . . . . to determine any motion, adversary proceeding, Avoidance Action, Cause of Action, application, contested matter, and other litigated matter (a "Proceeding") pending on or commenced by the [Trustee] after the Confirmation Date, whether such proceeding is a core proceeding or is related to this Chapter 11 Case, to the full extent and in the same manner as would be applicable if the Confirmation Order had not been entered."). *See also Decision and Order and Findings of Fact and Conclusions of Law Confirming the Debtor's Second Amended Chapter 11 Plan of Liquidation* [Doc. No. 1257] (the "Confirmation Order") at ¶ 60 ("The provisions of the Plan regarding the Court's retention of jurisdiction over various matters and proceedings are consistent with the Bankruptcy Code and applicable law."); *Id.* at ¶ 60 ("This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Confirmation Order.").

## FACTUAL BACKGROUND

### A. The Debtor's Pre-Petition Business

4. Prior to filing this chapter 11 case, the Debtor was in the business of, among other things, purchasing and warehousing drugs and pharmaceutical products and selling and distributing them to its member pharmacies. RDC's member pharmacies were small, mostly

privately held operations. RDC did not sell directly to any consumers or the general public. It only sold to its member pharmacies who presumably then sold to consumers.[2]

5. Among the drugs RDC sold to its member pharmacies were opioids.

6. According to the Washington Post, which obtained access to the Drug Enforcement Agency's Automation of Reports and Consolidated Orders System (known as ARCOS) and compiled a public database that tracks the manufacture, distribution and sale of opioids (the "<u>WAPO ARCOS Database</u>"), from 2006 – 2019, over 145 billion oxycodone and hydrocodone pills were distributed in the United States, of which RDC distributed approximately 371.7 million across 13 states[3] (or about .25% of the total doses distributed). *See* Steven Rich, Paige Moody and Kevin Schaul, "*The Opioid Files: How deeply did prescription opioid pills flood your county?*" WASHINGTON POST (Sept. 12, 2023), https://www.washingtonpost.com/investigations/interactive/2023/opioid-epidemic-pain-pills-sold-oxycodone-hydrocodone/.

7. RDC's market share of the opioid distribution market was relatively small, and varied by state. As the preface to the WAPO ARCOS Database notes, "From 2006 through 2014, six companies distributed 76 percent of the country's oxycodone and hydrocodone pills: McKesson, Walgreens, Cardinal Health, AmerisourceBergen, CVS and Walmart, according to a Post analysis. In the five years that followed, the distribution market consolidated further, with just three companies — AmerisourceBergen, McKesson and Cardinal Health — shipping 83 percent of pills nationwide." *See id*.

---

[2] *Declaration of John T. Kinney in Support of Chapter 11 and First Day Motions* (Doc. No. 8) at ¶11; *Second Amended Disclosure Statement to Accompany Debtor's Second Amended Chapter 11 Plan of Liquidation Dated January 15, 2021* (Doc. No. 1146) at Ex. B, p. 144/147.
[3] According to the WAPO ARCOS database, the Debtor distributed opioids in the following states: Connecticut, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Texas, Vermont, Virginia and West Virginia.

8. Nonetheless, RDC's bankruptcy was precipitated by its distribution of opioids and its eventual consent to a Deferred Prosecution Agreement and $20 million of penalties levied against the company in April 2019.

**B.     The Debtor's Bankruptcy Case**

9. On March 12, 2020 (the "Petition Date"), RDC filed a voluntary petition in this court (the "Bankruptcy Court") for relief under chapter 11 of the Bankruptcy Code.

10. On February 26, 2021, the Bankruptcy Court entered the Confirmation Order, which confirmed the Debtor's Plan. Pursuant to the Confirmation Order, the Plan and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"), RDC's Assets were transferred to the RDC Liquidating Trust which was empowered, among other things, to: (i) collect and administer the Debtor's Assets (including Causes of Action) and (ii) resolve Claims against the Debtor and its estate.

11. The Effective Date of the Plan occurred on March 19, 2021. [Doc. No. 1305].

12. As of the Effective Date, Advisory Trust Group, LLC was appointed to act as Trustee of the RDC Liquidating Trust.

**C.     The Trustee's Operations[4]**

13. As is more fully set forth below, since the Effective Date, the Trustee and its professionals have worked diligently to administer the RDC Liquidating Trust and liquidate its remaining Assets.

*(i) Collections.*

14. Starting on the Effective Date with an initial trust finding of $13,188,784, the Trustee has collected an additional $51,630,140 million through September 30, 2025, from

---

[4] *See* Declaration of Robert Michaleson attached hereto as **Exhibit B**.

which the Trustee has disbursed $16,897,994. As of September 30, 2025, the Trust is holding $47,920,929.90 in cash. This figure includes $676,046 in interest earned through September 30, 2025, which will continue to accrue at 2% on the Trust balance. A summary of collections and disbursements as of September 30, 2025 is attached as **Exhibit C**.

*(ii) Causes of Action.*

15. Causes of Action have been the primary source of recoveries under the Plan and are the only significant Assets that the RDC Liquidating Trust continues to pursue. A summary of the Trustee's progress in this area is below.

16. *Preference Actions*. The Trustee has aggressively pursued its right to recover transfers that are avoidable under Bankruptcy Code sections 547 (the "Preference Claims") including prosecuting 72 adversary proceedings (the "Preference Actions") through its counsel, Pachulski Stang Ziehl & Jones, LP. Only one substantive, contested Preference Action is still pending: *Advisory Trust Group, LLC, as Trustee of the RDC Liquidating Trust v. AstraZeneca LP* (Case No. 2-22-02008), which is set for mediation on November 19, 2025.[5] The amount at issue is $2,564,813.34. From the Effective Date through September 30, 2025, the RDC Liquidating Trust has collected $17,483,541 related to Preference Claims.

17. *Antitrust Claims*. The Trustee has prosecuted (as a named plaintiff or as an unnamed class member) approximately twenty-five (25) actions under federal antitrust and/or RICO statutes (the "Antitrust Actions"). It has done so through its sole and exclusive counsel retained for purposes of the Antitrust Actions, Faruqi & Faruqi LLP ("Faruqi"). Sixteen (16) of the Antitrust Actions were settled in whole or in part prior to verdict; two (2) were otherwise

---

[5] *Advisory Trust Group, LLC, as Trustee of the RDC Liquidating Trust v.* Endo Pharmaceuticals (Case No. 2-22-02026) is stayed due to the defendant's bankruptcy. The Trust filed a proof of claim (No. 6028). The Debtor confirmed a liquidating plan and this claim was transferred to and assumed by the Endo GUC Liquidating Trust.

dismissed; and nine (9) are still pending in whole or part. From the Effective Date through September 30, 2025, the RDC Liquidating Trust has collected $8,135,639 in proceeds from the Antitrust Actions. The remaining Antitrust Actions, if not settled, should reach trial by 2027, though it is difficult to predict delays from intervening interlocutory appeals and stays that might extend this date farther into the future. The RDC Liquidating Trust's proceeds from the pending Antitrust Actions could total approximately $4,500,000.

18. *Accounts Receivable Actions.* The Trustee has assertively pursued outstanding accounts receivable (the "A/R Claims"), including filing and prosecuting numerous collections actions and/or continuing actions previously brought by the Debtor (the "A/R Actions") through its counsel Kurzman Eisenberg Corbin & Lever, LLP. From the Effective Date through September 30, 2025, the RDC Liquidating Trust has collected $18,962,250 in proceeds from the A/R Claims. There are currently 14 cases that are open that have balances greater than $75,000. One matter, Drug Mart, is scheduled for trial in April 2026. In that lawsuit, the Trustee entered judgment against the operating entity in the amount of $5.079 million. The pending A/R Claims are against the guarantors, who allege that their personal guarantees are forged. The Trustee also successfully entered judgment against five pharmacies owned by former director Stephen Giroux for approximately $3.48 million. Enforcement is stayed as a result of a subordination agreement entered into shortly prior to RDC's bankruptcy filing. However, the Trustee is working with the prior lender to be able to pursue enforcement, and the Trustee is scheduled to depose the judgment debtors in early November. Finally, after reaching settlements with four pharmacies owned by Tonino Sementilli (deceased), which resulted in collections of approximately $1.6 million, the Trustee entered judgment against his final pharmacy, Specialty Care Pharmacy Inc., in the amount of $1.365 million. The Trustee is currently conducting discovery to pursue an

action for fraudulent conveyance against Sementilli's siblings, who closed the pharmacy, but may have conveyed the assets to the other pharmacies which they continue to operate.

19. *D&O Action.* On March 8, 2022, the Trustee filed a complaint in *Advisory Trust Group, LLC v. Doud, et al.,* Case No. 22-2073- PRW (the "D&O Action"), against the Laurence F. Doud III ("Doud"), Donald Arthur, Stephen Giroux, Christopher Casey, Garry Mrozek, Richard Klenk, Sherwood Klein, Joseph Lech, Boris Mantell, Joseph Scott Miskovsky, and Paul Pagnotta (collectively, the "Directors") (Doud and the Directors, collectively referred to as "Defendants"). D&O Action asserted causes of action for Breach of Fiduciary Duty, Wrongful Declaration of Dividend, Avoidance and Recovery of Constructively Fraudulent Transfers, Avoidance and Recovery of Intentional Fraudulent Transfers, and Unjust Enrichment. It was based on alleged acts and omissions of the Defendants prior to the Petition Date between approximately 2012 and 2017 in connection with RDC's distribution and sale of opioids in violation of the Controlled Substances Act. The Trustee and the Directors participated in a mediation of the D&O Action on November 2 and 3, 2023. Following the mediation, the Parties negotiated a settlement pursuant to which the Defendants paid $2,500,000 to the RDC Liquidating Trust in exchange for mutual limited releases by the Parties. The settlement was approved on February 8, 2024.[6]

20. *The Hiscox Litigation.* Prior to the Petition Date, RDC filed a civil action against Hiscox Insurance Company ("Hiscox") captioned *Rochester Drug Co-operative, Inc. v. Hiscox Insurance Company, Inc.*, Case No. 6:20-cv-6025 (W.D.N.Y.) (the "Coverage Action"), seeking a declaration of coverage in connection with certain litigation brought against the Debtor with respect to the opioid crisis. After the Petition Date, in November 2020, Doud filed a motion for

---

[6] *See Order Approving Settlement Agreement And Mutual Limited Releases Between The RDC Liquidating Trust And Former Officers And Directors Of The Debtor* [Doc. No. 2143].

relief from the automatic stay to obtain an advance of costs under the policy of insurance issued by Hiscox (the "Hiscox Policy") in connection with defense costs incurred by him as a result of his criminal indictment (the "Doud Indictment") captioned *United States of America v. Laurence F. Doud III,* Case No. 19-cr-285 (S.D.N.Y.)(the "Criminal Case"). [Doc. No. 922]. By its Decision and Order, entered March 22, 2021 [Doc. No. 1303], the Court denied relief from stay for Doud to obtain an advance under the Hiscox Policy in connection with the Doud Indictment. However, in the exercise of its discretion, the Court permitted limited relief to allow Doud to intervene in the Coverage Action or seek direct payment from Hiscox solely under the Additional Executive Limit of Liability set out in Endorsement No. 3 of the Hiscox Policy. Doud did not intervene in the Coverage Action. On February 2, 2022, Doud was convicted by a jury in the Criminal Case of one count of narcotics conspiracy and one count of conspiracy to defraud the United States. *See* Criminal Case Docket entry dated February 2, 2022; *see also* Gary Craig, *Former Rochester Drug CEO Laurence Doud Convicted of Opioid Trafficking in Historic Case*, Rochester Democrat & Chronicle (Feb. 3, 2022).[7] On May 9, 2023, the Bankruptcy Court approved a settlement of the Coverage Action pursuant to which Hiscox paid $3.4 million to the RDC Liquidating Trust in exchange for mutual releases. [Doc. No. 2033].

*(iii) The Asserted Claims.*

21. As of September 30, 2025, creditors have filed 3,127 proofs of claim against the Debtor ("Total Claims"). Current, active General Unsecured Claims assert liabilities totaling approximately $353.5 billion ($353.48 billion in Opioid Claims and $72.1 million in Trade Claims). A brief description of the General Unsecured Claims is below.

---

[7] https://www.democratandchronicle.com/story/news/2022/02/03/former-rochester-drug-ceo-laurence-doudconvicted-opioid-trafficking-rdc/6642725001/ (last visited Feb. 8, 2022).

22. *The Opioid Claims*. Creditors filed approximately 2,650 claims that allege injuries caused by the Debtor's distribution of opioids (the "Opioid Claims"). In general, the Opioid Claims were filed by (a) individuals who allege personal injuries on behalf of themselves or others (the "Individual Opioid Claims") and (b) municipal entities (states, cities, school districts, et cetera) (the "Municipal Opioid Claims") who essentially argue that the Debtor's distribution of opioids created a strain on public resources (for example, increased health care costs, increased incarceration and policing costs, and increased educational costs) for which the Debtor should have to pay to abate. To date, the Trustee has filed 26 rounds of omnibus objections to Opioid Claims, resulting in the disallowance or withdrawal of over 2,200 Opioid Claims (the "Omnibus Objections"). The Omnibus Objections sought to eliminate Opioid Claims of individuals and/or entities that had no tie to the states in which the Debtor did business and failed to allege any connection between their injuries and RDC. After the Omnibus Objections, there are still over 400 Opioid Claims (primarily Municipal Opioid Claims) which allege damages of $353.48 billion. For example, the proof of claim filed by the State of New York (Claim No. 385) alone alleges damages of $165.7 billion, and the proof of claim filed as a proposed class claim on behalf of various school districts (Claim No. 22711) alleges damages of $127 billion.

23. *The Trade Claims*. There are approximately 280 current, active claims that seek payment for goods and services and/or miscellaneous accounts. Along with Allowed scheduled claims for goods and services (collectively, the "Trade Claims"), the Trade Claims total about $72.1 million.

*(iv)   Distributions on Allowed Claims*

24. From the Effective Date through September 30, 2025, the Trust has made distributions on account of Allowed Administrative Claims totaling $58,413. To date, the Trustee

has not made a distribution on General Unsecured Claims. The Trustee anticipates that the Trust will make an interim distribution in 2026 and a final distribution no later than March 19, 2028.

## RELIEF REQUESTED

25. Pursuant to the Plan, the RDC Liquidating Trust dissolves (or must be dissolved) no later than "five (5) years from the Effective Date unless the Bankruptcy Court determines that a fixed period extension (not to exceed two (2) years, including any prior extensions) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets." Plan, Article X at ¶10.2. Currently, the mandatory dissolution date is March 19, 2026.

26. The Trustee asks that the Court extend the RDC Liquidating Trust through March 19, 2028 so that it can conclude the pending Causes of Action, liquidate the Debtor's remaining Assets and make interim and final distributions to creditors on account of Allowed Claims (and/or file objections to Claims).

27. Since its appointment, the Trustee (with the assistance its Professionals) has, among other things: (i) reconciled, settled and/or objected to thousands of General Unsecured Claims; (ii) recovered and collected over $51.6 million related to the Debtors' remaining Assets; (iii) investigated, filed, prosecuted and/or settled over 100 Causes of Action; (iv) prepared and filed Post Confirmation Operating Reports; (v) prepared and filed all required federal, state and local tax returns; (vi) made distributions on account of Allowed Administrative Claims and Trust Expenses; and (vii) communicated on a periodic basis with the members of the Oversight Committee to appraise them as to the status of the RDC Liquidating Trust and the chapter 11 case. The Trustee continues to investigate, liquidate and collect Assets, pursue additional recovery via Causes of Action and reconcile Claims.

28. In spite of the significant progress made to date in this case, however, and for the reasons set forth above, the Trustee needs additional time to complete the recovery and liquidation of the RDC Liquidating Trust's assets. There is no prejudice from extending the duration of the RDC Liquidating Trust as it will give the Trustee additional time to recover and liquidate additional assets, which will only insure to the benefit of General Unsecured Creditors. In addition, the Trustee consulted the Oversight Committee prior to filing this Motion, and it members have no objection to the requested extension.

## NOTICE OF MOTION

29. Notice of this Motion will be served on (i) the Office of the United States Trustee by ECF, (ii) members of the Oversight Committee or, where represented, their Counsel, (iii) and (iv) all parties that have filed a request for service of papers under Bankruptcy Rule 2002.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order extending the RDC Trust from March 19, 2026 through March 19, 2028 and granting such other and further relief that the Court deems appropriate.

Date: November 19, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
Ilan D. Scharf
Jason S. Pomerantz
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   ischarf@pszjlaw.com
         jpomerantz@pszjlaw.com

*Counsel to Advisory Trust Group, LLC, in its capacity as Trustee of the RDC Liquidating Trust*